**GLOBAL LEGAL LAW FIRM**
Christopher Robin Dryden, Esq. (State Bar No. 234476)
James Cannon Huber, Esq. (State Bar No. 269488)
Joshua J. Herndon, Esq. (State Bar No. 244106)
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
Tel.:   (888) 846-8901
Fax:   (888) 846-8902
Email:        cdryden@attorneygl.com
              jhuber@attorneygl.com
              jherndon@attorneygl.com

Attorneys for Defendant/Counter Claimant
U.S. Alliance Group, Inc. d/b/a Alternative
Payments International

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DCR MARKETING, INC.,<br><br>          Plaintiff,<br><br>     v.<br><br>U.S. ALLIANCE GROUP, INC.,<br>d/b/a Alternative Payments<br>International,<br><br>          Defendant. | Civil Action No. 8:19-cv-01897-JVS-DFM<br><br>*Hon. James V. Selna*<br><br>**JOINT STIPULATION RE DEFENDANT/COUNTER CLAIMANT U.S. ALLIANCE GROUP, INC.'S MOTION FOR AN ORDER COMPELLING FURTHER RESPONSES AND FURTHER PRODUCTION OF DOCUMENTS FROM PLAINTIFF/ COUNTER DEFENDANT DCR MARKETING, INC. TO REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| U.S. ALLIANCE GROUP, INC.,<br>d/b/a Alternative Payments<br>International,<br><br>          Counter Claimant,<br><br>     v.<br><br>DCR MARKETING, INC., and<br>DIANA FLETCHER,<br><br>          Counter Defendants. | **Discovery Cutoff:**<br>Date: November 17, 2020<br><br>**Pre-Trial Conference:**<br>Date: February 16, 2021<br>Time: 8:30 a.m.<br><br>**Trial:**<br>Date: March 2, 2021<br>Time: 8:30 a.m. |

1

## **TABLE OF CONTENTS**

Page

I.   **INTRODUCTORY STATEMENTS** ....................................................7

   USAG's Introductory Statement. .......................................... 7

   **Counter Defendants' Introductory Statement.** .................................. 10

II.  **SPECIFIC DEMANDS, AND DCR'S RESPONSES THERETO, WHICH ARE THE SUBJECT OF THE ISSUES IN DISPUTE** ..............................13

   **GENERAL INSTRUCTIONS** ...................................................13

III. **ISSUES IN DISPUTE** ...................................................85

   1.   **Inclusion Of An "Introductory Statement" In The Supplemental Requests Responses.** .................................... 85

        • **USAG's Position.** ................................................ 85

        • **Counter Defendants' Position.** .......................... 86

   2.   **Whether DCR Must Produce All Discovery Responsive To Requests 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 51, 56, 57, And 58 Because It Waived All Objections And Assertions Of Privilege With Respect To Those Requests Because It Failed To Sufficiently Identify The Discovery Responsive To Those Requests It Has Purportedly Withheld (Including In A Privilege Log); And Because It Did Not Timely Complete Its Production Of The Discovery Responsive To These Requests.** .................................... 89

        • **USAG's Position.** ................................................ 89

        • **Counter Defendants' Position.** .......................... 94

**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

JOINT STIPULATION RE DEFENDANT/COUNTER CLAIMANT USAG'S MOTION TO COMPEL REQUESTS
FOR PRODUCTION OF DOCUMENTS

**3.** **Whether DCR Waived The Attorney-Client Privilege And The Work-Product Doctrine With Respect To Requests 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, And 58.** ........................................ **96**

- **USAG's Position.** ............................................................. **96**

- **Counter Defendants' Position.** ...................................... **97**

**4.** **Whether DCR Waived Its Objections Based On Confidentiality, Seeking Proprietary Information, Or The Trade Secret Privilege In Response To Requests 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 22, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, And 58.** ..................................................... **98**

- **USAG's Position.** ............................................................. **98**

- **Counter Defendants' Position.** ...................................... **101**

**5.** **Whether DCR Waived Its Objections Based On Prematurely And Improperly Calling For The Disclosure Of Experts And Their Opinions In Response To Requests 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, And 58.** ..................................... **101**

- **USAG's Position.** ............................................................. **101**

- **Counter Defendants' Position.** ...................................... **103**

**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

JOINT STIPULATION RE DEFENDANT/COUNTER CLAIMANT USAG'S MOTION TO COMPEL REQUESTS FOR PRODUCTION OF DOCUMENTS

**6.** **Whether DCR Waived Its Objections Based On Requests Not Being Full And Complete In And Of Itself As It Makes References To A Complaint Which Is Not Attached In Response To Requests 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, And 58, And Whether Those Objections Fail Substantively.** ................................................................ **103**

• **USAG's Position.** ............................................. **103**

• **Counter Defendants' Position.** ......................... **104**

**7.** **Whether DCR Waived Its Objections Based On Requests Being "Impermissibly Compound" In Response To Requests 22, 24, 25, 26, And 27 And Whether Those Objections Fail Substantively** ....................... **105**

• **USAG's Position.** ............................................. **105**

• **Counter Defendants' Position.** ......................... **106**

**8.** **Whether DCR Waived Its Objections Based On Requests Being Vague, Ambiguous, And Overly Broad In Response To Requests 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, And 58, And Whether Those Objections Fail Substantively.** ................................................................ **106**

• **USAG's Position.** ............................................. **106**

• **Counter Defendants' Position.** ......................... **108**

**9.** **Whether DCR Waived Its Objections Based On Requests Seeking Information Which Is Neither Relevant Nor Reasonably Calculated To Lead To The Discovery Of Admissible Evidence In Response To Requests 49, 50, And 54** ..................................................... **109**

• **USAG's Position.** ............................................. **109**

• **Counter Defendants' Position.** ......................... **110**

**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

10. **Whether DCR Waived Its Objections Based On Requests Seeking Information Which Is Neither Relevant Nor Reasonably Calculated To Lead To The Discovery Of Admissible Evidence" In Response To Requests 48, 52, And 53, And Whether Those Objections Fail Substantively.** ...................................................... 111

- **USAG's Position.** ........................................................ 111

- **Counter Defendants' Position.** ................................... 114

11. **Whether DCR Is Required To Produce Discovery Responsive To Requests 51, 56, 57, And 58 That Is In The Possession, Custody Or Control Of Third Parties Because Such Discovery May Also Be In DCR's Control.** ............................................................................ 115

- **USAG's Position.** ........................................................ 115

- **Counter Defendants' Position.** ................................... 117

12. **Whether DCR Must Produce Discovery Responsive To Request 50.** ........................................................................ 117

- **USAG's Position.** ........................................................ 117

- **Counter Defendants' Position.** ................................... 119

13. **Whether DCR Must Provide Further Responses To The Requests That Omit All Objections And Assertions Of Privilege.** .......................................................................... 119

- **USAG's Position.** ........................................................ 119

- **Counter Defendants' Position.** ................................... 120

14. **Whether DCR Must Produce All Documents Responsive To The Requests In Its Possession, Custody, Or Control.** .......................................................................... 120

- **USAG's Position.** ........................................................ 120

- **Counter Defendants' Position.** ................................... 120

JOINT STIPULATION RE DEFENDANT/COUNTER CLAIMANT USAG'S MOTION TO COMPEL REQUESTS FOR PRODUCTION OF DOCUMENTS

15.  **Whether DCR Must Organize And Label The Documents In The First DCR Production To Correspond To The Categories In The Requests.** .................. **121**

- **USAG's Position.** ............................................. **121**

- **Counter Defendants' Position.** ........................................ **123**

16.  **Whether DCR Must Organize And Label The Documents In The Second DCR Production To Correspond To The Categories In The Requests.** .................. **124**

- **USAG's Position.** ............................................. **124**

- **Counter Defendants' Position.** ........................................ **126**

17.  **Whether Monetary Sanctions Should Issue Against Counter-Claim Defendants, Their Counsel, Or Both.** ............ **128**

- **USAG's Position.** ............................................. **128**

- **Counter Defendants' Position.** ........................................ **131**

**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

JOINT STIPULATION RE DEFENDANT/COUNTER CLAIMANT USAG'S MOTION TO COMPEL REQUESTS FOR PRODUCTION OF DOCUMENTS

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

Defendant/Counter Claimant, U.S. Alliance Group, Inc., dba Alternative Payments International ("USAG"); Plaintiff/Counter Defendant DCR Marketing, Inc. (hereinafter, "DCR"); and Counter Defendant Diana Fletcher (hereinafter, "Fletcher," and collectively with DCR, the "Counter Defendants"); hereby present this joint stipulation in support of USAG's motion to compel re USAG's Requests for Production, Set One (the "Requests").

## I.

## <u>INTRODUCTORY STATEMENTS</u>

### <u>USAG's Introductory Statement.</u>

The Court set the March 2, 2021 trial date, and the November 17, 2020 discovery cut-off date, on May 6, 2020. (*See* Declaration of Joshua J., Herndon, attached hereto as Exhibit 1 (hereinafter, "Exhibit 1") ¶ 3, and Exhibit 1-1 thereto.) Since that time, USAG has diligently litigated its case, including serving DCR with the Requests on June 26, 2020 in order to obtain discovery it needs to prepare for trial. (*See* Exhibit 1 ¶ 4.)

Thereafter, on July 23, 2020, DCR's prior counsel, Hodel Wilks, LLP ("Hodel Wilks"), filed a motion for leave to withdraw as DCR's counsel (the "Hodel Wilks Withdrawal Motion") (ECF No 73). (*See* Exhibit 1 ¶ 5.) Thereafter, Hodel Wilks sought to utilize the Hodel Wilks Withdrawal Motion to obtain additional time for DCR to respond to the Requests. (*See* Exhibit 1 ¶ 5.) USAG agreed to give DCR some additional time to serve responses to the Requests, but not as much as DCR wanted, because DCR wanted to avoid having to respond to the Requests until after the Court ruled on the Hodel Wilks Withdrawal Motion. (*See* Exhibit 1 ¶ 5.)

On August 12, 2020, DCR filed an *ex parte* application requesting additional time to respond to the Requests (ECF No 75) (the "Prior Continuance Application"), wherein DCR argued: "A brief delay in responding to discovery will not prejudice USAG. The cut-off for fact discovery is three months from now, November 17, 2020."

7

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

(Exhibit 1 ¶ 6, and Exhibit 1-2 thereto, at page 5:9-10.) On August 17, 2020, the Court issued its order granting the Prior Continuance Application (ECF No 78) (the "Prior Continuance Application Order"). (Exhibit 1 ¶ 7, and Exhibit 1-3 thereto.) Although the Court gave DCR additional time to serve responses to the Requests, it admonished DCR that it would not "**countenance undue delay.**" (Exhibit 1 ¶ 7, and Exhibit 1-3 thereto, at page 2:7-12.)

Although the Court gave DCR additional time to respond to the Requests when it issued the Prior Continuance Application Order on August 17, 2020, that same day DCR served written responses to the Requests (the "RPD Responses") that consisted *entirely of various legal objections and assertions of privilege*. (Exhibit 1 ¶ 8.) The RPD Responses are cited verbatim below pursuant to L.R. 37-2.1. When DCR served the RPD Responses, it failed to (1) produce any discovery responsive to the Requests, or (2) a privilege log or any other documentation identifying any discovery responsive to the Requests that DCR withheld from production. (Exhibit 1 ¶ 8.)

In response to the RFD Responses, counsel for USAG, Joshua J. Herndon, addressed a detailed meet and confer letter to counsel for DCR, Jonathan L. Gerber, dated October 15, 2020. (Exhibit 1 ¶ 9, Exhibit 1-4 thereto.) In his October 15, 2020 letter, Mr. Herndon identified procedural and substantive defects with the RPD Responses, provided analysis justifying why DCR should sure those procedural and substantive defects, and cited to legal authority that supported that legal analysis. (Exhibit 1 ¶ 9, Exhibit 1-4 thereto.) Mr. Herndon's October 15, 2020 letter also set forth an October 26, 2020 deadline for DCR to provide what was requested in Mr. Herndon's October 15, 2020 letter. (Exhibit 1 ¶ 9, Exhibit 1-4 thereto.)

Shortly thereafter, counsel for USAG, James C. Huber, met and conferred with Mr. Gerber, and agreed to the October 26, 2020 deadline for DCR to provide amended responses to the Requests, and make a document production. (Exhibit 1 ¶ 10.) The October 26, 2020 deadline was subsequently amended to October 28, 2020 during the meet and confer process between Mr. Huber and Mr. Gerber. (Exhibit 1 ¶ 10.)

However, DCR failed to provide either the amended responses or document production by the October 28, 2020 deadline. (Exhibit 1 ¶ 10.)

Counsel for the parties participated in a teleconference on October 30, 2020, during which Mr. Huber explained to Mr. Gerber that USAG expected to receive DCR's amended responses and document production by the following Monday, November 2, 2020. (Exhibit 1 ¶ 11.) However, DCR failed to comply with that directive. (Exhibit 1 ¶ 11.) Instead, although DCR provided "supplemental" responses to the Requests (the "Supplemental Requests Responses"), it did not do so until November 3, 2020. (Exhibit 1 ¶ 11.) On November 5, 2020, Mr. Herndon addressed a comprehensive meet and confer letter to Mr. Gerber concerning procedural and substantive defects with the Supplemental Requests Responses, provided analysis justifying why DCR should sure those procedural and substantive defects, and cited to legal authority that supported that legal analysis. (Exhibit 1 ¶ 12, Exhibit 1-5 thereto.)

Moreover, although DCR made two productions of discovery responsive to the Requests at approximately the same time it served the Supplemental Requests Responses, those were only *partial productions of non-privileged discovery*. (Exhibit 1 ¶ 12.) Mr. Herndon addressed detailed meet and confer letters to Mr. Gerber concerning those productions, dated November 6, 2020 and November 12, 2020. (Exhibit 1 ¶ 14, Exhibits 1-6 and 1-7 thereto.)

Mr. Herndon, Mr. Huber, and Mr. Gerber participated in a Local Rule 37-1 conference (the "Conference") on November 13, 2020, during which they met and conferred concerning the Supplemental Requests Responses, and DCR's two document productions related thereto. (Exhibit 1 ¶ 15.) Unfortunately, as set forth in greater detail below, the parties were unable to resolve all the disputed issues Mr. Herndon raised in his October 15, 2020, November 5, 2020, November 6, 2020, and November 12, 2020 meet and confer letters concerning the requests. (Exhibit 1 ¶ 15.)

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

JOINT STIPULATION RE DEFENDANT/COUNTER CLAIMANT USAG'S MOTION TO COMPEL REQUESTS FOR PRODUCTION OF DOCUMENTS

In sum, USAG has been mindful of the discovery cut-off date since the Court set it, and it has proceeded accordingly by serving the Requests many months in advance of trial. Unfortunately, beginning with its RPD Responses consisting entirely of legal objections and assertions of privilege, DCR has attempted at every turn to thwart USAG's efforts to obtain the discovery it needs to prepare for trial (including failing to produce any discovery whatsoever responsive to the Requests until November 2020, several months after that discovery was due, and even then DCR made only a partial production of documents), thereby leaving USAG with no choice but to proceed as set forth herein.

**Counter Defendants' Introductory Statement.**

This joint stipulation results from USAG's latest step in furtherance of its disturbing pattern of discovery abuses and twisting of the rules to suit its current needs. As is set forth in greater detail below, USAG's flurry of last-minute discovery demands follow USAG's unjustified delay in seeking discovery and then making unreasonable eleventh hour demands. Further, when juxtaposed against the contradictory positions USAG has taken with respect to DCR's attempts to obtain discovery, it is clear that USAG is engaging in an abuse of the discovery process by demanding immediate action by DCR so it suits USAG but concurrently and intentionally obfuscating DCR's attempts to obtain its own discovery.

### 1. The Court Should Not Countenance USAG's Undue Delay

USAG's attempt to argue it has acted diligently and has conducted the discovery it needs to proceed to trial is simply untrue. On June 26, 2020, *nearly three and a half months ago*, USAG propounded its first set of written discovery in this action consisting of 58 Requests for Production (the "RFPs"), 22 Interrogatories (the "Interrogatories"), and 72 Requests for Admission (the "RFAs"). (See Declaration of Jonathan L. Gerber ("Gerber Decl."), at ¶ 2.) Objections were served by DCR's prior counsel on August 17, 2020. (Id.) Yet, USAG waited until October 15, 2020, <u>nearly two months after its receipt of the objections</u>, to send three meet and confer letters

10

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

1   (almost 30 pages in cumulative length) pursuant to its obligations under Local Rule

2   37-1 to DCR.  (Gerber Decl., at ¶ 3.)  Those letters requested supplemental responses

3   and a document production on or before October 26, 2020.  (Id.)

4        After a preliminary meet and confer conference, DCR's counsel requested a

5   copy of the stipulated protective order and copies of USAG's document production

6   (which was referenced in the discovery but which DCR's counsel had yet to receive

7   a copy of) so that it could continue working diligently to meet USAG's demands.

8   (Gerber Decl., at ¶ 4.)  Those were provided on October 20, 2020, and October 21,

9   2020, respectively.  (Id.)

10       After a brief continuance of the October 26, 2020, initial (and unilateral)

11  deadline was requested and granted as a result of, *inter alia*, the recent provision of

12  USAG's document production (which consists of thousands of pages and which is

13  necessary to respond to the subject discovery), DCR provided supplemental responses

14  to the Requests for Production and Interrogatories on November 3, 2020, at 11:44

15  a.m.  (Gerber Decl., at ¶ 5.)  DCR also provided the first set of responsive documents

16  around that time.  (Id.)

17       USAG sent written requests to meet and confer about purported deficiencies in

18  the supplemental responses and document production on November 5 and 6, 2020,

19  respectively, demanding an immediate meet and confer conference.  (Gerber Decl., at

20  ¶ 6.)  DCR's counsel attempted to accommodate the demand for an immediate

21  conference offering to confer only a few days later on November 10, 2020.  (Id.)

22  USAG's counsel refused this offer.  (Id.)  Several days later, DCR's counsel wrote

23  again to offer November 13, 2020, to conduct the requisite meet and confer.  (Id.)

24  This time USAG accepted and the prefiling conference was conducted at that time.

25  (Id.)  While the parties were unable to resolve all disputes during the conference,

26  DCR, in a final attempt to narrow the issues before the Court, provided additional

27  supplemental responses prior to the filing of this Joint Stipulation.  (Gerber Decl., at

28  ¶ 7; Ex. 2-1 thereto)  Thus, DCR has done everything in its power to meet and confer

in good faith but USAG has continued to take unreasonable positions and refused to make any concessions to its demands.

## 2. USAG Has Simultaneously and Intentionally Attempted to Obfuscate DCR's Attempts to Obtain Discovery

While demanding immediate action from DCR with respect to USAG's discovery demands, USAG has simultaneously and intentionally attempted to obfuscate DCR's attempts to obtain discovery.

Notably, DCR contacted USAG's counsel to see whether it would stipulate to the requested continuance because neither party had noticed any depositions and the discovery deadline was approaching within two weeks.  (Gerber Decl., at ¶ 8.)  USAG's counsel declined to stipulate and indicated it did not intend to take any depositions.  (Id.)  As a result, on November 3, 2020, at 11:44 a.m., DCR noticed several depositions: (1) Fadi Cheikha (noticed for November 16, 2020 at 2:00 p.m.), (2) Keri Preston (noticed for November 16, 2020 at 11:00 a.m.), and (3) USAG's PMK (noticed for November 17, 2020 at 10:00 a.m.).  (Id.)  Hours later, at approximately 1:44 p.m. on the same day, USAG served several of its own deposition notices: (1) Nelson Shehaj (noticed for November 13, 2020, at 9:00 a.m.), (2) Huguette Masse (noticed for November 13, 2020, at 1:00 p.m.), and (3) DCR's PMK on over 60 topics (noticed for November 16, 2020 at 9:00 a.m.), and (4)Diana Fletcher (noticed for November 17, 2020 at 9:00 a.m.).  (Id.)

One day before the depositions were sent to commence, USAG objected to DCR's deposition notices and then refused to produce the deponents.  (Gerber Decl., at ¶ 9.)  DCR made multiple attempts to meet and confer with USAG with respect to the depositions, but USAG refused to provide alternative dates certain, refused to meet and confer in good faith, and then intentionally attempted to delay the Rule 37-1 conference in order to prevent DCR from filing a Joint Stipulation.  (Id.)  To cement USAG's clear intention of doing nothing more than playing games with the discovery process, USAG refused DCR's proposal that the parties execute and submit a

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

12

stipulation and proposed order to the Court continuing the Rule 37-1 filing deadlines to facilitate USAG's counsel's apparently full calendar (which, ironically, was wide open when USAG wanted to meet and confer about its discovery requests just one day before).  (Id.)  USAG's counsel, unsurprisingly, denied the request as it did not intend to engage in a good-faith meet and confer process; rather, USAG's clear intention was to engage in abuses of the discovery process.  (Id.)

**II.**
**SPECIFIC DEMANDS, AND DCR'S RESPONSES THERETO,**
**WHICH ARE THE SUBJECT OF THE ISSUES IN DISPUTE**

**GENERAL INSTRUCTIONS**

**A.** **DOCUMENTS REQUESTED**

1. The requests set out herein call for all DOCUMENTS (for purposes of these requests for production, the terms "DOCUMENT" or "DOCUMENTS" shall mean all documents, electronically stored information, and tangible things, including, without limitation, all writings (as defined in §250 of the California Evidence Code) and all other means of recording information, whether written, transcribed, taped, filmed, microfilmed, or in any other way produced, reproduced, or recorded, and including, but not limited to: originals, drafts, computer-sorted and computer-retrievable information, copies and duplicates that are marked with any notation or annotation or otherwise differ in any way from the original, correspondence, memoranda, reports, notes, minutes, contracts, agreements, books, records, CHECKS (for purposes of these requests for production, the terms "CHECK" or "CHECKS" shall mean any DOCUMENT evidencing any paper or electronic image of any check, ACH, wire transfer, letter of credit, or other form of a transfer of money, including, but not limited to, the paper record of the transaction or a copy of a bank statement evidencing the transaction, properly redacted to remove other non-relevant confidential information), vouchers, invoices, purchase orders, LEDGERS (for purposes of these requests for production, the terms "LEDGER" or "LEDGERS" shall

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

1  mean any means any reconciliation, accounting, statement of debits and credits, or

2  other accounting of a transaction), diaries, logs, calendars, computer printouts,

3  computer disks, card files, lists of PERSONS (for the purposes of these requests for

4  production, "PERSON" or "PERSONS" shall include any natural person, firm,

5  association, organization, partnership, business, trust, corporation, governmental or

6  public entity, or any other form of legal entity) attending meetings or conferences,

7  sketches, diagrams, calculations, evaluations, analyses, directions, work papers, press

8  clippings, sworn or unsworn statements, requisitions, manuals or guidelines, audit

9  work papers, financial analyses, tables of organizations, charts, graphs, indices,

10 advertisements and promotional materials, audited and unaudited financial

11 statements, FINANCIAL RECORDS (for the purposes of these requests for

12 production, "FINANCIAL RECORDS" means any financial statement, CHECK,

13 balance sheet, income statement, trial balance, check register, tax return, LEDGER,

14 sub-ledger, schedule, or any DOCUMENT which contains matters concerning YOUR

15 (for the purposes of these requests for production, the terms "YOU" or "YOUR" shall

16 mean and refer to Plaintiff and Counter-Defendant herein, DCR Marketing, Inc., as

17 well as all agents, independent contractors, servants, partners, attorneys, accountants,

18 insurance carriers, and other representatives acting or purporting to act on YOUR

19 behalf) income, expenses, assets, liabilities, or financial transactions of any kind or

20 nature), trade letters, trade publications, newspapers and newsletters, photographs,

21 emails, electronic or mechanical records, facsimiles, telegrams and telecopies, and

22 audiotapes. Each draft, annotated, or otherwise non-identical copy is a separate

23 DOCUMENT within the meaning of this term. DOCUMENTS shall also include ESI

24 (for the purposes of these requests for production, the term "ESI" shall mean

25 "electronically stored information" as defined in Rule 34(b) of the Federal Rules of

26 Civil Procedure, and shall include, without limitation, any information including files,

27 DOCUMENTS, images, video, metadata or any combination thereof stored, created,

28 or used on any ELECTRONIC STORAGE DEVICE (for purposes of these requests

for production, the term "ELECTRONIC STORAGE DEVICE" shall mean any device capable of storing ESI for any period of time including, without limitation, hard disks, computer memories, diskettes, network drives, network memory storage, archived tapes and cartridges, backup tapes, removable media, magnetic tapes of all types, microfiche, and any other media used for digital data storage or transmittal, floppy disks, CD-ROMs, DVDs, network servers, shared servers, computers (whether laptop or desktop), magnetic tape, back-up tape, voicemails, temporary files, smart phones, PDAs, and tablets) or other computer or digital medium, microfilm, microfiche, floppy, cloud-based, or any other storage or recording medium. ESI includes, without limitation, electronic mail messages, instant messages, text messages, information stored on internet web pages, or web servers. ESI also includes, without limitation, the original (or identical duplicate when the original is not available) and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means, computer programs (whether private, commercial, or work-in-progress), programming notes and instructions, activity listings of email transmittals and receipts, output resulting from the use of any software program (including word processing documents, spreadsheets, database files, charts, graphs, and outlines), any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said ESI exists in an active file, deleted file, or file fragment. ESI also includes the file, folder tabs, and containers and labels appended to or associated with each original and non-identical copy), any removable sticky notes, flags, or other attachments affixed to any of the foregoing, as well as the files, folder tabs, and labels appended to or containing any DOCUMENTS) in YOUR actual or constructive possession, custody, control, or care, including those DOCUMENTS in the actual or

**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

constructive possession, custody, control, or care of any lawyer, agent or other representative of YOU.

2.     If YOU subsequently become aware of any DOCUMENT called for by the requests set out herein, YOU are requested to provide a copy of that DOCUMENT or to IDENTIFY (for purposes of these requests for production, the term "IDENTIFY" with regard to a DOCUMENT shall mean to state the title of the DOCUMENT, the author, the title or position of the author, the addressee, each recipient, the type of DOCUMENT, the subject matter, the date of preparation, and its number of pages, or otherwise DESCRIBE (for purposes of these requests for production, term "DESCRIBE" shall mean to state with particularity all pertinent facts referring to the specified subject, but not limited to date, time, content, and subject matter) each DOCUMENT with sufficient specificity to support the issuance of a subpoena it. These requests for production are continuing in nature. Any DOCUMENT or item of ESI, created or identified after service of any response to these requests for production, that would have been included in the response had the DOCUMENT then existed or been identified shall promptly be supplied by supplemental responses whenever YOU find, locate, acquire, create, or become aware of such DOCUMENTS, up until the time of trial. Supplemental responses are to be served as soon as reasonably possible, but in no event later than five (5) calendar days after receipt or discovery of such DOCUMENTS.

3.     Whenever possible, the singular form of a word shall be interpreted in the plural and vice versa; verb tenses shall be interpreted to include past, present, and future tenses; the terms "and" as well as "or" shall be construed either conjunctively or disjunctively, as necessary, to bring within the scope of these demands any DOCUMENTS that might otherwise be considered outside their purview; and words imparting the masculine shall include the feminine and vice versa.

JOINT STIPULATION RE DEFENDANT/COUNTER CLAIMANT USAG'S MOTION TO COMPEL REQUESTS FOR PRODUCTION OF DOCUMENTS

**B.     DOCUMENTS THAT HAVE BEEN DESTROYED**

1.     If any DOCUMENT or item of ESI responsive to these requests for production has been destroyed, discarded, or lost, or exists but is no longer in YOUR possession, or is otherwise not capable of being produced, IDENTIFY each such DOCUMENT and set forth the following information:

        a.     the date of the DOCUMENT;

        b.     a description of the subject matter of the DOCUMENT;

        c.     the name and address of each PERSON who prepared, received, viewed, or had possession, custody, or control of the DOCUMENT;

        d.     the date when the DOCUMENT was destroyed, discarded, or lost;

        e.     the IDENTITY (for the purposes of these requests for production, the term "IDENTITY" shall mean the full name of the natural PERSON or the fictitious business name of the legal business entity, the address or the principle place of business, the telephone number, and other contact information for such a PERSON) of the PERSON who directed that the DOCUMENT be destroyed, who directed that the DOCUMENT be discarded, or who lost or otherwise removed the DOCUMENT from YOUR possession;

        f.     a statement of the reasons for and circumstances under which the DOCUMENT was destroyed, discarded, lost, or removed; and

        g.     any PERSON from which a copy of that DOCUMENT may be obtained.

**C.     DOCUMENTS THAT HAVE BEEN WITHHELD**

1.     If any DOCUMENT or item of ESI is withheld under a claim of privilege or other protection, so as to aid the Court and the parties hereto to determine the validity of the claim of privilege or other protection, provide the following information with respect to any such DOCUMENT:

        a.     the IDENTITY of the PERSON(S) who prepared the DOCUMENT, who signed it, and over whose name it was sent out or issued;

**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

17

**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

  b.  the IDENTITY of the PERSON(S) to whom the DOCUMENT was directed;

  c.  the nature and substance of the DOCUMENT with sufficient particularity to enable the court and parties hereto to identify the DOCUMENT;

  d.  the date of the DOCUMENT;

  e.  the IDENTITY of the PERSON who has custody of, or control over, the DOCUMENT and each copy thereof;

  f.  the IDENTITY of each PERSON to whom copies of the DOCUMENT were furnished;

  g.  the number of pages of the DOCUMENT;

  h.  the basis on which any privilege or other protection is claimed; and

  i.  whether any non-privileged matter is included in the DOCUMENT.

## D. <u>**PARTIAL PRODUCTION**</u>

Each DOCUMENT and item of ESI shall be produced in its entirety and without deletion or excision, regardless of whether YOU consider the entire DOCUMENT or item of ESI to be relevant or responsive to any request for production. If YOU redact any portion of a DOCUMENT or item of ESI for any reason, stamp the word "REDACTED" on each page of the DOCUMENT or portion of the item that has been redacted. If YOU object to a particular request, or portion thereof, YOU must produce all DOCUMENTS called for which are not subject to that objection. Similarly, whenever a DOCUMENT is not produced in full for some other reason, state with particularity the reason(s) it is not being produced in full, and DESCRIBE, to the best of YOUR knowledge, information, and belief, and with as much particularity as possible, those portions of the DOCUMENT which are not produced.

**E.**   **ORDERLY RESPONSE**

Please produce the DOCUMENTS called for herein either as they are kept in the usual course of YOUR affairs, or organize them in such a manner as will facilitate their identification with a particular request(s) to which they are responsive.

**F.**   **FORM OF PRODUCTION**

1.   All DOCUMENTS requested herein should be produced in the file, folder, envelope, or other container in which the DOCUMENTS are kept or maintained. If for any reason the container cannot be produced, please produce copies of all labels or other identifying markings.

2.   Any DOCUMENT attached to another DOCUMENT must not be separated.

3.   To the extent material called for by these requests for production consists of ESI, and such request does not call for production in NATIVE FORMAT (for the purposes of these requests for production, the term "NATIVE FORMAT" shall mean the file structure in which a DOCUMENT is created and maintained by the original authoring application) the METADATA (for purposes of these requests for production, the term "METADATA" shall mean data that describes other data, as in describing the origin, structure, or characteristics of computer files, webpages, databases, or other digital resources) should be preserved and intact), such material shall be produced in an electronically searchable format (such as text searchable PDF) that includes such METADATA as would be evident to a user of that ESI accessing it in the ordinary course of YOUR affairs, and all METADATA extracted by YOU for YOUR use, including METADATA created to IDENTIFY the origin, nature, or contents of such item of ESI, excepting only METADATA embodying attorney work product. METADATA existing in distinct fields as stored in the ordinary course of YOUR affairs, or created by YOU in distinct fields, shall be produced in such a manner as to IDENTIFY each field and maintain its segregation from other fields. In addition, all such material required to be produced as instructed herein in an

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

19

electronically searchable format must be produced along with corresponding METADATA in a load file so that DOCUMENTS produced may be processed for review with their corresponding METADATA, including: the date and time DOCUMENTS and COMMUNICATIONS (for purposes of these requests for production, the terms "COMMUNICATION" or "COMMUNICATIONS" shall mean and refer to any oral, written, visual, or electronic transmission of information, including, but not limited to, texts, instant messaging, discussions, conferences, electronic mail messages, letters, telephone calls, telegrams, cables, and memoranda (including internal memoranda), meetings, telecopies, telexes, messages, notes or seminars) were created, last accessed, last modified, sent, or received; the author(s), sender(s), and recipient(s); the file type; the file name; and the folder path where the file was stored.

4.      To the extent these requests for production call for the production of ESI in NATIVE FORMAT, such material shall be so produced. To the extent any item of ESI is called for by multiple requests, at least one of which seeks NATIVE FORMAT and at least one of which does not, such item need only be produced once and should be produced in NATIVE FORMAT. No item of ESI shall be produced in NATIVE FORMAT unless it is responsive to a request that specifically calls for production in NATIVE FORMAT.

5.      To the extent material called for by these requests for production does not consist of ESI, such material shall be produced as a digital image of the DOCUMENT in PDF format. Should YOU render such digital images electronically searchable, by association of such digital images with electronically searchable text DOCUMENTS, METADATA, or otherwise, such digital images shall be produced in electronically searchable form including all electronically searchable fields, including METADATA, excepting only METADATA embodying attorney work product, created by YOU.

**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

JOINT STIPULATION RE DEFENDANT/COUNTER CLAIMANT USAG'S MOTION TO COMPEL REQUESTS FOR PRODUCTION OF DOCUMENTS

## G.    OBJECTIONS

If, in responding to these requests for production, YOU claim any ambiguity in interpreting the request, or in a definition or instruction applicable thereto, such claim shall not be utilized as a basis for refusing to respond, but YOU shall set forth as part of YOUR response the language deemed to be ambiguous and the interpretation used in responding to the request.

## DCR'S INTRODUCTORY STATEMENT

Plaintiff has not completed its investigation of the facts relating to this case, has not completed discovery in this action, and has not completed preparation for trial. Therefore, Plaintiff's responses are based on its knowledge, information and belief at this time. The information provided herein is provided in a good faith effort to supply as much factual information and as much specification of legal contentions as are presently known, but should in no way be to the prejudice of Plaintiff in relation to further discovery, research, or analysis.

Furthermore, Plaintiff's responses were prepared based on its good faith interpretation and understanding of the requests and are subject to correction for inadvertent errors or omissions, if any. Plaintiff reserves the right to refer to, to conduct discovery with reference to, or to offer evidence at the time of trial, and all facts, evidence, documents and things developed during the course of discovery and trial preparation, notwithstanding the reference to facts, evidence, documents and things in these responses.

## DEMAND FOR PRODUCTION NO. 1:

Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE (for purposes of these requests for production, the terms "REFER OR RELATE" and "REFERS OR RELATES" shall mean supporting, comprising, consulting, containing, dealing with, discussing, evidencing, pertaining to, preparing for, referring to, relating to, mentioning and showing, adducing, alluding to, bringing up, calling attention to, citing, commenting upon, directing attention to, invoking,

giving as an example, hinting at, indicating, making mention of, making note of, mentioning, naming, pointing out, quoting, speaking, specifying, touching upon, or having any and all factual or logical connection with the matter discussed in these requests) to YOUR contention in paragraph 1 of the COMPLAINT (for purposes of these requests for production, the term "COMPLAINT" shall mean the Complaint filed by YOU in Case No. 8:19-cv-01897 on October 3, 2019, Document 1) that "[t]his action arises out of USAG's wrongfully withholding more than $1 million of DCR Marketing's funds – a sum which increases day by day."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Responding party objects on the ground that, despite its counsel's motion to withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable extension of time for DCR to find new counsel before responding to outstanding discovery. USAG's discovery posture is intended to harass DCR, unfairly take advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million USAG stole from DCR and its customers.

DCR incorporates the General Objections as though fully set forth herein. DCR further objects to the extent any of the requested documents constitute confidential attorney-client communications, or are otherwise privileged, attorney work-product, or protected from disclosure. DCR further objects on the ground that the requested documents are already in the possession of, or equally available to, the requesting party.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Responding Party objects to the request to the extent it seeks documents which violate the attorney-client privilege, work-product doctrine and/or documents which contain Responding Party's confidential and proprietary information and trade secrets. Responding Party further objects to the request to the extent it prematurely and improperly calls for the disclosure of experts and their opinions. Finally, Responding Party objects to the request on the ground it is not full and complete in

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

JOINT STIPULATION RE DEFENDANT/COUNTER CLAIMANT USAG'S MOTION TO COMPEL REQUESTS FOR PRODUCTION OF DOCUMENTS

and of itself as it makes references to a complaint which is not attached to the requests. Subject to, and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce all non-privileged documents within its possession, custody or control which are responsive to the request. Discovery and investigation are ongoing and continuing.

**DEMAND FOR PRODUCTION NO. 2:**

Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to YOUR contention in paragraph 1 of the COMPLAINT that "USAG did not have the right to withhold such funds in reserve indefinitely."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Responding party objects on the ground that, despite its counsel's motion to withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable extension of time for DCR to find new counsel before responding to outstanding discovery. USAG's discovery posture is intended to harass DCR, unfairly take advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million USAG stole from DCR and its customers.

DCR incorporates the General Objections as though fully set forth herein. DCR further objects to the extent any of the requested documents constitute confidential attorney-client communications, or are otherwise privileged, attorney work-product, or protected from disclosure. DCR further objects on the ground that the requested documents are already in the possession of, or equally available to, the requesting party.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Responding Party objects to the request to the extent it seeks documents which violate the attorney-client privilege, work-product doctrine and/or documents which contain Responding Party's confidential and proprietary information and trade secrets. Responding Party further objects to the request to the extent it prematurely and improperly calls for the disclosure of experts and their opinions. Finally,

**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

23

Responding Party objects to the request on the ground it is not full and complete in and of itself as it makes references to a complaint which is not attached to the requests. Subject to, and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce all non-privileged documents within its possession, custody or control which are responsive to the request. Discovery and investigation are ongoing and continuing.

**DEMAND FOR PRODUCTION NO. 3:**

Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to YOUR contention in paragraph 2 of the COMPLAINT that "[a]s of October 1, 2019, USAG has wrongfully and unlawfully withheld and continues to withhold, $1,072,408.19, which it should have released to DCR Marketing on a 'first in/first out' rolling basis."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Responding party objects on the ground that, despite its counsel's motion to withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable extension of time for DCR to find new counsel before responding to outstanding discovery. USAG's discovery posture is intended to harass DCR, unfairly take advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million USAG stole from DCR and its customers.

DCR incorporates the General Objections as though fully set forth herein. DCR further objects to the extent any of the requested documents constitute confidential attorney-client communications, or are otherwise privileged, attorney work-product, or protected from disclosure. DCR further objects on the ground that the requested documents are already in the possession of, or equally available to, the requesting party.

**DEMAND FOR PRODUCTION NO. 4:**

Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to YOUR contention in paragraph 2 of the COMPLAINT that "USAG holds

**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

24

in trust another $525,064.28 in reserve funds, which it must release to DCR Marketing in the coming days and months, but USAG has repudiated its obligations to do so."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Responding party objects on the ground that, despite its counsel's motion to withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable extension of time for DCR to find new counsel before responding to outstanding discovery. USAG's discovery posture is intended to harass DCR, unfairly take advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million USAG stole from DCR and its customers.

DCR incorporates the General Objections as though fully set forth herein. DCR further objects to the extent any of the requested documents constitute confidential attorney-client communications, or are otherwise privileged, attorney work-product, or protected from disclosure. DCR further objects on the ground that the requested documents are already in the possession of, or equally available to, the requesting party.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Responding Party objects to the request to the extent it seeks documents which violate the attorney-client privilege, work-product doctrine and/or documents which contain Responding Party's confidential and proprietary information and trade secrets. Responding Party further objects to the request to the extent it prematurely and improperly calls for the disclosure of experts and their opinions. Finally, Responding Party objects to the request on the ground it is not full and complete in and of itself as it makes references to a complaint which is not attached to the requests. Subject to, and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce all non-privileged documents within its possession, custody or control which are responsive to the request. Discovery and investigation are ongoing and continuing.

**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

**DEMAND FOR PRODUCTION NO. 5:**

Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to YOUR contention in paragraph 2 of the COMPLAINT that "USAG has: (a) breached the Agreement by: (i) failing and refusing to release and repudiating its obligations to release funds withheld by USAG…which it should have released and was due to release under the terms of the Agreement."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Responding party objects on the ground that, despite its counsel's motion to withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable extension of time for DCR to find new counsel before responding to outstanding discovery. USAG's discovery posture is intended to harass DCR, unfairly take advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million USAG stole from DCR and its customers.

DCR incorporates the General Objections as though fully set forth herein.  DCR further objects to the extent any of the requested documents constitute confidential attorney-client communications, or are otherwise privileged, attorney work-product, or protected from disclosure. DCR further objects on the ground that the requested documents are already in the possession of, or equally available to, the requesting party.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Responding Party objects to the request to the extent it seeks documents which violate the attorney-client privilege, work-product doctrine and/or documents which contain Responding Party's confidential and proprietary information and trade secrets. Responding Party further objects to the request to the extent it prematurely and improperly calls for the disclosure of experts and their opinions. Finally, Responding Party objects to the request on the ground it is not full and complete in and of itself as it makes references to a complaint which is not attached to the requests. Subject to, and without waiving the foregoing objections, Responding Party responds

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

26

as follows: Responding Party will produce all non-privileged documents within its possession, custody or control which are responsive to the request. Discovery and investigation are ongoing and continuing.

**DEMAND FOR PRODUCTION NO. 6:**

Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to YOUR contention in paragraph 2 of the COMPLAINT that "USAG has (a) breached the Agreement by: (ii) improperly terminating the Agreement."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Responding party objects on the ground that, despite its counsel's motion to withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable extension of time for DCR to find new counsel before responding to outstanding discovery. USAG's discovery posture is intended to harass DCR, unfairly take advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million USAG stole from DCR and its customers.

DCR incorporates the General Objections as though fully set forth herein. DCR further objects to the extent any of the requested documents constitute confidential attorney-client communications, or are otherwise privileged, attorney work-product, or protected from disclosure. DCR further objects on the ground that the requested documents are already in the possession of, or equally available to, the requesting party.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Responding Party objects to the request to the extent it seeks documents which violate the attorney-client privilege, work-product doctrine and/or documents which contain Responding Party's confidential and proprietary information and trade secrets. Responding Party further objects to the request to the extent it prematurely and improperly calls for the disclosure of experts and their opinions. Finally, Responding Party objects to the request on the ground it is not full and complete in and of itself as it makes references to a complaint which is not attached to the requests.

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

27

Subject to, and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce all non-privileged documents within its possession, custody or control which are responsive to the request. Discovery and investigation are ongoing and continuing.

**DEMAND FOR PRODUCTION NO. 7:**

Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to YOUR contention in paragraph 2 of the COMPLAINT that "USAG has: (b) acted extra-contractually by: (i) converting DCR Marketing's funds, which it continues to wrongfully and unlawfully withhold."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Responding party objects on the ground that, despite its counsel's motion to withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable extension of time for DCR to find new counsel before responding to outstanding discovery. USAG's discovery posture is intended to harass DCR, unfairly take advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million USAG stole from DCR and its customers.

DCR incorporates the General Objections as though fully set forth herein. DCR further objects to the extent any of the requested documents constitute confidential attorney-client communications, or are otherwise privileged, attorney work-product, or protected from disclosure. DCR further objects on the ground that the requested documents are already in the possession of, or equally available to, the requesting party.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Responding Party objects to the request to the extent it seeks documents which violate the attorney-client privilege, work-product doctrine and/or documents which contain Responding Party's confidential and proprietary information and trade secrets. Responding Party further objects to the request to the extent it prematurely and improperly calls for the disclosure of experts and their opinions. Finally,

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

Responding Party objects to the request on the ground it is not full and complete in and of itself as it makes references to a complaint which is not attached to the requests. Subject to, and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce all non-privileged documents within its possession, custody or control which are responsive to the request. Discovery and investigation are ongoing and continuing.

**DEMAND FOR PRODUCTION NO. 8:**

Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to YOUR contention in paragraph 2 of the COMPLAINT that "USAG has: (b) acted extra-contractually by: (ii) attempting to extort and coerce DCR Marketing to pay higher fees than required under the Agreement that as a *quid pro quo* to resume processing DCR Marketing's transactions."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Responding party objects on the ground that, despite its counsel's motion to withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable extension of time for DCR to find new counsel before responding to outstanding discovery. USAG's discovery posture is intended to harass DCR, unfairly take advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million USAG stole from DCR and its customers.

DCR incorporates the General Objections as though fully set forth herein. DCR further objects to the extent any of the requested documents constitute confidential attorney-client communications, or are otherwise privileged, attorney work-product, or protected from disclosure. DCR further objects on the ground that the requested documents are already in the possession of, or equally available to, the requesting party.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Responding Party objects to the request to the extent it seeks documents which violate the attorney-client privilege, work-product doctrine and/or documents which

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

29

contain Responding Party's confidential and proprietary information and trade secrets. Responding Party further objects to the request to the extent it prematurely and improperly calls for the disclosure of experts and their opinions. Finally, Responding Party objects to the request on the ground it is not full and complete in and of itself as it makes references to a complaint which is not attached to the requests. Subject to, and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce all non-privileged documents within its possession, custody or control which are responsive to the request. Discovery and investigation are ongoing and continuing.

## DEMAND FOR PRODUCTION NO. 9:

Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to YOUR contention in paragraph 2 of the COMPLAINT that "USAG engaged in unlawful, unfair, and deceptive business acts or practices in violation of California Business & Professions Code § 17200 *et seq.*"

## RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

Responding party objects on the ground that, despite its counsel's motion to withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable extension of time for DCR to find new counsel before responding to outstanding discovery. USAG's discovery posture is intended to harass DCR, unfairly take advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million USAG stole from DCR and its customers.

DCR incorporates the General Objections as though fully set forth herein.  DCR further objects to the extent any of the requested documents constitute confidential attorney-client communications, or are otherwise privileged, attorney work-product, or protected from disclosure. DCR further objects on the ground that the requested documents are already in the possession of, or equally available to, the requesting party.

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

JOINT STIPULATION RE DEFENDANT/COUNTER CLAIMANT USAG'S MOTION TO COMPEL REQUESTS FOR PRODUCTION OF DOCUMENTS

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Responding Party objects to the request to the extent it seeks documents which violate the attorney-client privilege, work-product doctrine and/or documents which contain Responding Party's confidential and proprietary information and trade secrets. Responding Party further objects to the request to the extent it prematurely and improperly calls for the disclosure of experts and their opinions. Finally, Responding Party objects to the request on the ground it is not full and complete in and of itself as it makes references to a complaint which is not attached to the requests. Subject to, and without waiving the foregoing objections, Responding Party responds as follows:  Responding Party will produce all non-privileged documents within its possession, custody or control which are responsive to the request. Discovery and investigation are ongoing and continuing.

**DEMAND FOR PRODUCTION NO. 10:**

Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to YOUR contention in paragraph 3 of the COMPLAINT that "DCR Marketing is entitled to, among other things, actual, compensatory, special, and punitive damages against USAG for such misconduct, and equitable and other relief to ensure that the funds withheld by USAG are secured during the pendency of this action and ultimately returned to DCR Marketing."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Responding party objects on the ground that, despite its counsel's motion to withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable extension of time for DCR to find new counsel before responding to outstanding discovery. USAG's discovery posture is intended to harass DCR, unfairly take advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million USAG stole from DCR and its customers.

DCR incorporates the General Objections as though fully set forth herein.  DCR further objects to the extent any of the requested documents constitute confidential

31

attorney-client communications, or are otherwise privileged, attorney work-product, or protected from disclosure. DCR further objects on the ground that the requested documents are already in the possession of, or equally available to, the requesting party.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Responding Party objects to the request to the extent it seeks documents which violate the attorney-client privilege, work-product doctrine and/or documents which contain Responding Party's confidential and proprietary information and trade secrets. Responding Party further objects to the request to the extent it prematurely and improperly calls for the disclosure of experts and their opinions. Finally, Responding Party objects to the request on the ground it is not full and complete in and of itself as it makes references to a complaint which is not attached to the requests. Subject to, and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce all non-privileged documents within its possession, custody or control which are responsive to the request. Discovery and investigation are ongoing and continuing.

**DEMAND FOR PRODUCTION NO. 11:**

Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to YOUR contention in paragraph 4 of the COMPLAINT that "[b]eginning on or about July 31, 2018, and continuing until on or about September 9, 2019, USAG processed tens of thousands of payment card and other electronic transactions submitted by DCR Marketing, whose proceeds totaled more than $17 million."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Responding party objects on the ground that, despite its counsel's motion to withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable extension of time for DCR to find new counsel before responding to outstanding discovery. USAG's discovery posture is intended to harass DCR, unfairly take

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million USAG stole from DCR and its customers.

DCR incorporates the General Objections as though fully set forth herein. DCR further objects to the extent any of the requested documents constitute confidential attorney-client communications, or are otherwise privileged, attorney work-product, or protected from disclosure. DCR further objects on the ground that the requested documents are already in the possession of, or equally available to, the requesting party.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

Responding Party objects to the request to the extent it seeks documents which violate the attorney-client privilege, work-product doctrine and/or documents which contain Responding Party's confidential and proprietary information and trade secrets. Responding Party further objects to the request to the extent it prematurely and improperly calls for the disclosure of experts and their opinions. Finally, Responding Party objects to the request on the ground it is not full and complete in and of itself as it makes references to a complaint which is not attached to the requests. Subject to, and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce all non-privileged documents within its possession, custody or control which are responsive to the request. Discovery and investigation are ongoing and continuing.

## DEMAND FOR PRODUCTION NO. 12:

Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to YOUR contention in paragraph 4 of the COMPLAINT that "USAG had…accumulated from 10% of settlement proceeds from DCR Marketing's submitted transactions."

## RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

Responding party objects on the ground that, despite its counsel's motion to withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

1  extension of time for DCR to find new counsel before responding to outstanding
2  discovery. USAG's discovery posture is intended to harass DCR, unfairly take
3  advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million
4  USAG stole from DCR and its customers.

5      DCR incorporates the General Objections as though fully set forth herein. DCR
6  further objects to the extent any of the requested documents constitute confidential
7  attorney-client communications, or are otherwise privileged, attorney work-product,
8  or protected from disclosure. DCR further objects on the ground that the requested
9  documents are already in the possession of, or equally available to, the requesting
10 party.

11 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

12      Responding Party objects to the request to the extent it seeks documents which
13 violate the attorney-client privilege, work-product doctrine and/or documents which
14 contain Responding Party's confidential and proprietary information and trade
15 secrets. Responding Party further objects to the request to the extent it prematurely
16 and improperly calls for the disclosure of experts and their opinions. Finally,
17 Responding Party objects to the request on the ground it is not full and complete in
18 and of itself as it makes references to a complaint which is not attached to the requests.
19 Subject to, and without waiving the foregoing objections, Responding Party responds
20 as follows: Responding Party will produce all non-privileged documents within its
21 possession, custody or control which are responsive to the request. Discovery and
22 investigation are ongoing and continuing.

23 **DEMAND FOR PRODUCTION NO. 13:**

24      Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR
25 RELATE to YOUR contention in paragraph 5 of the COMPLAINT that "[t]he
26 Agreement's Reserve Procedures (as defined herein) required USAG to release funds
27 from a Reserve Account, which it had held for longer than the Rolling Reserve
28

**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

JOINT STIPULATION RE DEFENDANT/COUNTER CLAIMANT USAG'S MOTION TO COMPEL REQUESTS
FOR PRODUCTION OF DOCUMENTS

Holding Period (as defined herein) – i.e., longer than 180 days, on a first in/first out basis."

**RESPONSE TO REQUEST FOR REQUEST FOR PRODUCTION NO. 13:**

Responding party objects on the ground that, despite its counsel's motion to withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable extension of time for DCR to find new counsel before responding to outstanding discovery. USAG's discovery posture is intended to harass DCR, unfairly take advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million USAG stole from DCR and its customers.

DCR incorporates the General Objections as though fully set forth herein. DCR further objects to the extent any of the requested documents constitute confidential attorney-client communications, or are otherwise privileged, attorney work-product, or protected from disclosure. DCR further objects on the ground that the requested documents are already in the possession of, or equally available to, the requesting party.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Responding Party objects to the request to the extent it seeks documents which violate the attorney-client privilege, work-product doctrine and/or documents which contain Responding Party's confidential and proprietary information and trade secrets. Responding Party further objects to the request to the extent it prematurely and improperly calls for the disclosure of experts and their opinions. Finally, Responding Party objects to the request on the ground it is not full and complete in and of itself as it makes references to a complaint which is not attached to the requests. Subject to, and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce all non-privileged documents within its possession, custody or control which are responsive to the request. Discovery and investigation are ongoing and continuing.

**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

JOINT STIPULATION RE DEFENDANT/COUNTER CLAIMANT USAG'S MOTION TO COMPEL REQUESTS
FOR PRODUCTION OF DOCUMENTS

**DEMAND FOR PRODUCTION NO. 14:**

Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to YOUR contention in paragraph 5 of the COMPLAINT that "USAG released some reserve funds on July 17, 2019 – just $130,078.87, but has failed and refused to release any further reserve funds."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Responding party objects on the ground that, despite its counsel's motion to withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable extension of time for DCR to find new counsel before responding to outstanding discovery. USAG's discovery posture is intended to harass DCR, unfairly take advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million USAG stole from DCR and its customers.

DCR incorporates the General Objections as though fully set forth herein. DCR further objects to the extent any of the requested documents constitute confidential attorney-client communications, or are otherwise privileged, attorney work-product, or protected from disclosure. DCR further objects on the ground that the requested documents are already in the possession of, or equally available to, the requesting party.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Responding Party objects to the request to the extent it seeks documents which violate the attorney-client privilege, work-product doctrine and/or documents which contain Responding Party's confidential and proprietary information and trade secrets. Responding Party further objects to the request to the extent it prematurely and improperly calls for the disclosure of experts and their opinions. Finally, Responding Party objects to the request on the ground it is not full and complete in and of itself as it makes references to a complaint which is not attached to the requests. Subject to, and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce all non-privileged documents within its

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

36

possession, custody or control which are responsive to the request. Discovery and investigation are ongoing and continuing.

**DEMAND FOR PRODUCTION NO. 15:**

Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to YOUR contention in paragraph   of the COMPLAINT that "[a]s of October 1, 2019, USAG has wrongfully and unlawfully withheld, and continues to withhold, $1,072,408.19 in trust for longer than the Rolling Reserve Holding Period."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Responding party objects on the ground that, despite its counsel's motion to withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable extension of time for DCR to find new counsel before responding to outstanding discovery. USAG's discovery posture is intended to harass DCR, unfairly take advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million USAG stole from DCR and its customers.

DCR incorporates the General Objections as though fully set forth herein. DCR further objects to the extent any of the requested documents constitute confidential attorney-client communications, or are otherwise privileged, attorney work-product, or protected from disclosure. DCR further objects on the ground that the requested documents are already in the possession of, or equally available to, the requesting party.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Responding Party objects to the request to the extent it seeks documents which violate the attorney-client privilege, work-product doctrine and/or documents which contain Responding Party's confidential and proprietary information and trade secrets. Responding Party further objects to the request to the extent it prematurely and improperly calls for the disclosure of experts and their opinions. Finally, Responding Party objects to the request on the ground it is not full and complete in and of itself as it makes references to a complaint which is not attached to the requests.

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

37

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

Subject to, and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce all non-privileged documents within its possession, custody or control which are responsive to the request. Discovery and investigation are ongoing and continuing.

**DEMAND FOR PRODUCTION NO. 16:**

Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to YOUR contention in paragraph 6 of the COMPLAINT that "DCR Marketing made increasingly frequent demands, imploring USAG to release funds from a Reserve Account funds that USAG has withheld for longer than the Rolling Reserve Holding Period, but USAG would not do so, which is wrongful, unlawful, conversion, and a breach that damaged DCR Marketing's business relationships."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Responding party objects on the ground that, despite its counsel's motion to withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable extension of time for DCR to find new counsel before responding to outstanding discovery. USAG's discovery posture is intended to harass DCR, unfairly take advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million USAG stole from DCR and its customers.

DCR incorporates the General Objections as though fully set forth herein. DCR further objects to the extent any of the requested documents constitute confidential attorney-client communications, or are otherwise privileged, attorney work-product, or protected from disclosure. DCR further objects on the ground that the requested documents are already in the possession of, or equally available to, the requesting party.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Responding Party objects to the request to the extent it seeks documents which violate the attorney-client privilege, work-product doctrine and/or documents which contain Responding Party's confidential and proprietary information and trade

38

secrets. Responding Party further objects to the request to the extent it prematurely and improperly calls for the disclosure of experts and their opinions. Finally, Responding Party objects to the request on the ground it is not full and complete in and of itself as it makes references to a complaint which is not attached to the requests. Subject to, and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce all non-privileged documents within its possession, custody or control which are responsive to the request. Discovery and investigation are ongoing and continuing.

## DEMAND FOR PRODUCTION NO. 17:

Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to YOUR contention in paragraph 6 of the COMPLAINT that "USAG terminated the Agreement – it contended – 'with cause.'"

## RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

Responding party objects on the ground that, despite its counsel's motion to withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable extension of time for DCR to find new counsel before responding to outstanding discovery. USAG's discovery posture is intended to harass DCR, unfairly take advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million USAG stole from DCR and its customers.

DCR incorporates the General Objections as though fully set forth herein. DCR further objects to the extent any of the requested documents constitute confidential attorney-client communications, or are otherwise privileged, attorney work-product, or protected from disclosure. DCR further objects on the ground that the requested documents are already in the possession of, or equally available to, the requesting party.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

Responding Party objects to the request to the extent it seeks documents which violate the attorney-client privilege, work-product doctrine and/or documents which

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

39

**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

contain Responding Party's confidential and proprietary information and trade secrets. Responding Party further objects to the request to the extent it prematurely and improperly calls for the disclosure of experts and their opinions. Finally, Responding Party objects to the request on the ground it is not full and complete in and of itself as it makes references to a complaint which is not attached to the requests. Subject to, and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce all non-privileged documents within its possession, custody or control which are responsive to the request. Discovery and investigation are ongoing and continuing.

**DEMAND FOR PRODUCTION NO. 18:**

Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to YOUR contention in paragraph 6 of the COMPLAINT that "USAG, however, failed to notify DCR Marketing of any default of the Agreement or afford DCR Marketing any opportunity to cure."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Responding party objects on the ground that, despite its counsel's motion to withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable extension of time for DCR to find new counsel before responding to outstanding discovery. USAG's discovery posture is intended to harass DCR, unfairly take advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million USAG stole from DCR and its customers.

DCR incorporates the General Objections as though fully set forth herein. DCR further objects to the extent any of the requested documents constitute confidential attorney-client communications, or are otherwise privileged, attorney work-product, or protected from disclosure. DCR further objects on the ground that the requested documents are already in the possession of, or equally available to, the requesting party.

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Responding Party objects to the request to the extent it seeks documents which violate the attorney-client privilege, work-product doctrine and/or documents which contain Responding Party's confidential and proprietary information and trade secrets. Responding Party further objects to the request to the extent it prematurely and improperly calls for the disclosure of experts and their opinions. Finally, Responding Party objects to the request on the ground it is not full and complete in and of itself as it makes references to a complaint which is not attached to the requests. Subject to, and without waiving the foregoing objections, Responding Party responds as follows:  Responding Party will produce all non-privileged documents within its possession, custody or control which are responsive to the request. Discovery and investigation are ongoing and continuing.

**DEMAND FOR PRODUCTION NO. 19:**

Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to YOUR contention in paragraph 6 of the COMPLAINT that "[a]s such, its termination was improper."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Responding party objects on the ground that, despite its counsel's motion to withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable extension of time for DCR to find new counsel before responding to outstanding discovery. USAG's discovery posture is intended to harass DCR, unfairly take advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million USAG stole from DCR and its customers.

DCR incorporates the General Objections as though fully set forth herein. DCR further objects to the extent any of the requested documents constitute confidential attorney-client communications, or are otherwise privileged, attorney work-product, or protected from disclosure. DCR further objects on the ground that the requested

41

1  documents are already in the possession of, or equally available to, the requesting
2  party.

3  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

4  Responding Party objects to the request to the extent it seeks documents which
5  violate the attorney-client privilege, work-product doctrine and/or documents which
6  contain Responding Party's confidential and proprietary information and trade
7  secrets. Responding Party further objects to the request to the extent it prematurely
8  and improperly calls for the disclosure of experts and their opinions. Finally,
9  Responding Party objects to the request on the ground it is not full and complete in
10  and of itself as it makes references to a complaint which is not attached to the requests.
11  Subject to, and without waiving the foregoing objections, Responding Party responds
12  as follows: Responding Party will produce all non-privileged documents within its
13  possession, custody or control which are responsive to the request. Discovery and
14  investigation are ongoing and continuing.

15  **DEMAND FOR PRODUCTION NO. 20:**

16  Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR
17  RELATE to YOUR contention in paragraph 6 of the COMPLAINT that "[a]s a direct
18  result of USA's misconduct, DCR Marketing's customers have terminated contracts
19  and ended business relationships with DCR Marketing, damaging its business."

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

21  Responding party objects on the ground that, despite its counsel's motion to
22  withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable
23  extension of time for DCR to find new counsel before responding to outstanding
24  discovery. USAG's discovery posture is intended to harass DCR, unfairly take
25  advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million
26  USAG stole from DCR and its customers.

27  DCR incorporates the General Objections as though fully set forth herein. DCR
28  further objects to the extent any of the requested documents constitute confidential

**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

42

attorney-client communications, or are otherwise privileged, attorney work-product, or protected from disclosure. DCR further objects on the ground that the requested documents are already in the possession of, or equally available to, the requesting party.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

Responding Party objects to the request to the extent it seeks documents which violate the attorney-client privilege, work-product doctrine and/or documents which contain Responding Party's confidential and proprietary information and trade secrets. Responding Party further objects to the request to the extent it prematurely and improperly calls for the disclosure of experts and their opinions. Finally, Responding Party objects to the request on the ground it is not full and complete in and of itself as it makes references to a complaint which is not attached to the requests. Subject to, and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce all non-privileged documents within its possession, custody or control which are responsive to the request. Discovery and investigation are ongoing and continuing.

## DEMAND FOR PRODUCTION NO. 21:

Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to YOUR contention in paragraph 7 of the COMPLAINT that "USAG attempted to coerce and extort DCR Marketing to pay higher fees to USAG than required under the Agreement – both going forward and on a retroactive basis – and forgo this legal action concerning the reserve funds."

## RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

Responding party objects on the ground that, despite its counsel's motion to withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable extension of time for DCR to find new counsel before responding to outstanding discovery. USAG's discovery posture is intended to harass DCR, unfairly take

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million USAG stole from DCR and its customers.

DCR incorporates the General Objections as though fully set forth herein. DCR further objects to the extent any of the requested documents constitute confidential attorney-client communications, or are otherwise privileged, attorney work-product, or protected from disclosure. DCR further objects on the ground that the requested documents are already in the possession of, or equally available to, the requesting party.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

Responding Party objects to the request to the extent it seeks documents which violate the attorney-client privilege, work-product doctrine and/or documents which contain Responding Party's confidential and proprietary information and trade secrets. Responding Party further objects to the request to the extent it prematurely and improperly calls for the disclosure of experts and their opinions. Finally, Responding Party objects to the request on the ground it is not full and complete in and of itself as it makes references to a complaint which is not attached to the requests. Subject to, and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce all non-privileged documents within its possession, custody or control which are responsive to the request. Discovery and investigation are ongoing and continuing.

## DEMAND FOR PRODUCTION NO. 22:

Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to YOUR contentions in paragraphs 33 through 40 of the COMPLAINT that support YOUR First Cause of Action for Breach of Contract.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

Responding party objects on the ground that, despite its counsel's motion to withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable extension of time for DCR to find new counsel before responding to outstanding

44

discovery. USAG's discovery posture is intended to harass DCR, unfairly take advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million USAG stole from DCR and its customers.

DCR incorporates the General Objections as though fully set forth herein. DCR further objects to the extent any of the requested documents constitute confidential attorney-client communications, or are otherwise privileged, attorney work-product, or protected from disclosure. DCR further objects on the ground that the requested documents are already in the possession of, or equally available to, the requesting party. DCR further objects to this request as overbroad and vague.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

Responding Party objects to the request to the extent it seeks documents which violate the attorney-client privilege, work-product doctrine and/or documents which contain Responding Party's confidential and proprietary information and trade secrets. Responding Party further objects to the request to the extent it prematurely and improperly calls for the disclosure of experts and their opinions. Finally, Responding Party objects to the request on the ground it is not full and complete in and of itself as it makes references to a complaint which is not attached to the requests and on the ground the request is impermissibly compound. Subject to, and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce all non-privileged documents within its possession, custody or control which are responsive to the request. Discovery and investigation are ongoing and continuing.

## DEMAND FOR PRODUCTION NO. 23:

Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to YOUR contentions in paragraphs 41 through 52 of the COMPLAINT that support YOUR Second Cause of Action for Conversion.

**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

JOINT STIPULATION RE DEFENDANT/COUNTER CLAIMANT USAG'S MOTION TO COMPEL REQUESTS FOR PRODUCTION OF DOCUMENTS

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

2   Responding party objects on the ground that, despite its counsel's motion to

3   withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable

4   extension of time for DCR to find new counsel before responding to outstanding

5   discovery. USAG's discovery posture is intended to harass DCR, unfairly take

6   advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million

7   USAG stole from DCR and its customers.

8   DCR incorporates the General Objections as though fully set forth herein. DCR

9   further objects to the extent any of the requested documents constitute confidential

10  attorney-client communications, or are otherwise privileged, attorney work-product,

11  or protected from disclosure. DCR further objects on the ground that the requested

12  documents are already in the possession of, or equally available to, the requesting

13  party. DCR further objects to this request as overbroad and vague.

14  **DEMAND FOR PRODUCTION NO. 24:**

15  Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR

16  RELATE to YOUR contentions in paragraphs 53 through 58 of the COMPLAINT

17  that support YOUR Third Cause of Action for Unfair Business Practices under

18  Business and Professions Code sections 17200 *et seq.*

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

20  Responding party objects on the ground that, despite its counsel's motion to

21  withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable

22  extension of time for DCR to find new counsel before responding to outstanding

23  discovery. USAG's discovery posture is intended to harass DCR, unfairly take

24  advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million

25  USAG stole from DCR and its customers.

26  DCR incorporates the General Objections as though fully set forth herein. DCR

27  further objects to the extent any of the requested documents constitute confidential

28  attorney-client communications, or are otherwise privileged, attorney work-product,

46

or protected from disclosure. DCR further objects on the ground that the requested documents are already in the possession of, or equally available to, the requesting party. DCR further objects to this request as overbroad and vague.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Responding Party objects to the request to the extent it seeks documents which violate the attorney-client privilege, work-product doctrine and/or documents which contain Responding Party's confidential and proprietary information and trade secrets. Responding Party further objects to the request to the extent it prematurely and improperly calls for the disclosure of experts and their opinions. Finally, Responding Party objects to the request on the ground it is not full and complete in and of itself as it makes references to a complaint which is not attached to the requests and on the ground the request is impermissibly compound. Subject to, and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce all non-privileged documents within its possession, custody or control which are responsive to the request. Discovery and investigation are ongoing and continuing.

**DEMAND FOR PRODUCTION NO. 25:**

Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to YOUR contentions in paragraphs 59 through 64 of the COMPLAINT that support YOUR Fourth Cause of Action for Constructive Trust.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Responding party objects on the ground that, despite its counsel's motion to withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable extension of time for DCR to find new counsel before responding to outstanding discovery. USAG's discovery posture is intended to harass DCR, unfairly take advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million USAG stole from DCR and its customers.

DCR incorporates the General Objections as though fully set forth herein. DCR

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

47

further objects to the extent any of the requested documents constitute confidential attorney-client communications, or are otherwise privileged, attorney work-product, or protected from disclosure. DCR further objects on the ground that the requested documents are already in the possession of, or equally available to, the requesting party. DCR further objects to this request as overbroad and vague.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

Responding Party objects to the request to the extent it seeks documents which violate the attorney-client privilege, work-product doctrine and/or documents which contain Responding Party's confidential and proprietary information and trade secrets. Responding Party further objects to the request to the extent it prematurely and improperly calls for the disclosure of experts and their opinions. Finally, Responding Party objects to the request on the ground it is not full and complete in and of itself as it makes references to a complaint which is not attached to the requests and on the ground the request is impermissibly compound. Subject to, and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce all non-privileged documents within its possession, custody or control which are responsive to the request. Discovery and investigation are ongoing and continuing.

## DEMAND FOR PRODUCTION NO. 26:

Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to YOUR contentions in paragraphs 65 through 67 of the COMPLAINT that support YOUR Fifth Cause of Action for Declaratory Judgment.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

Responding party objects on the ground that, despite its counsel's motion to withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable extension of time for DCR to find new counsel before responding to outstanding discovery. USAG's discovery posture is intended to harass DCR, unfairly take

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million USAG stole from DCR and its customers.

DCR incorporates the General Objections as though fully set forth herein. DCR further objects to the extent any of the requested documents constitute confidential attorney-client communications, or are otherwise privileged, attorney work-product, or protected from disclosure. DCR further objects on the ground that the requested documents are already in the possession of, or equally available to, the requesting party. DCR further objects to this request as overbroad and vague.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

Responding Party objects to the request to the extent it seeks documents which violate the attorney-client privilege, work-product doctrine and/or documents which contain Responding Party's confidential and proprietary information and trade secrets. Responding Party further objects to the request to the extent it prematurely and improperly calls for the disclosure of experts and their opinions. Finally, Responding Party objects to the request on the ground it is not full and complete in and of itself as it makes references to a complaint which is not attached to the requests and on the ground the request is impermissibly compound. Subject to, and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce all non-privileged documents within its possession, custody or control which are responsive to the request. Discovery and investigation are ongoing and continuing.

## DEMAND FOR PRODUCTION NO. 27:

Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to YOUR contentions in paragraphs 68 through 70 of the COMPLAINT that support YOUR Sixth Cause of Action for Injunctive Relief.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

Responding party objects on the ground that, despite its counsel's motion to withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

extension of time for DCR to find new counsel before responding to outstanding discovery. USAG's discovery posture is intended to harass DCR, unfairly take advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million USAG stole from DCR and its customers.

DCR incorporates the General Objections as though fully set forth herein. DCR further objects to the extent any of the requested documents constitute confidential attorney-client communications, or are otherwise privileged, attorney work-product, or protected from disclosure. DCR further objects on the ground that the requested documents are already in the possession of, or equally available to, the requesting party. DCR further objects to this request as overbroad and vague.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

Responding Party objects to the request to the extent it seeks documents which violate the attorney-client privilege, work-product doctrine and/or documents which contain Responding Party's confidential and proprietary information and trade secrets. Responding Party further objects to the request to the extent it prematurely and improperly calls for the disclosure of experts and their opinions. Finally, Responding Party objects to the request on the ground it is not full and complete in and of itself as it makes references to a complaint which is not attached to the requests and on the ground the request is impermissibly compound. Subject to, and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce all non-privileged documents within its possession, custody or control which are responsive to the request. Discovery and investigation are ongoing and continuing.

## DEMAND FOR PRODUCTION NO. 28:

Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to Diana Fletcher's contention in paragraph 3 of the FLETCHER DECLARATION (for purposes of these requests for production, the term "FLETCHER DECLARATION" shall mean the declaration filed by Ms. Diana

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

Fletcher, YOUR President and co-founder, in support of YOUR Motion for Right to Attach Order and Writ of Attachment in Case No. 8:19-cv-01897 on June 1, 2020, Document 62-2) that USAG "was an acquirer that solicited and entered into a merchant agreement with…DCR."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Responding party objects on the ground that, despite its counsel's motion to withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable extension of time for DCR to find new counsel before responding to outstanding discovery. USAG's discovery posture is intended to harass DCR, unfairly take advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million USAG stole from DCR and its customers.

DCR incorporates the General Objections as though fully set forth herein. DCR further objects to the extent any of the requested documents constitute confidential attorney-client communications, or are otherwise privileged, attorney work-product, or protected from disclosure. DCR further objects on the ground that the requested documents are already in the possession of, or equally available to, the requesting party. DCR further objects to this request as overbroad and vague.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Responding Party objects to the request to the extent it seeks documents which violate the attorney-client privilege, work-product doctrine and/or documents which contain Responding Party's confidential and proprietary information and trade secrets. Responding Party further objects to the request to the extent it prematurely and improperly calls for the disclosure of experts and their opinions. Finally, Responding Party objects to the request on the ground it is not full and complete in and of itself as it makes references to a complaint which is not attached to the requests. Subject to, and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce all non-privileged documents within its

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

possession, custody or control which are responsive to the request. Discovery and investigation are ongoing and continuing.

**DEMAND FOR PRODUCTION NO. 29:**

Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to Diana Fletcher's contention in paragraph 3 of the FLETCHER DECLARATION that "DCR is a merchant under the agreement which, as DCR informed USAG, submits transactions to USAG on behalf of its own corporate clients, often referred to as sub-merchants."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Responding party objects on the ground that, despite its counsel's motion to withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable extension of time for DCR to find new counsel before responding to outstanding discovery. USAG's discovery posture is intended to harass DCR, unfairly take advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million USAG stole from DCR and its customers.

DCR incorporates the General Objections as though fully set forth herein. DCR further objects to the extent any of the requested documents constitute confidential attorney-client communications, or are otherwise privileged, attorney work-product, or protected from disclosure. DCR further objects on the ground that the requested documents are already in the possession of, or equally available to, the requesting party. DCR further objects to this request as overbroad and vague.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Responding Party objects to the request to the extent it seeks documents which violate the attorney-client privilege, work-product doctrine and/or documents which contain Responding Party's confidential and proprietary information and trade secrets. Responding Party further objects to the request to the extent it prematurely and improperly calls for the disclosure of experts and their opinions. Finally, Responding Party objects to the request on the ground it is not full and complete in

**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

JOINT STIPULATION RE DEFENDANT/COUNTER CLAIMANT USAG'S MOTION TO COMPEL REQUESTS FOR PRODUCTION OF DOCUMENTS

1   and of itself as it makes references to a complaint which is not attached to the requests.

2   Subject to, and without waiving the foregoing objections, Responding Party responds

3   as follows: Responding Party will produce all non-privileged documents within its

4   possession, custody or control which are responsive to the request. Discovery and

5   investigation are ongoing and continuing.

6   **DEMAND FOR PRODUCTION NO. 30:**

7   Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR

8   RELATE to Diana Fletcher's contention in paragraph 4 of the FLETCHER

9   DECLARATION that "DCR provided to USAG all requested information related to

10  its business and the contemplated payment transactions."

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

12  Responding party objects on the ground that, despite its counsel's motion to

13  withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable

14  extension of time for DCR to find new counsel before responding to outstanding

15  discovery. USAG's discovery posture is intended to harass DCR, unfairly take

16  advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million

17  USAG stole from DCR and its customers.

18  DCR incorporates the General Objections as though fully set forth herein. DCR

19  further objects to the extent any of the requested documents constitute confidential

20  attorney-client communications, or are otherwise privileged, attorney work-product,

21  or protected from disclosure. DCR further objects on the ground that the requested

22  documents are already in the possession of, or equally available to, the requesting

23  party. DCR further objects to this request as overbroad and vague.

24  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

25  Responding Party objects to the request to the extent it seeks documents which

26  violate the attorney-client privilege, work-product doctrine and/or documents which

27  contain Responding Party's confidential and proprietary information and trade

28  secrets. Responding Party further objects to the request to the extent it prematurely

**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

53

and improperly calls for the disclosure of experts and their opinions. Finally, Responding Party objects to the request on the ground it is not full and complete in and of itself as it makes references to a complaint which is not attached to the requests. Subject to, and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce all non-privileged documents within its possession, custody or control which are responsive to the request. Discovery and investigation are ongoing and continuing.

**DEMAND FOR PRODUCTION NO. 31:**

Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to Diana Fletcher's contention in paragraph 4 of the FLETCHER DECLARATION that "DCR fully disclosed that its purpose in entering into the contract would include submitting transactions for its corporate clients."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Responding party objects on the ground that, despite its counsel's motion to withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable extension of time for DCR to find new counsel before responding to outstanding discovery. USAG's discovery posture is intended to harass DCR, unfairly take advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million USAG stole from DCR and its customers.

DCR incorporates the General Objections as though fully set forth herein. DCR further objects to the extent any of the requested documents constitute confidential attorney-client communications, or are otherwise privileged, attorney work-product, or protected from disclosure. DCR further objects on the ground that the requested documents are already in the possession of, or equally available to, the requesting party. DCR further objects to this request as overbroad and vague.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Responding Party objects to the request to the extent it seeks documents which violate the attorney-client privilege, work-product doctrine and/or documents which

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

54

contain Responding Party's confidential and proprietary information and trade secrets. Responding Party further objects to the request to the extent it prematurely and improperly calls for the disclosure of experts and their opinions. Finally, Responding Party objects to the request on the ground it is not full and complete in and of itself as it makes references to a complaint which is not attached to the requests. Subject to, and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce all non-privileged documents within its possession, custody or control which are responsive to the request. Discovery and investigation are ongoing and continuing.

**DEMAND FOR PRODUCTION NO. 32:**

Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to Diana Fletcher's contention in paragraph 4 of the FLETCHER DECLARATION that "DCR did not withhold any material information requested by USAG."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Responding party objects on the ground that, despite its counsel's motion to withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable extension of time for DCR to find new counsel before responding to outstanding discovery. USAG's discovery posture is intended to harass DCR, unfairly take advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million USAG stole from DCR and its customers.

DCR incorporates the General Objections as though fully set forth herein. DCR further objects to the extent any of the requested documents constitute confidential attorney-client communications, or are otherwise privileged, attorney work-product, or protected from disclosure. DCR further objects on the ground that the requested documents are already in the possession of, or equally available to, the requesting party. DCR further objects to this request as overbroad and vague.

**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

JOINT STIPULATION RE DEFENDANT/COUNTER CLAIMANT USAG'S MOTION TO COMPEL REQUESTS FOR PRODUCTION OF DOCUMENTS

**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Responding Party objects to the request to the extent it seeks documents which violate the attorney-client privilege, work-product doctrine and/or documents which contain Responding Party's confidential and proprietary information and trade secrets. Responding Party further objects to the request to the extent it prematurely and improperly calls for the disclosure of experts and their opinions. Finally, Responding Party objects to the request on the ground it is not full and complete in and of itself as it makes references to a complaint which is not attached to the requests. Subject to, and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce all non-privileged documents within its possession, custody or control which are responsive to the request. Discovery and investigation are ongoing and continuing.

**DEMAND FOR PRODUCTION NO. 33:**

Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to Diana Fletcher's contention in paragraph 8 of the FLETCHER DECLARATION that "USAG should have begun releasing the reserve funds to DCR on a rolling basis beginning on January 28, 2019."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Responding party objects on the ground that, despite its counsel's motion to withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable extension of time for DCR to find new counsel before responding to outstanding discovery. USAG's discovery posture is intended to harass DCR, unfairly take advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million USAG stole from DCR and its customers.

DCR incorporates the General Objections as though fully set forth herein. DCR further objects to the extent any of the requested documents constitute confidential attorney-client communications, or are otherwise privileged, attorney work-product, or protected from disclosure. DCR further objects on the ground that the requested

56

1  documents are already in the possession of, or equally available to, the requesting
2  party. DCR further objects to this request as overbroad and vague.

3  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

4        Responding Party objects to the request to the extent it seeks documents which
5  violate the attorney-client privilege, work-product doctrine and/or documents which
6  contain Responding Party's confidential and proprietary information and trade
7  secrets. Responding Party further objects to the request to the extent it prematurely
8  and improperly calls for the disclosure of experts and their opinions. Finally,
9  Responding Party objects to the request on the ground it is not full and complete in
10 and of itself as it makes references to a complaint which is not attached to the requests.
11 Subject to, and without waiving the foregoing objections, Responding Party responds
12 as follows: Responding Party will produce all non-privileged documents within its
13 possession, custody or control which are responsive to the request. Discovery and
14 investigation are ongoing and continuing.

15 **DEMAND FOR PRODUCTION NO. 34:**

16       Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR
17 RELATE to Diana Fletcher's contention in paragraph 8 of the FLETCHER
18 DECLARATION that the "first and only time USAG released any of those funds was
19 July 17, 2019."

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

21       Responding party objects on the ground that, despite its counsel's motion to
22 withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable
23 extension of time for DCR to find new counsel before responding to outstanding
24 discovery. USAG's discovery posture is intended to harass DCR, unfairly take
25 advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million
26 USAG stole from DCR and its customers.

27       DCR incorporates the General Objections as though fully set forth herein.  DCR
28 further objects to the extent any of the requested documents constitute confidential

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

57

attorney-client communications, or are otherwise privileged, attorney work-product, or protected from disclosure. DCR further objects on the ground that the requested documents are already in the possession of, or equally available to, the requesting party. DCR further objects to this request as overbroad and vague.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Responding Party objects to the request to the extent it seeks documents which violate the attorney-client privilege, work-product doctrine and/or documents which contain Responding Party's confidential and proprietary information and trade secrets. Responding Party further objects to the request to the extent it  prematurely and improperly calls for the disclosure of experts and their opinions. Finally, Responding Party objects to the request on the ground it is not full and complete in and of itself as it makes references to a complaint which is not attached to the requests. Subject to, and without waiving the foregoing objections, Responding Party responds as follows:  Responding Party will produce all non-privileged documents within its possession, custody or control which are responsive to the request. Discovery and investigation are ongoing and continuing.

**DEMAND FOR PRODUCTION NO. 35:**

Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to Diana Fletcher's contention in paragraph 8 of the FLETCHER DECLARATION that "USAG has refused to release any further reserve funds, despite that USAG is holding nearly $1.6 million belonging to DCR and its clients."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Responding party objects on the ground that, despite its counsel's motion to withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable extension of time for DCR to find new counsel before responding to outstanding discovery. USAG's discovery posture is intended to harass DCR, unfairly take advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million USAG stole from DCR and its customers.

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

58

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

DCR incorporates the General Objections as though fully set forth herein. DCR further objects to the extent any of the requested documents constitute confidential attorney-client communications, or are otherwise privileged, attorney work-product, or protected from disclosure. DCR further objects on the ground that the requested documents are already in the possession of, or equally available to, the requesting party. DCR further objects to this request as overbroad and vague.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 35:

Responding Party objects to the request to the extent it seeks documents which violate the attorney-client privilege, work-product doctrine and/or documents which contain Responding Party's confidential and proprietary information and trade secrets. Responding Party further objects to the request to the extent it prematurely and improperly calls for the disclosure of experts and their opinions. Finally, Responding Party objects to the request on the ground it is not full and complete in and of itself as it makes references to a complaint which is not attached to the requests. Subject to, and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce all non-privileged documents within its possession, custody or control which are responsive to the request. Discovery and investigation are ongoing and continuing.

## DEMAND FOR PRODUCTION NO. 36:

Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to Diana Fletcher's contention in paragraph 8 of the FLETCHER DECLARATION that "[b]ased on USAG's refusal to release DCR's reserve funds, DCR stopped submitting transactions to USAG in August 2019."

## RESPONSE TO REQUEST FOR PRODUCTION NO. 36:

Responding party objects on the ground that, despite its counsel's motion to withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable extension of time for DCR to find new counsel before responding to outstanding discovery. USAG's discovery posture is intended to harass DCR, unfairly take

59

1  advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million

2  USAG stole from DCR and its customers.

3     DCR incorporates the General Objections as though fully set forth herein.  DCR

4  further objects to the extent any of the requested documents constitute confidential

5  attorney-client communications, or are otherwise privileged, attorney work-product,

6  or protected from disclosure. DCR further objects on the ground that the requested

7  documents are already in the possession of, or equally available to, the requesting

8  party. DCR further objects to this request as overbroad and vague.

9  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

10     Responding Party objects to the request to the extent it seeks documents which

11  violate the attorney-client privilege, work-product doctrine and/or documents which

12  contain Responding Party's confidential and proprietary information and trade

13  secrets. Responding Party further objects to the request to the extent it prematurely

14  and improperly calls for the disclosure of experts and their opinions. Finally,

15  Responding Party objects to the request on the ground it is not full and complete in

16  and of itself as it makes references to a complaint which is not attached to the requests.

17  Subject to, and without waiving the foregoing objections, Responding Party responds

18  as follows: Responding Party will produce all non-privileged documents within its

19  possession, custody or control which are responsive to the request. Discovery and

20  investigation are ongoing and continuing.

21  **DEMAND FOR PRODUCTION NO. 37:**

22     Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR

23  RELATE to Diana Fletcher's contention in paragraph 10 of the FLETCHER

24  DECLARATION that Diana Fletcher "demanded an explanation why USAG has not

25  turned over the money that belongs to DCR and its clients."

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

27     Responding party objects on the ground that, despite its counsel's motion to

28  withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable

**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

extension of time for DCR to find new counsel before responding to outstanding discovery. USAG's discovery posture is intended to harass DCR, unfairly take advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million USAG stole from DCR and its customers.

DCR incorporates the General Objections as though fully set forth herein. DCR further objects to the extent any of the requested documents constitute confidential attorney-client communications, or are otherwise privileged, attorney work-product, or protected from disclosure. DCR further objects on the ground that the requested documents are already in the possession of, or equally available to, the requesting party. DCR further objects to this request as overbroad and vague.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 37:

Responding Party objects to the request to the extent it seeks documents which violate the attorney-client privilege, work-product doctrine and/or documents which contain Responding Party's confidential and proprietary information and trade secrets. Responding Party further objects to the request to the extent it prematurely and improperly calls for the disclosure of experts and their opinions. Finally, Responding Party objects to the request on the ground it is not full and complete in and of itself as it makes references to a complaint which is not attached to the requests. Subject to, and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce all non-privileged documents within its possession, custody or control which are responsive to the request. Discovery and investigation are ongoing and continuing.

## DEMAND FOR PRODUCTION NO. 38:

Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to Diana Fletcher's contention in paragraph 10 of the FLETCHER DECLARATION that she "never received any type of accounting, or any legitimate explanation why USAG has not released DCR's money.

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Responding party objects on the ground that, despite its counsel's motion to withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable extension of time for DCR to find new counsel before responding to outstanding discovery. USAG's discovery posture is intended to harass DCR, unfairly take advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million USAG stole from DCR and its customers.

DCR incorporates the General Objections as though fully set forth herein. DCR further objects to the extent any of the requested documents constitute confidential attorney-client communications, or are otherwise privileged, attorney work-product, or protected from disclosure. DCR further objects on the ground that the requested documents are already in the possession of, or equally available to, the requesting party. DCR further objects to this request as overbroad and vague.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Responding Party objects to the request to the extent it seeks documents which violate the attorney-client privilege, work-product doctrine and/or documents which contain Responding Party's confidential and proprietary information and trade secrets. Responding Party further objects to the request to the extent it prematurely and improperly calls for the disclosure of experts and their opinions. Finally, Responding Party objects to the request on the ground it is not full and complete in and of itself as it makes references to a complaint which is not attached to the requests. Subject to, and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce all non-privileged documents within its possession, custody or control which are responsive to the request. Discovery and investigation are ongoing and continuing.

**DEMAND FOR PRODUCTION NO. 39:**

Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to Diana Fletcher's contention in paragraph 11 of the FLETCHER

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

62

DECLARATION that "[t]he parties agreement does not prohibit DCR submitting transactions for sub-merchants and…we informed USAG from the beginning of the relationship that we would be processing transactions for our corporate clients."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Responding party objects on the ground that, despite its counsel's motion to withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable extension of time for DCR to find new counsel before responding to outstanding discovery. USAG's discovery posture is intended to harass DCR, unfairly take advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million USAG stole from DCR and its customers.

DCR incorporates the General Objections as though fully set forth herein. DCR further objects to the extent any of the requested documents constitute confidential attorney-client communications, or are otherwise privileged, attorney work-product, or protected from disclosure. DCR further objects on the ground that the requested documents are already in the possession of, or equally available to, the requesting party. DCR further objects to this request as overbroad and vague.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Responding Party objects to the request to the extent it seeks documents which violate the attorney-client privilege, work-product doctrine and/or documents which contain Responding Party's confidential and proprietary information and trade secrets. Responding Party further objects to the request to the extent it prematurely and improperly calls for the disclosure of experts and their opinions. Finally, Responding Party objects to the request on the ground it is not full and complete in and of itself as it makes references to a complaint which is not attached to the requests. Subject to, and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce all non-privileged documents within its possession, custody or control which are responsive to the request. Discovery and investigation are ongoing and continuing.

**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

JOINT STIPULATION RE DEFENDANT/COUNTER CLAIMANT USAG'S MOTION TO COMPEL REQUESTS FOR PRODUCTION OF DOCUMENTS

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

**DEMAND FOR PRODUCTION NO. 40:**

Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to Diana Fletcher's contention in paragraph 11 of the FLETCHER DECLARATION that "[p]rior to terminating our merchant agreement, USAG never informed me of any objection to DCR submitting transactions on behalf of sub-merchants."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Responding party objects on the ground that, despite its counsel's motion to withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable extension of time for DCR to find new counsel before responding to outstanding discovery. USAG's discovery posture is intended to harass DCR, unfairly take advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million USAG stole from DCR and its customers.

DCR incorporates the General Objections as though fully set forth herein. DCR further objects to the extent any of the requested documents constitute confidential attorney-client communications, or are otherwise privileged, attorney work-product, or protected from disclosure. DCR further objects on the ground that the requested documents are already in the possession of, or equally available to, the requesting party. DCR further objects to this request as overbroad and vague.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Responding Party objects to the request to the extent it seeks documents which violate the attorney-client privilege, work-product doctrine and/or documents which contain Responding Party's confidential and proprietary information and trade secrets. Responding Party further objects to the request to the extent it prematurely and improperly calls for the disclosure of experts and their opinions. Finally, Responding Party objects to the request on the ground it is not full and complete in and of itself as it makes references to a complaint which is not attached to the requests. Subject to, and without waiving the foregoing objections, Responding Party responds

**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

as follows: Responding Party will produce all non-privileged documents within its possession, custody or control which are responsive to the request. Discovery and investigation are ongoing and continuing.

**DEMAND FOR PRODUCTION NO. 41:**

Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to Diana Fletcher's contention in paragraph 11 of the FLETCHER DECLARATION that "USAG also contends that it was somehow improper for DCR to submit transactions from financial institutions associated with Native American tribes."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Responding party objects on the ground that, despite its counsel's motion to withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable extension of time for DCR to find new counsel before responding to outstanding discovery. USAG's discovery posture is intended to harass DCR, unfairly take advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million USAG stole from DCR and its customers.

DCR incorporates the General Objections as though fully set forth herein. DCR further objects to the extent any of the requested documents constitute confidential attorney-client communications, or are otherwise privileged, attorney work-product, or protected from disclosure. DCR further objects on the ground that the requested documents are already in the possession of, or equally available to, the requesting party. DCR further objects to this request as overbroad and vague.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Responding Party objects to the request to the extent it seeks documents which violate the attorney-client privilege, work-product doctrine and/or documents which contain Responding Party's confidential and proprietary information and trade secrets. Responding Party further objects to the request to the extent it prematurely and improperly calls for the disclosure of experts and their opinions. Finally,

JOINT STIPULATION RE DEFENDANT/COUNTER CLAIMANT USAG'S MOTION TO COMPEL REQUESTS FOR PRODUCTION OF DOCUMENTS

Responding Party objects to the request on the ground it is not full and complete in and of itself as it makes references to a complaint which is not attached to the requests. Subject to, and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce all non-privileged documents within its possession, custody or control which are responsive to the request. Discovery and investigation are ongoing and continuing.

**DEMAND FOR PRODUCTION NO. 42:**

Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to Diana Fletcher's contention in paragraph 11 of the FLETCHER DECLARATION that the "agreement does not prohibit transactions from those types of institutions [Native American tribes] and, prior to terminating our agreement, USAG never informed me of objection to processing transactions on behalf of such institutions."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Responding party objects on the ground that, despite its counsel's motion to withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable extension of time for DCR to find new counsel before responding to outstanding discovery. USAG's discovery posture is intended to harass DCR, unfairly take advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million USAG stole from DCR and its customers. DCR incorporates the General Objections as though fully set forth herein.

DCR further objects to the extent any of the requested documents constitute confidential attorney-client communications, or are otherwise privileged, attorney work-product, or protected from disclosure. DCR further objects on the ground that the requested documents are already in the possession of, or equally available to, the requesting party. DCR further objects to this request as overbroad and vague.

**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Responding Party objects to the request to the extent it seeks documents which violate the attorney-client privilege, work-product doctrine and/or documents which contain Responding Party's confidential and proprietary information and trade secrets. Responding Party further objects to the request to the extent it prematurely and improperly calls for the disclosure of experts and their opinions. Finally, Responding Party objects to the request on the ground it is not full and complete in and of itself as it makes references to a complaint which is not attached to the requests. Subject to, and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce all non-privileged documents within its possession, custody or control which are responsive to the request. Discovery and investigation are ongoing and continuing.

**DEMAND FOR PRODUCTION NO. 43:**

Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to Diana Fletcher's contention in paragraph 12 of the FLETCHER DECLARATION that "[n]or has USAG ever provided any accounting demonstrating how any of the foregoing transactions caused any harm to USAG."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Responding party objects on the ground that, despite its counsel's motion to withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable extension of time for DCR to find new counsel before responding to outstanding discovery. USAG's discovery posture is intended to harass DCR, unfairly take advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million USAG stole from DCR and its customers.

DCR incorporates the General Objections as though fully set forth herein. DCR further objects to the extent any of the requested documents constitute confidential attorney-client communications, or are otherwise privileged, attorney work-product, or protected from disclosure. DCR further objects on the ground that the requested

**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

1  documents are already in the possession of, or equally available to, the requesting

2  party. DCR further objects to this request as overbroad and vague.

3  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

4      Responding Party objects to the request to the extent it seeks documents which

5  violate the attorney-client privilege, work-product doctrine and/or documents which

6  contain Responding Party's confidential and proprietary information and trade

7  secrets. Responding Party further objects to the request to the extent it prematurely

8  and improperly calls for the disclosure of experts and their opinions. Finally,

9  Responding Party objects to the request on the ground it is not full and complete in

10  and of itself as it makes references to a complaint which is not attached to the requests.

11  Subject to, and without waiving the foregoing objections, Responding Party responds

12  as follows:  Responding Party will produce all non-privileged documents within its

13  possession, custody or control which are responsive to the request. Discovery and

14  investigation are ongoing and continuing.

15  **DEMAND FOR PRODUCTION NO. 44:**

16      Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR

17  RELATE to Diana Fletcher's contention in paragraph 12 of the FLETCHER

18  DECLARATION that the "$1.6 million in reserve funds held by USAG came into its

19  possession due to those transactions."

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

21      Responding party objects on the ground that, despite its counsel's motion to

22  withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable

23  extension of time for DCR to find new counsel before responding to outstanding

24  discovery. USAG's discovery posture is intended to harass DCR, unfairly take

25  advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million

26  USAG stole from DCR and its customers.

27      DCR incorporates the General Objections as though fully set forth herein. DCR

28  further objects to the extent any of the requested documents constitute confidential

attorney-client communications, or are otherwise privileged, attorney work-product, or protected from disclosure. DCR further objects on the ground that the requested documents are already in the possession of, or equally available to, the requesting party. DCR further objects to this request as overbroad and vague.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Responding Party objects to the request to the extent it seeks documents which violate the attorney-client privilege, work-product doctrine and/or documents which contain Responding Party's confidential and proprietary information and trade secrets. Responding Party further objects to the request to the extent it prematurely and improperly calls for the disclosure of experts and their opinions. Finally, Responding Party objects to the request on the ground it is not full and complete in and of itself as it makes references to a complaint which is not attached to the requests. Subject to, and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce all non-privileged documents within its possession, custody or control which are responsive to the request. Discovery and investigation are ongoing and continuing.

**DEMAND FOR PRODUCTION NO. 45:**

Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to Diana Fletcher's contention in paragraph 13 of the FLETCHER DECLARATION that "USAG's refusal to release the reserve funds to DCR is causing substantial harm to DCR."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Responding party objects on the ground that, despite its counsel's motion to withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable extension of time for DCR to find new counsel before responding to outstanding discovery. USAG's discovery posture is intended to harass DCR, unfairly take advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million USAG stole from DCR and its customers.

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

69

DCR incorporates the General Objections as though fully set forth herein. DCR further objects to the extent any of the requested documents constitute confidential attorney-client communications, or are otherwise privileged, attorney work-product, or protected from disclosure. DCR further objects on the ground that the requested documents are already in the possession of, or equally available to, the requesting party. DCR further objects to this request as overbroad and vague.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Responding Party objects to the request to the extent it seeks documents which violate the attorney-client privilege, work-product doctrine and/or documents which contain Responding Party's confidential and proprietary information and trade secrets. Responding Party further objects to the request to the extent it prematurely and improperly calls for the disclosure of experts and their opinions. Finally, Responding Party objects to the request on the ground it is not full and complete in and of itself as it makes references to a complaint which is not attached to the requests. Subject to, and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce all non-privileged documents within its possession, custody or control which are responsive to the request. Discovery and investigation are ongoing and continuing.

**DEMAND FOR PRODUCTION NO. 46:**

Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to Diana Fletcher's contention in paragraph 13 of the FLETCHER DECLARATION that "USAG's refusal to release the reserve funds is disrupting DCR's relationship with its customers, and may result in DCR losing clients."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Responding party objects on the ground that, despite its counsel's motion to withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable extension of time for DCR to find new counsel before responding to outstanding discovery. USAG's discovery posture is intended to harass DCR, unfairly take

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

70

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

1  advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million

2  USAG stole from DCR and its customers.

3        DCR incorporates the General Objections as though fully set forth herein. DCR

4  further objects to the extent any of the requested documents constitute confidential

5  attorney-client communications, or are otherwise privileged, attorney work-product,

6  or protected from disclosure. DCR further objects on the ground that the requested

7  documents are already in the possession of, or equally available to, the requesting

8  party. DCR further objects to this request as overbroad and vague.

9  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

10        Responding Party objects to the request to the extent it seeks documents which

11  violate the attorney-client privilege, work-product doctrine and/or documents which

12  contain Responding Party's confidential and proprietary information and trade

13  secrets. Responding Party further objects to the request to the extent it prematurely

14  and improperly calls for the disclosure of experts and their opinions. Finally,

15  Responding Party objects to the request on the ground it is not full and complete in

16  and of itself as it makes references to a complaint which is not attached to the requests.

17  Subject to, and without waiving the foregoing objections, Responding Party responds

18  as follows: Responding Party will produce all non-privileged documents within its

19  possession, custody or control which are responsive to the request. Discovery and

20  investigation are ongoing and continuing.

21  **DEMAND FOR PRODUCTION NO. 47:**

22        Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR

23  RELATE to YOUR decision to enter into the AGREEMENT (for purposes of these

24  requests for production, the term "AGREEMENT" shall mean the "Agreement" as

25  defined in YOUR Complaint.)

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

27        Responding party objects on the ground that, despite its counsel's motion to

28  withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable

extension of time for DCR to find new counsel before responding to outstanding discovery. USAG's discovery posture is intended to harass DCR, unfairly take advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million USAG stole from DCR and its customers.

DCR incorporates the General Objections as though fully set forth herein. DCR further objects to the extent any of the requested documents constitute confidential attorney-client communications, or are otherwise privileged, attorney work-product, or protected from disclosure. DCR further objects on the ground that the requested documents are already in the possession of, or equally available to, the requesting party. DCR further objects to this request as overbroad and vague.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 47:

Responding Party objects to the request to the extent it seeks documents which violate the attorney-client privilege, work-product doctrine and/or documents which contain Responding Party's confidential and proprietary information and trade secrets. Responding Party further objects to the request to the extent it prematurely and improperly calls for the disclosure of experts and their opinions. Finally, Responding Party objects to the request on the ground it is not full and complete in and of itself as it makes references to a complaint which is not attached to the requests. Subject to, and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce all non-privileged documents within its possession, custody or control which are responsive to the request. Discovery and investigation are ongoing and continuing.

## DEMAND FOR PRODUCTION NO. 48:

Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to YOUR business model before YOU entered the AGREEMENT.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 48:

Responding party objects on the ground that, despite its counsel's motion to withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

extension of time for DCR to find new counsel before responding to outstanding discovery. USAG's discovery posture is intended to harass DCR, unfairly take advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million USAG stole from DCR and its customers.

DCR incorporates the General Objections as though fully set forth herein. DCR further objects to the extent any of the requested documents constitute confidential attorney-client communications, or are otherwise privileged, attorney work-product, or protected from disclosure. DCR further objects on the ground that the requested documents are already in the possession of, or equally available to, the requesting party. DCR further objects to this request as overbroad and vague. This request seeks information that is irrelevant, not reasonably calculated to lead to discoverable information, is unrelated to the subject matter of this dispute, and is therefore beyond the scope of discovery. DCR is unable to respond to the request as drafted.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 48:

Responding Party objects to the request to the extent it seeks documents which violate the attorney-client privilege, work-product doctrine and/or documents which contain Responding Party's confidential and proprietary information and trade secrets. Responding Party further objects to the request to the extent it prematurely and improperly calls for the disclosure of experts and their opinions. Finally, Responding Party objects to the request on the ground it is not full and complete in and of itself as it makes references to a complaint which is not attached to the requests and is vague, ambiguous, overly broad and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

## DEMAND FOR PRODUCTION NO. 49:

Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to YOU submitting TLE (for purposes of these requests for production, the term "TLE" shall mean and refer to a Tribal Lending Enterprise, a type of American financial services and lending organization owned and operated by a federally

**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

1   recognized Native American tribal government) transactions to USAG under the

2   Agreement.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

4         Responding party objects on the ground that, despite its counsel's motion to

5   withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable

6   extension of time for DCR to find new counsel before responding to outstanding

7   discovery. USAG's discovery posture is intended to harass DCR, unfairly take

8   advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million

9   USAG stole from DCR and its customers.

10        DCR incorporates the General Objections as though fully set forth herein.  DCR

11  further objects to the extent any of the requested documents constitute confidential

12  attorney-client communications, or are otherwise privileged, attorney work-product,

13  or protected from disclosure. DCR further objects on the ground that the requested

14  documents are already in the possession of, or equally available to, the requesting

15  party. DCR further objects to this request as overbroad and vague. DCR is unable to

16  respond to the request as drafted.

17  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

18        Responding Party objects to the request to the extent it seeks documents which

19  violate the attorney-client privilege, work-product doctrine and/or documents which

20  contain Responding Party's confidential and proprietary information and trade

21  secrets. Responding Party further objects to the request to the extent it prematurely

22  and improperly calls for the disclosure of experts and their opinions. Finally,

23  Responding Party objects to the request on the ground it is not full and complete in

24  and of itself as it makes references to a complaint which is not attached to the requests

25  and is vague, ambiguous, overly broad and seeks information which is neither relevant

26  nor reasonably calculated to lead to the discovery of admissible evidence.

27

28

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

**DEMAND FOR PRODUCTION NO. 50:**

Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to USAG's contention in paragraph 13 of the COUNTERCLAIM (for purposes of these requests for production, the term "COUNTERCLAIM" shall mean the Second Amended Counterclaims filed by USAG in Case No. 8:19-cv-01897 on May 21, 2020, Document 58) that "DCR's business operations as recently disclosed classify it as a 'high-risk' merchant based on the risk factors."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Responding party objects on the ground that, despite its counsel's motion to withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable extension of time for DCR to find new counsel before responding to outstanding discovery. USAG's discovery posture is intended to harass DCR, unfairly take advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million USAG stole from DCR and its customers.

DCR incorporates the General Objections as though fully set forth herein. DCR further objects to the extent any of the requested documents constitute confidential attorney-client communications, or are otherwise privileged, attorney work-product, or protected from disclosure. DCR further objects on the ground that the requested documents are already in the possession of, or equally available to, the requesting party. DCR further objects to this request as overbroad and vague.  The referenced allegation is included within allegations of a cause of action that has been dismissed.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Responding Party objects to the request to the extent it seeks documents which violate the attorney-client privilege, work-product doctrine and/or documents which contain Responding Party's confidential and proprietary information and trade secrets. Responding Party further objects to the request to the extent it prematurely and improperly calls for the disclosure of experts and their opinions. Finally, Responding Party objects to the request on the ground it is not full and complete in

and of itself as it makes references to a complaint which is not attached to the requests and is vague, ambiguous, overly broad and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving the foregoing objections, Responding Party responds as follows: Responding Party is not making this contention and therefore cannot produce any documents in response to this request. Discovery and investigation are ongoing and continuing.

**DEMAND FOR PRODUCTION NO. 51:**

Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to YOUR contention that YOU **did not** intentionally conceal and/or misrepresent YOUR business type from USAG during the underwriting process conducted by USAG prior to entering the AGREEMENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Responding party objects on the ground that, despite its counsel's motion to withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable extension of time for DCR to find new counsel before responding to outstanding discovery. USAG's discovery posture is intended to harass DCR, unfairly take advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million USAG stole from DCR and its customers.

DCR incorporates the General Objections as though fully set forth herein. DCR further objects to the extent any of the requested documents constitute confidential attorney-client communications, or are otherwise privileged, attorney work-product, or protected from disclosure. DCR further objects on the ground that the requested documents are already in the possession of, or equally available to, the requesting party. DCR further objects to this request as overbroad and vague.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Responding Party objects to the request to the extent it seeks documents which violate the attorney-client privilege, work-product doctrine and/or documents which

**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

76

contain Responding Party's confidential and proprietary information and trade secrets. Responding Party further objects to the request to the extent it prematurely and improperly calls for the disclosure of experts and their opinions. Finally, Responding Party objects to the request on the ground it is not full and complete in and of itself as it makes references to a complaint which is not attached to the requests and is vague, ambiguous, and overly broad. Subject to, and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce all non-privileged documents within its possession, custody or control which are responsive to the request. Furthermore, Responding Party is informed and believes additionally responsive documents may be in the possession, custody or control of third parties. Discovery and investigation are ongoing and continuing.

## DEMAND FOR PRODUCTION NO. 52:

Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to YOUR submission of TruCash transactions to USAG to process under the AGREEMENT.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 52:

Responding party objects on the ground that, despite its counsel's motion to withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable extension of time for DCR to find new counsel before responding to outstanding discovery. USAG's discovery posture is intended to harass DCR, unfairly take advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million USAG stole from DCR and its customers.

DCR incorporates the General Objections as though fully set forth herein. DCR further objects to the extent any of the requested documents constitute confidential attorney-client communications, or are otherwise privileged, attorney work-product, or protected from disclosure. DCR further objects on the ground that the requested documents are already in the possession of, or equally available to, the requesting party. DCR further objects to this request as overbroad and vague.  This request seeks

**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

77

**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

1  information that is irrelevant, not reasonably calculated to lead to discoverable

2  information, is unrelated to the subject matter of this dispute, and is therefore beyond

3  the scope of discovery. DCR is unable to respond to the request as drafted.

4  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

5  Responding Party objects to the request to the extent it seeks documents which

6  violate the attorney-client privilege, work-product doctrine and/or documents which

7  contain Responding Party's confidential and proprietary information and trade

8  secrets. Responding Party further objects to the request to the extent it prematurely

9  and improperly calls for the disclosure of experts and their opinions. Finally,

10  Responding Party objects to the request on the ground it is not full and complete in

11  and of itself as it makes references to a complaint which is not attached to the requests

12  and is vague, ambiguous, overly broad and seeks information which is neither relevant

13  nor reasonably calculated to lead to the discovery of admissible evidence.

14  **DEMAND FOR PRODUCTION NO. 53:**

15  Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR

16  RELATE to YOUR submission of TLE loan transactions to USAG to process under

17  the AGREEMENT.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

19  Responding party objects on the ground that, despite its counsel's motion to

20  withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable

21  extension of time for DCR to find new counsel before responding to outstanding

22  discovery. USAG's discovery posture is intended to harass DCR, unfairly take

23  advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million

24  USAG stole from DCR and its customers.

25  DCR incorporates the General Objections as though fully set forth herein. DCR

26  further objects to the extent any of the requested documents constitute confidential

27  attorney-client communications, or are otherwise privileged, attorney work-product,

28  or protected from disclosure. DCR further objects on the ground that the requested

78

documents are already in the possession of, or equally available to, the requesting party. DCR further objects to this request as overbroad and vague. This request seeks information that is irrelevant, not reasonably calculated to lead to discoverable information, is unrelated to the subject matter of this dispute, and is therefore beyond the scope of discovery. DCR is unable to respond to the request as drafted.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 53:

Responding Party objects to the request to the extent it seeks documents which violate the attorney-client privilege, work-product doctrine and/or documents which contain Responding Party's confidential and proprietary information and trade secrets. Responding Party further objects to the request to the extent it prematurely and improperly calls for the disclosure of experts and their opinions. Finally, Responding Party objects to the request on the ground it is not full and complete in and of itself as it makes references to a complaint which is not attached to the requests and is vague, ambiguous, overly broad and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

## DEMAND FOR PRODUCTION NO. 54:

Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to YOUR disclosure of YOUR submission of TLE loan transactions to USAG to process under the AGREEMENT.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 54:

Responding party objects on the ground that, despite its counsel's motion to withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable extension of time for DCR to find new counsel before responding to outstanding discovery. USAG's discovery posture is intended to harass DCR, unfairly take advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million USAG stole from DCR and its customers.

DCR incorporates the General Objections as though fully set forth herein. DCR further objects to the extent any of the requested documents constitute confidential

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

79

attorney-client communications, or are otherwise privileged, attorney work-product, or protected from disclosure. DCR further objects on the ground that the requested documents are already in the possession of, or equally available to, the requesting party. DCR further objects to this request as overbroad and vague.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Responding Party objects to the request to the extent it seeks documents which violate the attorney-client privilege, work-product doctrine and/or documents which contain Responding Party's confidential and proprietary information and trade secrets. Responding Party further objects to the request to the extent it prematurely and improperly calls for the disclosure of experts and their opinions. Finally, Responding Party objects to the request on the ground it is not full and complete in and of itself as it makes references to a complaint which is not attached to the requests and is vague, ambiguous, overly broad and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**DEMAND FOR PRODUCTION NO. 55:**

Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to YOUR disclosure to USAG of information and documentation that REFERS OR RELATES to YOUR business operations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Responding party objects on the ground that, despite its counsel's motion to withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable extension of time for DCR to find new counsel before responding to outstanding discovery. USAG's discovery posture is intended to harass DCR, unfairly take advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million USAG stole from DCR and its customers.

DCR incorporates the General Objections as though fully set forth herein. DCR further objects to the extent any of the requested documents constitute confidential attorney-client communications, or are otherwise privileged, attorney work-product,

**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

80

or protected from disclosure. DCR further objects on the ground that the requested documents are already in the possession of, or equally available to, the requesting party. DCR further objects to this request as overbroad and vague.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 55:

Responding Party objects to the request to the extent it seeks documents which violate the attorney-client privilege, work-product doctrine and/or documents which contain Responding Party's confidential and proprietary information and trade secrets.  Responding Party further objects to the request to the extent it prematurely and improperly calls for the disclosure of experts and their opinions. Finally, Responding Party objects to the request on the ground it is not full and complete in and of itself as it makes references to a complaint which is not attached to the requests and is vague, ambiguous, and overly broad.

## DEMAND FOR PRODUCTION NO. 56:

Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to YOUR disclosure to USAG of documents submitted in response to USAG's due diligence to underwrite YOU for USAG's payment processing services.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 56:

Responding party objects on the ground that, despite its counsel's motion to withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable extension of time for DCR to find new counsel before responding to outstanding discovery. USAG's discovery posture is intended to harass DCR, unfairly take advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million USAG stole from DCR and its customers.

DCR incorporates the General Objections as though fully set forth herein.  DCR further objects to the extent any of the requested documents constitute confidential attorney-client communications, or are otherwise privileged, attorney work-product, or protected from disclosure. DCR further objects on the ground that the requested

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

JOINT STIPULATION RE DEFENDANT/COUNTER CLAIMANT USAG'S MOTION TO COMPEL REQUESTS FOR PRODUCTION OF DOCUMENTS

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

1  documents are already in the possession of, or equally available to, the requesting

2  party. DCR further objects to this request as overbroad and vague.

3  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

4  Responding Party objects to the request to the extent it seeks documents which

5  violate the attorney-client privilege, work-product doctrine and/or documents which

6  contain Responding Party's confidential and proprietary information and trade

7  secrets. Responding Party further objects to the request to the extent it prematurely

8  and improperly calls for the disclosure of experts and their opinions. Finally,

9  Responding Party objects to the request on the ground it is not full and complete in

10  and of itself as it makes references to a complaint which is not attached to the requests

11  and is vague, ambiguous, and overly broad. Subject to, and without waiving the

12  foregoing objections, Responding Party responds as follows: Responding Party will

13  produce all non-privileged documents within its possession, custody or control which

14  are responsive to the request. Further, Responding Party is informed and believes that

15  additionally responsive documents may be in the possession, custody or control of

16  third parties. Discovery and investigation are ongoing and continuing.

17  **DEMAND FOR PRODUCTION NO. 57:**

18  Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR

19  RELATE to YOUR disclosure to USAG that REFERS OR RELATES to TruCash.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

21  Responding party objects on the ground that, despite its counsel's motion to

22  withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable

23  extension of time for DCR to find new counsel before responding to outstanding

24  discovery. USAG's discovery posture is intended to harass DCR, unfairly take

25  advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million

26  USAG stole from DCR and its customers.

27  DCR incorporates the General Objections as though fully set forth herein. DCR

28  further objects to the extent any of the requested documents constitute confidential

attorney-client communications, or are otherwise privileged, attorney work-product, or protected from disclosure. DCR further objects on the ground that the requested documents are already in the possession of, or equally available to, the requesting party. DCR further objects to this request as overbroad and vague.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Responding Party objects to the request to the extent it seeks documents which violate the attorney-client privilege, work-product doctrine and/or documents which contain Responding Party's confidential and proprietary information and trade secrets. Responding Party further objects to the request to the extent it prematurely and improperly calls for the disclosure of experts and their opinions. Finally, Responding Party objects to the request on the ground it is not full and complete in and of itself as it makes references to a complaint which is not attached to the requests and is vague, ambiguous, and overly broad. Subject to, and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce all non-privileged documents within its possession, custody or control which are responsive to the request. Further, Responding Party is informed and believes that additionally responsive documents may be in the possession, custody or control of third parties. Discovery and investigation are ongoing and continuing.

**DEMAND FOR PRODUCTION NO. 58:**

Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to DCR's disclosure to USAG of TLE documents submitted in response to USAG's due diligence to properly underwrite DCR for the USAG Services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Responding party objects on the ground that, despite its counsel's motion to withdraw as counsel filed on July 23, 2020, USAG refused to grant a reasonable extension of time for DCR to find new counsel before responding to outstanding discovery. USAG's discovery posture is intended to harass DCR, unfairly take

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

1  advantage of DCR, and coerce DCR into forfeit its right to recover over $1.6 million

2  USAG stole from DCR and its customers.

3    DCR incorporates the General Objections as though fully set forth herein. DCR

4  further objects to the extent any of the requested documents constitute confidential

5  attorney-client communications, or are otherwise privileged, attorney work-product,

6  or protected from disclosure. DCR further objects on the ground that the requested

7  documents are already in the possession of, or equally available to, the requesting

8  party. DCR further objects to this request as overbroad and vague.

9  **<u>SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 58:</u>**

10    Responding Party objects to the request to the extent it seeks documents which

11  violate the attorney-client privilege, work-product doctrine and/or documents which

12  contain Responding Party's confidential and proprietary information and trade

13  secrets. Responding Party further objects to the request to the extent it prematurely

14  and improperly calls for the disclosure of experts and their opinions. Finally,

15  Responding Party objects to the request on the ground it is not full and complete in

16  and of itself as it makes references to a complaint which is not attached to the requests

17  and is vague, ambiguous, and overly broad. Subject to, and without waiving the

18  foregoing objections, Responding Party responds as follows: Responding Party will

19  produce all non-privileged documents within its possession, custody or control which

20  are responsive to the request. Further, Responding Party is informed and believes that

21  additionally responsive documents may be in the possession, custody or control of

22  third parties. Discovery and investigation are ongoing and continuing.

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

84

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

# III.

## ISSUES IN DISPUTE

1.   **Inclusion Of An "Introductory Statement" In The Supplemental Requests Responses.**

**USAG's Position.**

The inclusion of an "Introductory Statement" in the Supplemental Requests Responses is problematic, in part, because there is no valid legal basis for an "Introductory Statement" in the Federal Rules of Civil Procedure (a "Rule," or the "Rules").

The "Introductory Statement" is also substantively problematic, in part, because it states in relevant part:

> "Plaintiff reserves the right to refer to, to conduct discovery with reference to, or to offer evidence at the time of trial, and all facts, evidence, documents and things developed during the course of discovery and trial preparation, notwithstanding the reference to facts, evidence, documents and things in these responses."

USAG objects to that assertion to the extent it would allow DCR to offer evidence at the time of trial that it was required to disclose and produce, and failed to disclose and produce, in response to the Requests. USAG objects to that assertion to the extent DCR seeks to rely on it to avoid compliance with Rule 26(e), which states:

> "(1) *In General.* A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:
>
> > (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

made known to the other parties during the discovery process or in writing; or

(B) as ordered by the court.

USAG objects to any effort by DCR to avoid compliance with Rule 26(e).

For all of the foregoing reasons, DCR should further amend the Supplemental Requests Responses to omit the "Introductory Statement".

Mr. Herndon provided Mr. Gerber with the foregoing contentions, points, and authorities in his November 5, 2020 meet and confer letter. (Exhibit 1 ¶ 12, Exhibit 1-5 thereto.) Mr. Herndon and Mr. Huber discussed the subject matter of Mr. Herndon's November 5, 2020 letter with Mr. Gerber, during the Conference. (Exhibit 1 ¶ 15.) Moreover, Mr. Herndon, Mr. Huber, and Mr. Gerber discussed this specific item during the Conference. (Exhibit 1 ¶ 15.) During the Conference, Mr. Gerber informed Mr. Herndon and Mr. Huber that he disagreed with USAG's position as set forth above, that that DCR would not remove the "Introductory Statement". (Exhibit 1 ¶ 15.)

**<u>Counter Defendants' Position.</u>**

USAG proffers the contention that "there is no valid legal basis for an 'Introductory Statement' in the Federal Rules of Civil Procedure" ("FRCP") but offers no legal authority in support of its position. That is because none exists. The truth is that the "Introductory Statement" to which USAG refers is completely compliant with DCR's obligations under the FRCP. USAG' reliance on FRCP Rule 26(e) actually supports DCR's inclusion of the "Introductory Statement" and further exposes USAG for its bad-faith filing of extensive discovery motions.

Indeed, Rule 26(a)(1)(E) dictates that a party's initial disclosure obligations are limited to information then *reasonably available* to it. (FRCP 26(a)(1)(E).) For that reason, parties have an ongoing duty to *supplement* their initial disclosures "in a timely manner" upon determining that the initial disclosures are materially incomplete or inaccurate. (FRCP 26(e)(1)(A); *see* Rutter Group Prac. Guide Fed. Civ. Pro. Before

Trial Ch. 11(II)-C.)  A party who has complied with early disclosure requirements or who has responded to discovery demands from opposing parties is under a duty to supplement or correct the disclosure or discovery response to include information later acquired. (FRCP 26(e).)  The duty to supplement or correct prior disclosures or discovery responses arises "if the party learns that *in some material respect* the disclosure or response is *incomplete* or *incorrect*." (FRCP 26(e)(1)(A) (emphasis added); *Robbins & Myers, Inc. v. J.M. Huber Corp.* (WD NY 2011) 274 FRD 63, 73-81.)

Here, the "Introductory Statement" is completely consistent with the parties' well-settled obligations under the FRCP.  First, USAG fails to set forth DCR's Introductory Statement" in its totality.  The portion of the "Introductory Statement" conveniently absent from USAG's Position states:

> "Plaintiff has not completed its investigation of the facts relating to this case, has not completed discovery in this action, and has not completed preparation for trial. Therefore, Plaintiff's responses are based on its knowledge, information and belief at this time. The information provided herein is provided in a good faith effort to supply as much factual information and as much specification of legal contentions as are presently known, but should in no way be to the prejudice of Plaintiff in relation to further discovery, research, or analysis. Furthermore, Plaintiff's responses were prepared based on its good faith interpretation and understanding of the requests and are subject to correction for inadvertent errors or omissions, if any."

(Gerber Decl., at ¶10.)  This portion of the Introductory Statement omitted by USAG is consistent with the parties' obligations to supplement the Initial Disclosures with later acquired information as it (1) indicates investigation and discovery are ongoing, (2) the responses are based on information then known to DCR, and (3) the responses

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

JOINT STIPULATION RE DEFENDANT/COUNTER CLAIMANT USAG'S MOTION TO COMPEL REQUESTS FOR PRODUCTION OF DOCUMENTS

are subject to correction.   There is nothing improper or inconsistent with this language, which mirrors the parties' obligations under the FRCP.

So, too, is the language cited by USAG consistent with the parties' obligations under the FRCP as the duty to supplement does not apply if the additional or corrective information has otherwise "been made known to the other parties during the discovery process or in writing."  (FRCP 26(e)(1)(A).)  For example, the identity of a new witness who had not been disclosed in the early disclosure or in answer to an interrogatory may have "been made known" *through deposition testimony*, in which event no duty to supplement is required: "The duty to supplement imposed by Fed.R. Civ.P. 26(e)(1) does not require an application of form over substance." (*Coleman v. Keebler Co.* (ND IN 1998) 997 F.Supp. 1102, 1107 (internal quotes omitted); see Adv. Comm. Notes to 1993 Amendments to FRCP 26(a).)  Likewise, the duty to supplement may be satisfied when the deposing party's *question* brings new evidence to the attention of other parties. (*Coleman v. Keebler Co.*, supra, 997 F.Supp. at 1107—identity of potential witness first disclosed in a deposition question itself, rather than in response to a deposition question].)  Thus, the portion of the "Introductory Statement" cited by USAG is consistent with these well-settled principles of law that not all later acquired information need be provided in a supplemental Rule 26 Disclosure.

Thus, USAG's argument not only fails to provide any authority supporting its position or point to any specific example of alleged improper withholding by DCR but is also contrary to well settled principles of law.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

JOINT STIPULATION RE DEFENDANT/COUNTER CLAIMANT USAG'S MOTION TO COMPEL REQUESTS FOR PRODUCTION OF DOCUMENTS

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

2. **Whether DCR Must Produce All Discovery Responsive To Requests 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 51, 56, 57, And 58 Because It Waived All Objections And Assertions Of Privilege With Respect To Those Requests Because It Failed To Sufficiently Identify The Discovery Responsive To Those Requests It Has Purportedly Withheld (Including In A Privilege Log); And Because It Did Not Timely Complete Its Production Of The Discovery Responsive To These Requests.**

**USAG's Position.**

DCR's answers in the Supplemental Requests Responses to Requests 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 51, 56, 57, and 58: "Subject to, and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce all non-privileged documents within its possession, custody or control which are responsive to the request."

Those responses are problematic, in part, because DCR failed to sufficiently identify the "documents" responsive to these Requests that it has purportedly withheld as required pursuant to Rule 26(b)(5), which states:

> "When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, **the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.**" (Emphasis added.)

The foregoing language in DCR's answers fails to comply with Rule 26(b)(5) because DCR failed to describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself

**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

The advisory committee notes accompanying the addition of the relevant paragraph to Rule 26(b)(5) suggest a temporal framework for asserting privilege, and also suggests waiver as a possible result of failure to properly provide Rule 26(b)(5) notice. "To withhold materials without such notice is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege or protection." *See* Rule 26(b)(5) advisory committee's note (1993 Amendments).

On a related note, where a responding party asserts an objection in response to a Rule 34 demand, the objection must specifically state whether *any* responsive materials are being withheld on the basis of the objection, and when an objection applies only to a portion of the documents requested, the responding party must identify the materials being withheld and produce the remainder. *See* Rule 34(b)(2)(C); *see also Aikens v. Deluxe Fin'l Services, Inc.* (D KS 2003) 217 FRD 533, 539—responding party still has duty to respond to extent request not objectionable.

DCR waived any right to make the objections and assertions of privilege upon it is relying in response to this request because it did not timely identify and describe the responsive documents it withheld in sufficient detail to enable USAG to assess the applicability of the privilege or protection, including in a privilege log. Parties withholding documents as privileged should identify and describe the documents in sufficient detail to enable the demanding party "to assess the applicability of the privilege or protection." *See* Rule 26(b)(5); *see also Ramirez v. County of Los Angeles* (CD CA 2005) 231 F.R.D. 407, 410—failure to provide sufficient information may constitute waiver of privilege. Moreover, providing a "privilege log" has become "an almost universal method of asserting privilege under the Federal Rules." *See Caudle v. District of Columbia* (D DC 2009) 263 F.R.D. 29, 35; *see also Novelty, Inc. v. Mountain View Marketing, Inc*. (SD IN 2009) 265 F.R.D. 370, 380-381.

JOINT STIPULATION RE DEFENDANT/COUNTER CLAIMANT USAG'S MOTION TO COMPEL REQUESTS
FOR PRODUCTION OF DOCUMENTS

**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

In its answers in the Supplemental Requests Responses to Requests 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 51, 56, 57, and 58, DCR clearly failed to assert the items it has purportedly withheld in a way that informed USAG, and that would inform the court, in evaluating whether each of the withheld documents is privileged. That is, in part, because DCR failed to provide literally any information whatsoever regarding any documents they withheld. That is also, in part, because DCR failed to timely identify and describe the documents in sufficient detail to enable USAG to assess the applicability of the privilege or protection, including in a privilege log.

This very same issue arose in the RPD Responses, and counsel for USAG, Mr. Joshua J. Herndon, addressed that issue previously during the meet and confer process. As DCR is aware, USAG's position is that DCR's failure to timely identify and describe the documents in sufficient detail to enable USAG to assess the applicability of the privilege or protection, including in a privilege log, at the time it served the RPD Responses that resulted in a waiver. DCR is still subject to that waiver.

DCR's response is also problematic, in part, because it evidences that it failed to comply with Rule 34(b)(2)(B), which states in relevant part: "The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response."

DCR failed to comply with Rule 34(b)(2)(B) with respect to these requests, in part, because although it stated it would produce "all responsive non-privileged documents within its possession, custody or control which are responsive to the request," it didn't specify a "reasonable time" by which the production of those documents would be made. In fact, DCR did not provide *any specific time whatsoever* by which the production will purportedly be made.

JOINT STIPULATION RE DEFENDANT/COUNTER CLAIMANT USAG'S MOTION TO COMPEL REQUESTS FOR PRODUCTION OF DOCUMENTS

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

DCR also failed to comply with Rule 34(b)(2)(B) with respect to these Requests, in part, because it did not timely complete its production of the discovery responsive to these Requests. That is because DCR failed to timely complete its production by time set for inspection in the Requests, or by any "reasonable time specified in the response." In fact, and as you are aware, DCR failed to complete its production as of the sending of this letter.

DCR's failure to make a timely production of "all responsive non-privileged documents within its possession, custody or control" to which it referred in its answers in the Supplemental Requests Responses to Requests 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 51, 56, 57, and 58 is one reason why it waived all objections and assertions of privilege as to all of those Requests. Failing to respond to a Rule 34 request within the time permitted *waives all objections* thereto— including claims of privilege and work product. *See Richmark Corp. v. Timber Falling Consultants* (9th Cir. 1992) 959 F.2d 1468, 1473—"Failure to object to discovery requests within the time required constitutes a waiver of any objection"; *see also Coregis Ins. Co. v. Baratta & Fenerty, Ltd.* (ED PA 1999) 187 F.R.D. 528, 529.

The objections and assertions of privilege would include those based on the attorney client privilege or attorney work product doctrine, which DCR may have asserted in response to Requests 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, and 58. However, it is uncertain whether or not DCR actually asserted the attorney client privilege or attorney work product doctrine in response to any of those requests because it doesn't specify in its responses to any of these requests whether or not it is actually asserting the attorney client privilege or the attorney work product doctrine. Rather, DCR qualifies its reference to those Requests by stating, with respect to each of these Requests, "the extent it seeks documents which violate the attorney-client privilege,

92

work-product doctrine." That is clearly insufficient, as only DCR knows whether or not it believes that any documents responsive to any of these Requests are subject to the attorney client privilege and/or or the attorney work product doctrine. DCR's assertions of these privileges will be addressed in greater detail below.

Since DCR waived all its objections and assertions of privilege with respect to Requests 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 51, 56, 57, and 58, it must produce *all discovery* in its possession, custody, or control responsive to these Requests. That is significant because of the scope of the Requests, all of which seek the "DOCUMENTS" that are referenced in the Requests. Although those "DOCUMENTS" include paper documents (which DCR's answers in the Supplemental Requests Responses to Requests 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 51, 56, 57, and 58 seem to refer to), the "DOCUMENTS" also include electronically stored information as defined in Rule 34(b).

For all of the foregoing reasons, DCR should further amend the Supplemental Requests Responses to omit all objections and assertions of privilege from its answers to Requests 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 51, 56, 57, and 58.

Based on the foregoing reasons, DCR must produce all "DOCUMENTS" responsive to Requests 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 51, 56, 57, and 58, including paper documents.

Mr. Herndon provided Mr. Gerber with the foregoing contentions, points, and authorities in his November 5, 2020 meet and confer letter. (Exhibit 1 ¶ 12, Exhibit 1-5 thereto.) Mr. Herndon and Mr. Huber discussed the subject matter of Mr.

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

93

Herndon's November 5, 2020 letter with Mr. Gerber, during the Conference. (Exhibit 1 ¶ 15.) Moreover, Mr. Herndon, Mr. Huber, and Mr. Gerber discussed this specific item during the Conference. (Exhibit 1 ¶ 15.) During the Conference, Mr. Gerber informed Mr. Herndon and Mr. Huber that he disagreed with USAG's position as set forth above, and that that DCR had waived its objections or privileges. (Exhibit 1 ¶ 15.)

During the Conference, Mr. Gerber also informed Mr. Herndon and Mr. Huber that DCR would complete its production of the non-privileged documents responsive to the Requests by no later than 12:00pm on Monday, November 16, 2020. (Exhibit 1 ¶ 15.) Mr. Gerber estimated that the production would be approximately 1,600 documents. (Exhibit 1 ¶ 15.) In response, Mr. Herndon made it clear to Mr. Gerber during the Conference that even if that occurred it would only be partial performance by DCR, and that it was USAG's position that DCR needed to produce all discovery in its possession, custody, or control responsive to the Requests. (Exhibit 1 ¶ 15.)

During the Conference, Mr. Gerber also informed Mr. Herndon and Mr. Huber that DCR would be providing a privilege log referring to the responsive documents that DCR had withheld from production. (Exhibit 1 ¶ 15.) In response, Mr. Herndon made it clear that production of that privilege log (which would be untimely) would not undo the waiver that resulted from DCR's failure to timely produce a privilege log. (Exhibit 1 ¶ 15.)

## Counter Defendants' Position.

USAG's assertion that DCR somehow waived the ability to assert the attorney-client privilege and/or work product doctrine is unsupported in fact and law. Discovery of privileged matters goes beyond the legitimate scope of information to be obtained during discovery even if relevant to a party's claims or defenses.  (FRCP 26(b)(1).)   Privileged information is absolutely protected from disclosure. (See *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.* (3rd Cir. 1994) 32 F3d 851, 852—privileges are policy rules of exclusion unrelated to the reliability of information

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

94

involved.)  Parties withholding documents under a claim of privilege should identify and describe the documents in sufficient detail to "enable other parties to assess the claim." (FRCP  26(b)(5)(A)(ii).)     The  most  common  way  of  satisfying  this requirement is to serve a privilege log that numbers and describes each document or communication as to which privilege is claimed and state the basis of the claim. A document-by-document log may not be required, however, for voluminous files and records, particularly if the items therein can be described by category. (See Adv. Comm. Notes to 1993 Amendment to FRCP 26(b).)

Here, DCR not only specifically and expressly asserted the attorney-client privilege and work-product doctrine objections in each of these requests, but, so, too, each answer specifically states "Responding Party will produce all non-privileged documents".   (Gerber Decl., at ¶ 11.)   Thus, the assertion of the attorney-client privilege and work product doctrine was specifically and timely made.  Further, each of these responses, which were served on November 3, 2020, indicate that "Responding Party will produce all non-privileged documents within its possession, custody or control".  (Id.)  Extensive productions were made in the days following service of the November 3, 2020, responses.  (Id.)  As a result, the production was completed within "another reasonable time specified in the response" as required by FRCP Rule 34(b)(2)(B).

Finally, during the Rule 37-1 conference, DCR agreed to, and has since, provided a privilege log.  (Gerber Decl., at ¶ 11; Ex. 2-2 thereto)

Thus, there has been no waiver of the attorney-client privilege and/or work product doctrine.

/ / /

/ / /

/ / /

/ / /

/ / /

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

95

### 3. Whether DCR Waived The Attorney-Client Privilege And The Work-Product Doctrine With Respect To Requests 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, And 58.

#### USAG's Position.

DCR copied and pasted the following boilerplate language into its answers in the Supplemental Requests Responses to Requests 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, and 58: "Responding Party objects to the request to the extent it seeks documents which violate the attorney-client privilege, work-product doctrine …."

As briefly mentioned above, one problem with DCR's boilerplate response is that it is uncertain whether or not DCR is actually objecting on the basis that any of the Requests seeks documents which violate the attorney-client privilege, or which violate the work-product doctrine.

USAG's position is that because DCR relied on the qualifier "to the extent," it literally failed to actually assert that any of the Requests "seeks documents which violate the attorney-client privilege, work-product doctrine". Related thereto, because DCR literally did not assert that any of the Requests "seeks documents which violate the attorney-client privilege, work-product doctrine," it is time-barred from doing so, and it waived its right to assert those privileges.

Moreover, and as explained above, if DCR withheld responsive documents on the basis of these objections, DCR's failure to identify those documents in a privilege log is a separate and sufficient ground for waiver of these objections.

For all of the foregoing reasons, DCR should further amend the Supplemental Requests Responses to omit its assertion of the attorney-client privilege and the work-product doctrine from its answers to Requests 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37,

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

96

38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, and 58.

Mr. Herndon provided Mr. Gerber with the foregoing contentions, points, and authorities in his November 5, 2020 meet and confer letter. (Exhibit 1 ¶ 12, Exhibit 1-5 thereto.) Mr. Herndon and Mr. Huber discussed the subject matter of Mr. Herndon's November 5, 2020 letter with Mr. Gerber, during the Conference. (Exhibit 1 ¶ 15.) During the Conference, Mr. Gerber informed Mr. Herndon and Mr. Huber that he disagreed with USAG's position as set forth above, and that DCR had waived its objections or privileges, which is encompassed within this disputed issue. (Exhibit 1 ¶ 15.)

**Counter Defendants' Position.**

USAG's assertion that DCR somehow waived the ability to assert the attorney-client privilege and/or work product doctrine is unsupported in fact and law. Discovery of privileged matters goes beyond the legitimate scope of information to be obtained during discovery even if relevant to a party's claims or defenses. (FRCP 26(b)(1).) Privileged information is absolutely protected from disclosure. (See *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.* (3rd Cir. 1994) 32 F3d 851, 852—privileges are policy rules of exclusion unrelated to the reliability of information involved.) Parties withholding documents under a claim of privilege should identify and describe the documents in sufficient detail to "enable other parties to assess the claim." (FRCP 26(b)(5)(A)(ii).) The most common way of satisfying this requirement is to serve a privilege log that numbers and describes each document or communication as to which privilege is claimed and state the basis of the claim. A document-by-document log may not be required, however, for voluminous files and records, particularly if the items therein can be described by category. (See Adv. Comm. Notes to 1993 Amendment to FRCP 26(b).)

Here, DCR not only specifically and expressly asserted the attorney-client privilege and work-product doctrine objections in each of these requests, but, so, too, each answer specifically states "Responding Party will produce all non-privileged

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

JOINT STIPULATION RE DEFENDANT/COUNTER CLAIMANT USAG'S MOTION TO COMPEL REQUESTS FOR PRODUCTION OF DOCUMENTS

documents".  (Gerber Decl., at ¶ 11.)  Thus, the assertion of the attorney-client privilege and work product doctrine was specifically and timely made.  Further, each of these responses, which were served on November 3, 2020, indicate that "Responding Party will produce all non-privileged documents within its possession, custody or control".  (Id.)  Extensive productions were made in the days following service of the November 3, 2020, responses.  (Id.)  As a result, the production was completed within "another reasonable time specified in the response" as required by FRCP Rule 34(b)(2)(B).

Finally, during the Rule 37-1 conference, DCR agreed to, and has since, provided a privilege log.  (Gerber Decl., at ¶ 11; Ex. 2-2 thereto)

Thus, there has been no waiver of the attorney-client privilege and/or work product doctrine.

### 4.    Whether DCR Waived Its Objections Based On Confidentiality, Seeking Proprietary Information, Or The Trade Secret Privilege In Response To Requests 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 22, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, And 58.

**USAG's Position.**

DCR also copied and pasted the following boilerplate language into its answers in the Supplemental Requests Responses to Requests 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 22, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, and 58: "Responding Party objects to the request to the extent it seeks … documents which contain Responding Party's confidential and proprietary information and trade secrets."

The foregoing objections are problematic, in part, because it includes the qualifier "to the extent". Therefore, DCR literally failed to actually assert that any of the Requests seek "documents which contain Responding Party's confidential and

98

proprietary information and trade secrets". Related thereto, because DCR literally did not assert that any of the Requests "documents which contain Responding Party's confidential and proprietary information and trade secrets," it is time-barred from doing so at this time. DCR waived each of these objections because it failed to timely assert them within the time permitted, and it cannot cure that defect by asserting these objections for the first time in a supplemental response.

Also, if DCR withheld responsive documents on the basis of these objections, DCR's failure to identify those documents in a privilege log is a separate and sufficient ground for waiver of these objections.

Moreover, DCR's trade secret objection fails substantively. "[T]here is no absolute privilege for trade secrets and similar confidential information." *See Upjohn Co. v. Hygieia Biological Labs.*, 151 F.R.D. 355, 358 (E.D. Cal. 1993) (citation omitted); *see also Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006); *see also Davis v. Leal*, 43 F. Supp. 2d 1102, 1110 (E.D. Cal. Feb. 18, 1999) ("the trade secrets privilege is not absolute, but requires a balancing of the need for protecting the secret with the needs of the case").

"In order to resist discovery of a trade secret, a party must first demonstrate by competent evidence that the information sought through discovery is a trade secret and that disclosure of the secret might be harmful. If this showing is made, 'the burden shifts to the party seeking discovery to establish that the disclosure of trade secrets is relevant and necessary to the action.' " *Upjohn Co.*, 151 F.R.D. at 358 (citation omitted); *Davis*, 43 F. Supp. 2d at 1110. California law applies in this case, *see Upjohn Co.*, 151 F.R.D. at 358, which defines a "trade secret" as: [I]nformation, including a formula, pattern compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

JOINT STIPULATION RE DEFENDANT/COUNTER CLAIMANT USAG'S MOTION TO COMPEL REQUESTS FOR PRODUCTION OF DOCUMENTS

are reasonable under the circumstances to maintain its secrecy. Cal. Civ. Code § 3426.1(d).

DCR's trade secret objection fails substantively because DCR failed to demonstrate, by competent evidence, that the responsive documents subject to the objection are a trade secret pursuant to Cal. Civ. Code § 3426.1(d). DCR's trade secret objection also fails substantively because DCR failed to demonstrate, by competent evidence, that disclosure of the purported trade secret might be harmful.

Moreover, even if the forgoing analysis did not apply, and even if DCR's trade secret objection is valid, DCR would not be prejudiced by production of the documents subject to the objection because DCR could produce those documents subject to the protective order that was entered in the case, which Mr. Herndon emailed to counsel for DCR, Jonathan Gerber, on October 20, 2020.

For all of the foregoing reasons, DCR should further amend the Supplemental Requests Responses to omit its assertion of the objections based on confidentiality, seeking proprietary information, and the trade secret privilege from its answers to Requests 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 22, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, and 58.

Mr. Herndon provided Mr. Gerber with the foregoing contentions, points, and authorities in his November 5, 2020 meet and confer letter. (Exhibit 1 ¶ 12, Exhibit 1-5 thereto.) Mr. Herndon and Mr. Huber discussed the subject matter of Mr. Herndon's November 5, 2020 letter with Mr. Gerber, during the Conference. (Exhibit 1 ¶ 15.) During the Conference, Mr. Gerber informed Mr. Herndon and Mr. Huber that he disagreed with USAG's position as set forth above, and that DCR had waived its objections or privileges, which is encompassed within this disputed issue. (Exhibit 1 ¶ 15.)

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

JOINT STIPULATION RE DEFENDANT/COUNTER CLAIMANT USAG'S MOTION TO COMPEL REQUESTS FOR PRODUCTION OF DOCUMENTS

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

**Counter Defendants' Position.**

For the same reasons set forth above with respect to Issue No. 3, DCR does not believe there has been any waiver of these objections.   During the Rule 37-1 Conference, Mr. Gerber informed Messrs. Herndon and Huber of his disagreement with this argument and the fact that the objections were interposed to preserve the right to assert them.  (Gerber Decl., at ¶ 12.)  This was the extent of the conversation Messrs. Herndon and Huber, on the one hand, and Mr. Gerber, on the other hand, had with respect to the Requests for Production.  (Id.)

While DCR does not believe there was any waiver, and its interposition of the objection was substantially justified with respect to these requests, DCR is willing to remove the objection in supplemental responses with the exception of Nos. 48-49, and 52-55 in a good-faith attempt to narrow the issues before the Court due to the extensive nature of USAG's filings.  (Gerber Decl., at ¶ 12; Ex. 2-2 thereto)

Nos. 48-49 and 52-55 are addressed more fully herein.

**5.    Whether DCR Waived Its Objections Based On Prematurely And Improperly Calling For The Disclosure Of Experts And Their Opinions In Response To Requests 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, And 58.**

**USAG's Position.**

DCR also copied and pasted the following boilerplate language into its answers in the Supplemental Requests Responses to Requests 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, and 58: "Responding Party further objects to the request to the extent it prematurely and improperly calls for the disclosure of experts and their opinions."

The foregoing objections are problematic, in part, because it includes the qualifier "to the extent". Therefore, DCR literally failed to actually assert that any of

101

the Requests "prematurely and improperly calls for the disclosure of experts and their opinions". Related thereto, because DCR literally did not assert that any of the Requests "prematurely and improperly calls for the disclosure of experts and their opinions," it is time-barred from doing so at this time.

The foregoing objections are also problematic, in part, because they were not asserted when DCR served the RPD Responses, which render the foregoing objections untimely and waived. DCR waived each of these objections because it failed to timely assert them within the time permitted, and it cannot cure that defect by asserting these objections for the first time in a supplemental response.

Moreover, if DCR withheld responsive documents on the basis of these objections, DCR's failure to identify those documents in a privilege log is a separate and sufficient ground for waiver of these objections.

For all of the foregoing reasons, DCR should further amend the Supplemental Requests Responses to omit its assertion of the objections based on prematurely and improperly calling for the disclosure of experts and their opinions from its answers to Requests 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 22, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, and 58.

Mr. Herndon provided Mr. Gerber with the foregoing contentions, points, and authorities in his November 5, 2020 meet and confer letter. (Exhibit 1 ¶ 12, Exhibit 1-5 thereto.) Mr. Herndon and Mr. Huber discussed the subject matter of Mr. Herndon's November 5, 2020 letter with Mr. Gerber, during the Conference. (Exhibit 1 ¶ 15.) During the Conference, Mr. Gerber informed Mr. Herndon and Mr. Huber that he disagreed with USAG's position as set forth above, and that DCR had waived its objections or privileges, which is encompassed within this disputed issue. (Exhibit 1 ¶ 15.)

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

**Counter Defendants' Position**.

While DCR does not believe there was any waiver, and its interposition of the objection was substantially justified with respect to these requests, DCR is willing to remove the objection in supplemental responses to limit the scope of disputes before the Court.  (Gerber Decl., at ¶ 13; Ex. 2-1 thereto)

**6.      Whether DCR Waived Its Objections Based On Requests Not Being Full And Complete In And Of Itself As It Makes References To A Complaint Which Is Not Attached In Response To Requests 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, And 58, And Whether Those Objections Fail Substantively.**

**USAG's Position**.

DCR also copied and pasted a boilerplate objection into its answers in the Supplemental Requests Responses to Requests 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, and 58 alleging that each of these requests is not full and complete in and of itself as it makes references to a complaint which is not attached to the Requests.

The foregoing objections are problematic, in part, because they were not asserted when DCR served the RPD Responses, which render the foregoing objections untimely and waived. DCR waived each of these objections because it failed to timely assert them within the time permitted, and it cannot cure that defect by asserting these objections for the first time in a supplemental response.

Moreover, if DCR withheld responsive documents on the basis of these objections, DCR's failure to identify those documents in a privilege log is a separate and sufficient ground for waiver of these objections.

Finally, DCR cannot validly assert this objection since a Rule 34 request is not required to be "full and complete in and of itself". Moreover, Rule 34 requests are not

prohibited from making reference to "a complaint which is not attached to the requests." Rule 34(b)(1)(A) merely requires that a request must describe each item or category of items to be inspected with reasonable particularity." Each of these requests describe each item or category of items to be inspected with reasonable particularity.

For all of the foregoing reasons, DCR should further amend the Supplemental Requests Responses to omit its assertion of the objections based on requests not being full and complete in and of itself as it makes references to a complaint which is not attached from its answers to Requests 11, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, and 58.

Mr. Herndon provided Mr. Gerber with the foregoing contentions, points, and authorities in his November 5, 2020 meet and confer letter. (Exhibit 1 ¶ 12, Exhibit 1-5 thereto.) Mr. Herndon and Mr. Huber discussed the subject matter of Mr. Herndon's November 5, 2020 letter with Mr. Gerber, during the Conference. (Exhibit 1 ¶ 15.) During the Conference, Mr. Gerber informed Mr. Herndon and Mr. Huber that he disagreed with USAG's position as set forth above, and that DCR had waived its objections or privileges, which is encompassed within this disputed issue. (Exhibit 1 ¶ 15.)

**Counter Defendants' Position.**

While DCR does not believe there was any waiver, and its interposition of the objection was substantially justified with respect to these requests, DCR is willing to remove the objection in supplemental responses to limit the scope of disputes before the Court.  (Gerber Decl., at ¶ 14; Ex. 2-2 thereto)

/ / /

/ / /

/ / /

/ / /

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

### 7. **Whether DCR Waived Its Objections Based On Requests Being "Impermissibly Compound" In Response To Requests 22, 24, 25, 26, And 27 And Whether Those Objections Fail Substantively.**

**USAG's Position.**

DCR also objected in the Supplemental Requests Responses to Requests 22, 24, 25, 26, and 27 on the basis of being "impermissibly compound".

The foregoing objections are problematic, in part, because they were not asserted when DCR served the RPD Responses, which render the foregoing objections untimely and waived. DCR waived each of these objections because it failed to timely assert them within the time permitted, and it cannot cure that defect by asserting these objections for the first time in a supplemental response.

Moreover, if DCR withheld responsive documents on the basis of these objections, DCR's failure to identify those documents in a privilege log is a separate and sufficient ground for waiver of these objections.

Finally, DCR cannot validly assert this objection because each of these requests describe each item or category of items to be inspected with reasonable particularity, regardless of whether or not they are "compound". In other words, it is literally impossible for these Requests to be "impermissibly" compound.

For all of the foregoing reasons, DCR should further amend the Supplemental Requests Responses to omit its assertion of the objections based on Requests being "impermissibly compound" from its answers to Requests 22, 24, 25, 26, and 27.

Mr. Herndon provided Mr. Gerber with the foregoing contentions, points, and authorities in his November 5, 2020 meet and confer letter. (Exhibit 1 ¶ 12, Exhibit 1-5 thereto.) Mr. Herndon and Mr. Huber discussed the subject matter of Mr. Herndon's November 5, 2020 letter with Mr. Gerber, during the Conference. (Exhibit 1 ¶ 15.) During the Conference, Mr. Gerber informed Mr. Herndon and Mr. Huber that he disagreed with USAG's position as set forth above, and that DCR had waived

**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

JOINT STIPULATION RE DEFENDANT/COUNTER CLAIMANT USAG'S MOTION TO COMPEL REQUESTS FOR PRODUCTION OF DOCUMENTS

its objections or privileges, which is encompassed within this disputed issue. (Exhibit 1 ¶ 15.)

**Counter Defendants' Position.**

While DCR does not believe there was any waiver, and its interposition of the objection was substantially justified with respect to these requests, DCR is willing to remove the objection in supplemental responses to limit the scope of disputes before the Court. (Gerber Decl., at ¶ 15; Ex. 2-2 thereto)

> **8.    Whether DCR Waived Its Objections Based On Requests Being Vague, Ambiguous, And Overly Broad In Response To Requests 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, And 58, And Whether Those Objections Fail Substantively.**

**USAG's Position.**

DCR also objected in the Supplemental Requests Responses to Requests 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58 on the basis of being "vague, ambiguous, and overly broad".

As for DCR's objection based on these Requests being "vague" and "ambiguous," a request is sufficient if the documents or things to be produced are of a category described with "reasonable particularity" in the request. (*See* FRCP 34(b)(1)(A); see also *SEC v. American Beryllium & Oil Corp.* (SD NY 1968) 47 FRD 66, 68.) Moreover, although the terms "by category" and "reasonable particularity" are not defined in the Rule, the apparent test is whether a respondent of average intelligence would know what items to produce. *See Regan-Touhy v. Walgreen Co.* (10th Cir. 2008) 526 F3d 641, 649-650; *see also In re Folding Carton Antitrust Litig.* (ND IL 1977) 76 FRD 420, 424; *see also Kidwiler v. Progressive Paloverde Ins. Co.* (ND WV 2000) 192 FRD 193, 202.

Based on the foregoing standards, none of these Requests are "vague" or "ambiguous" since each of the Requests describes the documents or things to be produced in response thereto with "reasonable particularity". DCR apparently does

**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

not disagree, since it failed to provide any explanation whatsoever as to how any of the Requests fails to describe the documents or things to be produced with "reasonable particularity".

Also, none of the Requests are "vague" because a respondent of average intelligence would know what items to produce in response to each of the Requests. Again, DCR apparently does not disagree, since it failed to provide any explanation whatsoever as to how a respondent of average intelligence would not know what items to produce in response to any of the Requests.

DCR's objection based on these Requests being "overbroad" are problematic because it failed to specify how any of these Requests are "overbroad" in any manner whatsoever or provide any reasons why any of these Requests are "overbroad" in any manner whatsoever.

Finally, if DCR withheld responsive documents on the basis of these objections, DCR's failure to identify those documents in a privilege log is a separate and sufficient ground for waiver of these objections.

For all of the foregoing reasons, DCR should further amend the Supplemental Requests Responses to omit its assertion of the objections based on Requests being being vague, ambiguous, and overly broad from its answers to Requests 22, 24, 25, 26, and 27.

Mr. Herndon provided Mr. Gerber with the foregoing contentions, points, and authorities in his November 5, 2020 meet and confer letter. (Exhibit 1 ¶ 12, Exhibit 1-5 thereto.) Mr. Herndon and Mr. Huber discussed the subject matter of Mr. Herndon's November 5, 2020 letter with Mr. Gerber, during the Conference. (Exhibit 1 ¶ 15.) During the Conference, Mr. Gerber informed Mr. Herndon and Mr. Huber that he disagreed with USAG's position as set forth above, and that DCR had waived its objections or privileges, which is encompassed within this disputed issue. (Exhibit 1 ¶ 15.)

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

JOINT STIPULATION RE DEFENDANT/COUNTER CLAIMANT USAG'S MOTION TO COMPEL REQUESTS FOR PRODUCTION OF DOCUMENTS

**Counter Defendants' Position.**

USAG's contention that these objections have been "waived" is limited to the argument that "if DCR withheld responsive documents on the basis of these objections, DCR's failure to identify those documents in a privilege log is a separate and sufficient ground for waiver of these objections." However, DCR is not aware of any authority – nor does USAG cite any – that would require it to identify documents being withheld by way of these objections in a privilege log as these objections do not relate to any privilege. As a result, the waiver argument is without merit.

Further, the objections have substantive merit. First, each of the subject requests contain one or more of the following terms defined by USAG; YOU, YOUR, OR AGREEMENT. USAG defined the terms YOU and YOUR as follows: "the terms "YOU" or "YOUR" shall mean and refer to Plaintiff and Counter-Defendant herein, DCR Marketing, Inc., as well as all agents, independent contractors, servants, partners, attorneys, accountants, insurance carriers, and other representatives acting or purporting to act on YOUR behalf" and the term AGREEMENT as follows: "the term "AGREEMENT" shall mean the "Agreement" as defined in YOUR Complaint". These defined terms, particularly YOU and YOUR are vague, ambiguous and overly broad. By way of most obvious example, the terms YOU and YOUR encompass not only DCR, but also "all agents, independent contractors, servants, partners, attorneys, accountants, insurance carriers, and other representatives acting or purporting to act on YOUR behalf". DCR cannot possibly be expected to provide responses to these requests on behalf of each of these categories of people/entities encompassed by these definitions. Using No. 57 as an example, how could DCR possibly know whether any one these people/entities have made any "disclosure to USAG that REFERS OR RELATES to TruCash" at any time?

There are additional undefined terms which render the requests vague, ambiguous and overly broad. By way of example, Nos. 48, 51, and 55 make vague and ambiguous references to the phrases "business model", "business type", and

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

"business operations".  DCR is unable to ascertain what is meant by these defined terms and further many of DCR's business operations would not apply to the claims and defenses being asserted in this litigation.  Similarly, Nos. 56 and 59 make vague and ambiguous references to "due diligence" and "underwriting" without specifying a particular time period when there were at least two rounds of "due diligence" and "underwriting".

In addition to the overbreadth of the defined terms, many of these requests seek an overly broad production of documents.  By way of example, No. 48 purportedly seeks the production of "[a]ny and all DOCUMENTS, ESI and COMMUNICATIONS that REFER OR RELATE to YOUR business mode before YOU entered into the AGREEMENT".  In essence, this request is apparently seeking every single document or electronic file having to do with DCR's business before its agreement with USAG.  USAG cannot reasonably contend every single document related to DCR's business over the last 20 years is within the permissible scope of discovery in this matter.

Finally, DCR agreed to produce documents responsive to Nos. 50-51, and 56-58 notwithstanding the objections.  (Gerber Decl., at ¶ 16.)

**9.    Whether DCR Waived Its Objections Based On Requests Seeking Information Which Is Neither Relevant Nor Reasonably Calculated To Lead To The Discovery Of Admissible Evidence In Response To Requests 49, 50, And 54.**

**USAG's Position.**

DCR also objected in the Supplemental Requests Responses to Requests 49, 50, and 54 on the basis of being seeking "information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence".

With respect to Requests 49, 50, and 54, the foregoing objections are problematic, in part, because they were not asserted when DCR served the RPD Responses, which render the foregoing objections untimely and waived. DCR waived

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

each of these objections because it failed to timely assert them within the time permitted, and it cannot cure that defect by asserting these objections for the first time in a supplemental response.

Moreover, if DCR withheld documents responsive to Requests 49, 50, and 54 on the basis of these objections, DCR's failure to identify those documents in a privilege log is a separate and sufficient ground for waiver of these objections.

For all of the foregoing reasons, DCR should further amend the Supplemental Requests Responses to omit its assertion of the objections based on Requests seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence from its answers to Requests 49, 50, and 54.

Mr. Herndon provided Mr. Gerber with the foregoing contentions, points, and authorities in his November 5, 2020 meet and confer letter. (Exhibit 1 ¶ 12, Exhibit 1-5 thereto.) Mr. Herndon and Mr. Huber discussed the subject matter of Mr. Herndon's November 5, 2020 letter with Mr. Gerber, during the Conference. (Exhibit 1 ¶ 15.) During the Conference, Mr. Gerber informed Mr. Herndon and Mr. Huber that he disagreed with USAG's position as set forth above, and that DCR had waived its objections or privileges, which is encompassed within this disputed issue. (Exhibit 1 ¶ 15.)

**Counter Defendants' Position.**

Contrary to USAG's position, this objection was not waived and was interposed in each of the initial responses.  Each of the initial responses to these requests object to the request, in part, on the ground that the requested documents are "protected from disclosure".  (Gerber Decl., at ¶ 17.)  This objection refers to documents which are not within the permissible scope of discovery, i.e. "protected from disclosure".  Thus, there was no waiver to timely assert the objections.

Similarly, without merit is USAG's argument that the failure to identify any withheld documents was somehow waived by not providing a privilege log identifying these documents.  USAG does not provide any legal authority indicating

110

that documents being withheld as irrelevant are required to be set forth in a privilege log.  That is because there is no such requirement.  Only documents being withheld on the basis of a privilege, such as the attorney client privilege are subject to being identified in a privilege log.  (See FRCP 26(b)(5)(A) ["[w]hen a party withholds information *otherwise discoverable* by claiming that the information is privileged or subject to protection as trial-preparation material…" a privilege log is required. (Emphasis Added)].)

As a result, the objection is well-founded and have not been waived.

**10.** **Whether DCR Waived Its Objections Based On Requests Seeking Information Which Is Neither Relevant Nor Reasonably Calculated To Lead To The Discovery Of Admissible Evidence" In Response To Requests 48, 52, And 53, And Whether Those Objections Fail Substantively.**

**USAG's Position.**

DCR also objected in the Supplemental Requests Responses to Requests 48, 52, and 53 on the basis of being seeking "information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence".

Request 48 states: "Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to YOUR business model before YOU entered the AGREEMENT." Request 52 states: "Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to YOUR submission of TruCash transactions to USAG to process under the AGREEMENT." Request 53 states: "Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to YOUR submission of TLE loan transactions to USAG to process under the AGREEMENT."

DCR made these same objections to Requests 48, 52, and 53 in the RPD Responses, in response to which Mr. Herndon drafted his October 15, 2020 letter to Mr. Gerber, which addressed those objections. In Mr. Herndon's October 15, 2020 meet and confer letter, he explained that under the Rules, each party generally has the

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

right to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case". (*See* Rule 26(b)(1).)

Mr. Herndon also explained in his October 15, 2020 meet and confer letter that in its pleadings, USAG alleged, with respect to DCR's business model, that although DCR processed a small number of transactions for sales of TruCash, that was only about two percent (2%) of DCR's total transactions. Instead, DCR's main business, 98% of its transactions, was processing transactions for loan products related to tribal lending ("Tribal Lending"). Related thereto, a Tribal Lending Enterprise ("TLE") is a type of American financial services and lending organization owned and operated by a federally recognized Native American tribal government. A TLE's operations take place on sovereign tribal land and consist primarily of making loans to consumers by the TLE. Critics of TLEs and Tribal Lending argue that the conception of TLEs has meant to act as a loophole allowing pay day lenders to make short term consumer loans without regulation or oversight from state governments which would otherwise block such loan products.

Mr. Herndon also explained in his October 15, 2020 meet and confer letter that based on information DCR disclosed in its filings with the Court, its business operations classify it as a "high-risk" merchant based on certain risk factors discussed above. However, USAG alleges that DCR intentionally concealed and/or misrepresented its true operations from USAG during its negotiations with USAG regarding USAG providing services to DCR. Specifically, DCR intentionally concealed its involvement with TLEs and Tribal Lending by taking transactions from sub-merchants peddling the same and failing to disclose the nature of those transactions to USAG. Such actions equated to DCR allowing a third-party undisclosed to USAG to use its USAG Merchant Account to process transactions which DCR knew would, if fully disclosed, either be prohibited or much more expensive than what USAG was charging under its agreement with DCR. DCR was

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

112

able to mask its behavior by representing that such transactions were for TruCash when, in fact, they were not.

I also explained in his October 15, 2020 meet and confer letter that the reason a sub-merchant uses a straw merchant like DCR to process extremely high-risk transactions through the straw merchant's merchant account such as the one granted to DCR under the Agreement is because straw merchants such as DCR know that such sub-merchants generally have trouble finding processing relationships due to their business model being disfavored by the Card Brands, such as Tribal Lending, which as mentioned above is prohibited by most of USAG's Processing Partners. Some might argue that DCR's intentional concealment to obtain a line of credit (the ability to process transactions and receive payment from a third-party bank prior to the money being collected from a card holder's bank) under false pretenses amounts to credit card laundering and/or wire fraud.

As Mr. Herndon also explained in his October 15, 2020 meet and confer letter, pursuant to Rule 26(b)(1), and based on the foregoing analysis, DCR's objections are inapplicable since Requests 48, 52, and 53 clearly seek discovery consisting of nonprivileged matter that is relevant to its claim or defense, and that is proportional to the needs of the case.

Moreover, if DCR withheld documents responsive to Requests 48, 52, and 53 on the basis of these objections, DCR's failure to identify those documents in a privilege log is a separate and sufficient ground for waiver of these objections.

For all of the foregoing reasons, DCR should further amend the Supplemental Requests Responses to omit its assertion of the objections based on Requests seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence from its answers to Requests 48, 52, and 53.

Mr. Herndon provided Mr. Gerber with the foregoing contentions, points, and authorities in his November 5, 2020 meet and confer letter. (Exhibit 1 ¶ 12, Exhibit 1-5 thereto.) Mr. Herndon and Mr. Huber discussed the subject matter of Mr.

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

113

1  Herndon's November 5, 2020 letter with Mr. Gerber, during the Conference. (Exhibit

2  1 ¶ 15.) During the Conference, Mr. Gerber informed Mr. Herndon and Mr. Huber

3  that he disagreed with USAG's position as set forth above, and that DCR had waived

4  its objections or privileges, which is encompassed within this disputed issue. (Exhibit

5  1 ¶ 15.)

6  **Counter Defendants' Position.**

7  　　USAG's contention that a relevancy objection has been waived because

8  documents withheld pursuant thereto have not been identified in a privilege log is,

9  again, a headscratcher.  USAG does not provide any legal authority indicating that

10  documents being withheld as irrelevant are required to be set forth in a privilege log.

11  That is because there is no such requirement.  Only documents being withheld on the

12  basis of a privilege, such as the attorney client privilege are subject to being identified

13  in a privilege log.  (See FRCP 26(b)(5)(A) ["[w]hen a party withholds information

14  *otherwise discoverable* by claiming that the information is privileged or subject to

15  protection as trial-preparation material…" a privilege log is required. (Emphasis

16  Added)].)  The objection was properly interposed and was not waived.

17  　　Turning to the substantive validity of the objection, No. 48 purportedly seeks

18  the production of "[a]ny and all DOCUMENTS, ESI and COMMUNICATIONS that

19  REFER OR RELATE to YOUR business mode before YOU entered into the

20  AGREEMENT".  In essence, this request is apparently seeking every single document

21  or electronic file having to do with DCR's business before its agreement with USAG.

22  USAG cannot reasonably contend every single document related to DCR's business

23  over the last 20 years is within the permissible scope of discovery in this matter.  Nor

24  does USAG make any offer of proof above about how such extensive and limitless

25  information would be relevant to this case.

26  / / /

27  / / /

28  / / /

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

**11.** **Whether DCR Is Required To Produce Discovery Responsive To Requests 51, 56, 57, And 58 That Is In The Possession, Custody Or Control Of Third Parties Because Such Discovery May Also Be In DCR's Control.**

**USAG's Position.**

Additionally, DCR's answers in the Supplemental Requests Responses to Requests 51, 56, 57, and 58 state, in part: "Responding Party is informed and believes that additionally responsive documents may be in the possession, custody or control of third parties." DCR needs to provide additional information related to those "third parties" because DCR may be legally obligated to produce the "additionally responsive documents" to which it refers. That is because, as Mr. Herndon previously informed Mr. Gerber in his October 15, 2020 meet and confer letter, property is deemed within a party's "possession, custody, or control" if the party has actual possession, custody, or control thereof or the *legal right* to obtain the property on demand. *See In re Bankers Trust Co.* (6th Cir. 1995) 61 F3d 465, 469; *see also Starlight Int'l Inc. v. Herlihy* (D KS 1999) 186 FRD 626, 635; *see also McKesson Corp. v. Islamic Republic of Iran* (D DC 1999) 185 FRD 70, 77—party seeking to compel inspection normally bears burden of establishing responding party's control over property in question through a principal-agent relationship or otherwise.

Moreover, and also as Mr. Herndon previously informed Mr. Gerber in his October 15, 2020 meet and confer letter, a party who by statute or contract has the *exclusive right* to command release of property held by another may be deemed in "control" thereof and ordered to produce the property in response to a FRCP 34 request. *See In re Legato Systems, Inc. Secur. Litig.* (ND CA 2001) 204 FRD 167, 170—party had "control" of transcript of his deposition in other proceedings because he had *statutory right* to obtain copy; *see also Preservation Products, LLC v. Nutraceutical Clinical Laboratories Int'l, Inc.* (ND IL 2003) 214 FRD 494, 495—party required to execute SEC form consenting to release of testimony and documents

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

provided to SEC; *see also United States v. Approximately $7,400 in United States Currency* (ED WI 2011) 274 FRD 646, 647—party obligated to produce her account records when she has legal right to those records; *see also Coral Group, Inc. v. Shell Oil Co.* (WD MO 2012) 286 FRD 426, 441—"financial records held by a party's accountant are within the party's 'control' for purposes of discovery".

Also, because the requirement is in the disjunctive ("possession, custody *or* control"), actual possession of a document or thing is not required. *See In re Bankers Trust Co.* (6th Cir. 1995) 61 F3d 465, 469.) A party may be ordered to produce documents in the possession of nonparty entities that are under its control; e.g., a corporate party may be ordered to produce documents held by a subsidiary that is not a party to the action. *See United States v. Faltico* (8th Cir. 1978) 586 F2d 1267, 1270; *see also Japan Halon Co., Ltd. v. Great Lakes Chem. Corp.* (ND IN 1993) 155 FRD 626, 627—documents held by parent company were within "control" of subsidiary because of overlapping boards and close relationship between them.

Moreover, a party must produce documents in the possession of its present *or former* counsel. *See Johnson v. Askin Capital Mgmt., L.P.* (SD NY 2001) 202 FRD 112, 113.

Therefore, please (1) identify the "third parties" to whom DCR referred, and (2) explain the relationship between DCR and those "third parties" so that it can be determined whether or not DCR has a duty to produce those documents based on the documents being in DCR's possession, custody, or control.

Mr. Herndon provided Mr. Gerber with the foregoing contentions, points, and authorities in his November 5, 2020 meet and confer letter. (Exhibit 1 ¶ 12, Exhibit 1-5 thereto.) Mr. Herndon and Mr. Huber discussed the subject matter of Mr. Herndon's November 5, 2020 letter with Mr. Gerber, during the Conference. (Exhibit 1 ¶ 15.) During the Conference, Mr. Gerber informed Mr. Herndon and Mr. Huber that he disagreed with USAG's position as set forth above. (Exhibit 1 ¶ 15.)

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

**Counter Defendants' Position.**

The specific subject matter of this request was not discussed during the parties Rule 37-1 Conference.   (Gerber Decl., at ¶ 18.)   However, based on USAG's representation above that if DCR (1) identif[ies] the "third parties" to whom DCR referred, and (2) explain[s] the relationship between DCR and those "third parties" so that it can be determined whether or not DCR has a duty to produce those documents based on the documents being in DCR's possession, custody, or control, this particular dispute will be resolved for purposes of this Joint Stipulation, DCR will provide supplemental responses with this information.   (Gerber Decl., at ¶ 18; Ex. 2-2 thereto)

For the record, DCR believes its responses are entirely appropriate.   First, a party has no obligation to obtain records from nonparty independent contractors. (*Nosal v. Granite Park LLC* (SD NY 2010) 269 FRD 284, 290—party need not produce documents from third parties if compulsory process against those parties is available to party seeking documents (e.g., nonparty vendors party did not control)] And a party is not in "control" of records that the requesting party has equal ability to obtain from public sources. (See *Estate of Young Through Young v. Holmes* (D NV 1991) 134 FRD 291, 294.)   Second, it should be noted that on a motion to compel, the burden is on the party seeking discovery to produce *facts* showing the responding party has the requisite "control." (*Steele Software Systems Corp. v. DataQuick Info. Systems, Inc.* (D MD 2006) 237 FRD 561, 564; *Cotracom Commodity Trading Co. v. Seaboard Corp.* (D KS 1999) 189 FRD 655, 663.)   Here, USAG has not attempted to – nor it will be able to – support its burden.

### 12.   Whether DCR Must Produce Discovery Responsive To Request 50.

**USAG's Position.**

DCR's answers in the Supplemental Requests Responses to Request 50 states in part: "Subject to, and without waiving the foregoing objections, Responding Party responds as follows: Responding Party is not making this contention and therefore cannot produce any documents in response to this request."

**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

JOINT STIPULATION RE DEFENDANT/COUNTER CLAIMANT USAG'S MOTION TO COMPEL REQUESTS FOR PRODUCTION OF DOCUMENTS

Request 50 states: ""Any and all DOCUMENTS, ESI, and COMMUNICATIONS that REFER OR RELATE to USAG's contention in paragraph 13 of the COUNTERCLAIM (for purposes of these requests for production, the term "COUNTERCLAIM" shall mean the Second Amended Counterclaims filed by USAG in Case No. 8:19-cv-01897 on May 21, 2020, Document 58) that "DCR's business operations as recently disclosed classify it as a 'high-risk' merchant based on the risk factors."

This objection is problematic, in part, because it was not asserted when DCR served the RPD Responses, which render the foregoing objection untimely and waived. DCR waived this objection because it failed to timely assert it within the time permitted, and it cannot cure that defect by asserting this objection for the first time in a supplemental response.

Moreover, if DCR withheld documents responsive to Request 50 on the basis of these objection, DCR's failure to identify those documents in a privilege log is a separate and sufficient ground for waiver of this objection.

Finally, DCR's response is problematic, in part, because it is an improper basis for DCR to avoid producing all responsive documents in its possession, custody, or control. Whether or not DCR is "making this contention" is unrelated to whether or not it has responsive documents in its possession, custody, or control. Either it does or it does not. If it does, it must produce them immediately.

Mr. Herndon provided Mr. Gerber with the foregoing contentions, points, and authorities in his November 5, 2020 meet and confer letter. (Exhibit 1 ¶ 12, Exhibit 1-5 thereto.) Mr. Herndon and Mr. Huber discussed the subject matter of Mr. Herndon's November 5, 2020 letter with Mr. Gerber, during the Conference. (Exhibit 1 ¶ 15.) During the Conference, Mr. Gerber informed Mr. Herndon and Mr. Huber that he disagreed with USAG's position as set forth above. (Exhibit 1 ¶ 15.)

**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

**Counter Defendants' Position.**

First, USAG improperly characterizes DCR's *response* to this request as an "objection". To be clear, the quoted language -- "Responding Party is not making this contention and therefore cannot produce any documents in response to this request" -- was not an objection but DCR's response. As a result, there could be no waiver.

Second, USAG suggests that DCR is required to produce documents related to a legal contention being made by USAG. DCR has not made this legal contention, does not understand the basis for USAG's contention and, therefore, does not have any documents to produce.

### 13. Whether DCR Must Provide Further Responses To The Requests That Omit All Objections And Assertions Of Privilege.

**USAG's Position.**

In sum and based on USAG's position with respect to all the foregoing disputed issues, DCR must provide responses to all the Requests that omit all objections and assertions of privilege. All the objections and assertions of privilege that DCR has made in response to the Requests so far have been waived and/or fail substantively for all the reasons set forth herein. DCR is also time-barred from making any objections and assertions of privilege in response to the Requests that it has not already made.

Mr. Herndon provided Mr. Gerber with the foregoing contentions, points, and authorities in his November 5, 2020 meet and confer letter. (Exhibit 1 ¶ 12, Exhibit 1-5 thereto.) Mr. Herndon and Mr. Huber discussed the subject matter of Mr. Herndon's November 5, 2020 letter with Mr. Gerber, during the Conference. (Exhibit 1 ¶ 15.) During the Conference, Mr. Gerber informed Mr. Herndon and Mr. Huber that he disagreed with USAG's position as set forth above, and that DCR had waived

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

its objections or privileges, which is encompassed within this disputed issue. (Exhibit 1 ¶ 15.)

**Counter Defendants' Position.**

DCR's positions with respect to each of the specific issues which this apparently global issue addresses have been set forth above.

## 14.    Whether DCR Must Produce All Documents Responsive To The Requests In Its Possession, Custody, Or Control.

**USAG's Position.**

In sum, and based on USAG's position with respect to all the foregoing disputed issues, DCR must produce all "DOCUMENTS" (as defined in the Requests) responsive to the Requests in its possession, custody, or control, as it has no legal basis for withholding any of the responsive "DOCUMENTS".

Mr. Herndon provided Mr. Gerber with the foregoing contentions, points, and authorities in his November 5, 2020 meet and confer letter. (Exhibit 1 ¶ 12, Exhibit 1-5 thereto.) Mr. Herndon and Mr. Huber discussed the subject matter of Mr. Herndon's November 5, 2020 letter with Mr. Gerber, during the Conference. (Exhibit 1 ¶ 15.) During the Conference, Mr. Gerber informed Mr. Herndon and Mr. Huber that he disagreed with USAG's position as set forth above, and that DCR had waived its objections or privileges, which is encompassed within this disputed issue. (Exhibit 1 ¶ 15.)

**Counter Defendants' Position.**

DCR has already agreed to produce all non-privileged documents responsive to the majority of USAG's requests and further produced a privilege log.  (Gerber Decl., at ¶ 15; Ex. 2-1 thereto)

With respect to the balance of the requests at issue, DCR's positions are set forth above.

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

### 15. <u>Whether DCR Must Organize And Label The Documents In The First DCR Production To Correspond To The Categories In The Requests</u>.

<u>USAG's Position.</u>

On November 5, 2020, DCR made its first production of documents, consisting of documents Bates Stamped DCR-000001-DCR-000106 (the "First DCR Production"). Mr. Herndon and Mr. Huber discussed the First DCR Production with Mr. Gerber during the Conference. (Exhibit 1 ¶ 15.) Mr. Gerber explained that the First DCR Production was a partial production of the non-privileged documents in DCR's possession, custody, or control that are responsive to the Requests. (Exhibit 1 ¶ 15.)

Mr. Herndon addressed a meet and confer letter to Mr. Gerber related to the First DCR Production, dated November 6, 2020. (Exhibit 1 ¶ 14, and Exhibit 1-6 thereto.) Therein, Mr. Herndon pointed out that when DCR made the First DCR Production, it failed to comply with FRCP Rule 34(b)(2)(E)(i), which required DCR to organize and label the documents in the First DCR Production to correspond to the categories in the Requests.

Mr. Herndon made the above request knowing that FRCP Rule 34(b)(2)(E)(i) also provides DCR the option of producing the documents in the First DCR Production as they are kept in their usual course of business. However, the circumstances that allow for such a production do not seem to be present here. Specifically, if the documents were not prepared as part of a "routine and repetitive activity," they must be organized and identified to correspond to the categories in the demand. *See SEC v. Collins & Aikman Corp*., supra, 256 FRD at 410—documents collected as part of government investigation rather than ongoing business. Moreover, a party producing documents as they are kept in the "usual course of business" "bears the burden of demonstrating that the documents made available were in fact produced consistent with that mandate." [*Pass & Seymour, Inc. v. Hubbell Inc.,* supra, 255 FRD

JOINT STIPULATION RE DEFENDANT/COUNTER CLAIMANT USAG'S MOTION TO COMPEL REQUESTS FOR PRODUCTION OF DOCUMENTS

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

at 334; see also *Johnson v. Kraft Foods North America, Inc.* (D KS 2006) 236 FRD 535, 540-541—producing party must provide *evidence* rather than mere assertions that documents produced as kept in "ordinary course of business".

If DCR produced the documents in the First DCR Production as they are kept in their usual course of business, it would be required to produce evidence that the documents in the First DCR Production were prepared as part of a "routine and repetitive activity," and demonstrate that the documents in the First DCR Production were in fact produced consistent with that mandate.

Second, based on the subject matter of the First DCR Production, USAG believes that documents responsive to the Requests that the First DCR Production responded to were omitted from the First DCR Production. Specifically, the First DCR Production does not include any correspondence between DCR and any of its submerchants, or any agreements between DCR and its submerchants. USAG believes that those items should have been included in the First DCR Production.

Mr. Herndon and Mr. Huber discussed these specific issues with Mr. Gerber during the Conference. (Exhibit 1 ¶ 15.) Mr. Herndon and Mr. Huber discussed the subject matter of Mr. Herndon's November 5, 2020 letter with Mr. Gerber, during the Conference. (Exhibit 1 ¶ 15.) Mr. Gerber stated that he would produce the remaining *non-privileged* documents that he received from DCR in its possession, custody, or control responsive to the Requests by no later than 12:00pm on Monday, November 16, 2020, which would complete the production of all the responsive *non-privileged* documents. (Exhibit 1 ¶ 15.) However, Mr. Huber expressed concern that DCR may not be providing Mr. Gerber with all the documents responsive to the Requests in its possession, custody, or control, and that it was not sufficient for Mr. Gerber to merely produce what DCR had provided to him. (Exhibit 1 ¶ 15.) Rather, Mr. Huber emphasized that it was essential for Mr. Gerber to insist that DCR provide him with all the documents responsive to the Requests in its possession, custody, or control so that all of those documents could be produced. (Exhibit 1 ¶ 15.)

Mr. Gerber also stated that he would "correlate" the non-privileged documents produced by DCR with the Requests, such that DCR would identify which Request(s) each non-privileged document is responsive to, although Mr. Gerber did not provide a timeframe for doing so. (Exhibit 1 ¶ 15.)

At this time it is uncertain whether the items Mr. Gerber promised will be completed, and because of that uncertainty USAG still considers this issue to be in dispute.

**Counter Defendants' Position.**

DCR's position is that it has produced documents responsive to USAG's request as they are kept in the normal course of its business and complied with its obligations under the FRCP.  Under FRCP 34(b), parties must produce the requested documents *either:* (1) "as they are kept in their usual course of business"; or (2) organized and labeled "to correspond to the categories of the request." (FRCP 34(b)(2)(E)(i); see *SEC v. Collins & Aikman Corp.* (SD NY 2009) 256 FRD 403, 409-410.)  This prevents parties from deliberately mixing critical documents with others in the hope of obscuring their significance. [Adv. Comm. Notes to 1970 Amendment to FRCP 34(b)].  Thus, if the responding party produces a truckload of documents, saying "this is how they are kept," the requesting party may seek an order requiring the producing party to segregate the documents into categories. (FRCP 37(a)(3); see *SEC v. Collins & Aikman Corp.*, supra, 256 FRD at 410—Rule 34 prohibits "simply dumping large quantities of unrequested materials onto the discovering party along with the items actually sought" (internal quotes omitted)]  The producing party has the choice whether to produce the documents organized by category or as they are ordinarily maintained. (*Pass & Seymour, Inc. v. Hubbell Inc.* (ND NY 2008) 255 FRD 331, 334.)

In this case, DCR has produced documents are they are ordinarily maintained. (Gerber Decl., at ¶ 20.)  By USAG's own admission, it has not produced "truckloads"

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

JOINT STIPULATION RE DEFENDANT/COUNTER CLAIMANT USAG'S MOTION TO COMPEL REQUESTS FOR PRODUCTION OF DOCUMENTS

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

of documents, or attempted to obscure important documents; rather DCR has only produced responsive documents and done so as they are ordinarily maintained. (Id.)

During DCR's Rule 37-1 Conference with USAG, Mr. Huber refused to act in a reasonable manner nor meet and confer in good faith. (Gerber Decl., at ¶ 20.) Rather, Mr. Huber made unilateral demands and refused to accept any of the solutions Mr. Gerber proposed. (Id.) Mr. Gerber said he would attempt to finalize DCR's production on or before 12:00 p.m. on November 16, 2020, but was unsure whether he would be able to do so. (Id.) Mr. Gerber also said he would look into whether an alternative manner of production would be appropriate after discussing the manner of production with his client. (Id.) DCR subsequently confirmed the documents were produced in the manner ordinarily maintained by them and, as a result, the productions were proper. (Id.) DCR offers to provide such documentary evidence if USAG agrees to withdraw this "issue" from contention. (Id.)

### 16. <u>Whether DCR Must Organize And Label The Documents In The Second DCR Production To Correspond To The Categories In The Requests.</u>

#### <u>USAG's Position.</u>

On November 12, 2020, DCR made its second production of documents, consisting of documents Bates Stamped DCR-000107-DCR-001628 (the "Second DCR Production"). Mr. Herndon and Mr. Huber discussed the Second DCR Production with Mr. Gerber during the Conference. (Exhibit 1 ¶ 15.) Mr. Gerber explained that the Second DCR Production was a partial production of the non-privileged documents in DCR's possession, custody, or control that are responsive to the Requests. (Exhibit 1 ¶ 15.)

Mr. Herndon addressed a meet and confer letter to Mr. Gerber related to the Second DCR Production, dated November 12, 2020. (Exhibit 1 ¶ 14, and Exhibit 1-7 thereto.) Therein, Mr. Herndon pointed out that when DCR made the Second DCR

Production, it failed to comply with FRCP Rule 34(b)(2)(E)(i), which required DCR to organize and label the documents in the Second DCR Production to correspond to the categories in the Requests.

Mr. Herndon made the above request knowing that FRCP Rule 34(b)(2)(E)(i) also provides DCR the option of producing the documents in the Second DCR Production as they are kept in their usual course of business. However, the circumstances that allow for such a production do not seem to be present here. Specifically, if the documents were not prepared as part of a "routine and repetitive activity," they must be organized and identified to correspond to the categories in the demand. *See SEC v. Collins & Aikman Corp*., supra, 256 FRD at 410—documents collected as part of government investigation rather than ongoing business. Moreover, a party producing documents as they are kept in the "usual course of business" "bears the burden of demonstrating that the documents made available were in fact produced consistent with that mandate." [*Pass & Seymour, Inc. v. Hubbell Inc.,* supra, 255 FRD at 334; see also *Johnson v. Kraft Foods North America, Inc.* (D KS 2006) 236 FRD 535, 540-541—producing party must provide *evidence* rather than mere assertions that documents produced as kept in "ordinary course of business".

If DCR produced the documents in the Second DCR Production as they are kept in their usual course of business, it would be required to produce evidence that the documents in the Second DCR Production were prepared as part of a "routine and repetitive activity," and demonstrate that the documents in the Second DCR Production were in fact produced consistent with that mandate.

Second, based on the subject matter of the Second DCR Production, USAG believes that documents responsive to the Requests that the Second DCR Production respond to were omitted from the Second DCR Production. Specifically, the Second DCR Production does not include anything about the Blue Novis settlement, any merchant agreements with the sub merchants, any correspondence whatsoever, anything related to DCR's business agreements and how they're set up, anything about

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

125

underwriting. Those items should have been included in the Second DCR Production. Therefore, please immediately produce those items as they are untimely.

Mr. Herndon and Mr. Huber discussed these specific issues with Mr. Gerber during the Conference. (Exhibit 1 ¶ 15.) Mr. Herndon and Mr. Huber discussed the subject matter of Mr. Herndon's November 12, 2020 letter with Mr. Gerber, during the Conference. (Exhibit 1 ¶ 15.) Mr. Gerber stated that he would produce the remaining *non-privileged* documents that he received from DCR in its possession, custody, or control responsive to the Requests by no later than 12:00pm on Monday, November 16, 2020. (Exhibit 1 ¶ 15.) However, Mr. Huber expressed concern that DCR may not be providing Mr. Gerber with all the documents responsive to the Requests in its possession, custody, or control, and that it was not sufficient for Mr. Gerber to merely produce what DCR had provided to him. (Exhibit 1 ¶ 15.) Rather, Mr. Huber emphasized that it was essential for Mr. Gerber to insist that DCR provide him with all the documents responsive to the Requests in its possession, custody, or control so that all of those documents could be produced. (Exhibit 1 ¶ 15.)

Mr. Gerber also stated that he would "correlate" the non-privileged documents produced by DCR with the Requests, such that DCR would identify which Request(s) each non-privileged document is responsive to, although Mr. Gerber did not provide a timeframe for doing so. (Exhibit 1 ¶ 15.)

At this time it is uncertain whether the items Mr. Gerber promised will be completed, and because of that uncertainty USAG still considers this issue to be in dispute.

## Counter Defendants' Position.

DCR's position is that it has produced documents responsive to USAG's request as they are kept in the normal course of its business and complied with its obligations under the FRCP.  Under FRCP 34(b), parties must produce the requested documents *either:* (1) "as they are kept in their usual course of business"; or (2) organized and labeled "to correspond to the categories of the request." (FRCP

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

34(b)(2)(E)(i); see *SEC v. Collins & Aikman Corp*. (SD NY 2009) 256 FRD 403, 409-410.)  This prevents parties from deliberately mixing critical documents with others in the hope of obscuring their significance. [Adv. Comm. Notes to 1970 Amendment to FRCP 34(b)].  Thus, if the responding party produces a truckload of documents, saying "this is how they are kept," the requesting party may seek an order requiring the producing party to segregate the documents into categories. (FRCP 37(a)(3); see *SEC v. Collins & Aikman Corp*., supra, 256 FRD at 410—Rule 34 prohibits "simply dumping large quantities of unrequested materials onto the discovering party along with the items actually sought" (internal quotes omitted)]  The producing party has the choice whether to produce the documents organized by category or as they are ordinarily maintained. (*Pass & Seymour, Inc. v. Hubbell Inc.* (ND NY 2008) 255 FRD 331, 334.)

In this case, DCR has produced documents are they are ordinarily maintained. (Gerber Decl., at ¶ 20.)  By USAG's own admission, it has not produced "truckloads" of documents, or attempted to obscure important documents; rather DCR has only produced responsive documents and done so as they are ordinarily maintained.  (Id.)

During DCR's Rule 37-1 Conference with USAG, Mr. Huber refused to act in a reasonable manner nor meet and confer in good faith.  (Gerber Decl., at ¶ 20.)  Rather, Mr. Huber made unilateral demands and refused to accept any of the solutions Mr. Gerber proposed.  (Id.)  Mr. Gerber said he would attempt to finalize DCR's production on or before 12:00 p.m. on November 16, 2020, but was unsure whether he would be able to do so.  (Id.)  Mr. Gerber also said he would look into whether an alternative manner of production would be appropriate after discussing the manner of production with his client.  (Id.)  DCR subsequently confirmed the documents were produced in the manner ordinarily maintained by them and, as a result, the productions were proper.  (Id.)  DCR offers to provide such documentary evidence if USAG agrees to withdraw this "issue" from contention.  (Id.)

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

JOINT STIPULATION RE DEFENDANT/COUNTER CLAIMANT USAG'S MOTION TO COMPEL REQUESTS FOR PRODUCTION OF DOCUMENTS

### 17.   Whether Monetary Sanctions Should Issue Against Counter-Claim Defendants, Their Counsel, Or Both.

**USAG's Position.**

Fed. R. Civ. P. 37(a)(5)(A) provides that a party bringing a motion to compel is entitled to the "reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response or objection was substantially justified, or that other circumstances make an award of expenses unjust."

Here, USAG clearly did not file the instant joint stipulation without first making a good faith effort to obtain the disclosure or discovery without court action. Prior to requesting filing the joint stipulation, Mr. Herndon diligently and carefully reviewed the RFP Responses, and drafted a comprehensive meet and confer letter based thereon in the hopes that DCR would voluntarily provide what it is required to provide. (Exhibit 1 ¶ 9, and Exhibit 1-4 thereto.)

Thereafter, USAG provided DCR with additional time to provide what Mr. Herndon requested in his October 15, 2020 meet and confer letter. However, DCR failed to timely provide those responses and documents as set forth above. In fact, it appears as though DCR and its counsel engaged in a coordinated attempt to deliberately delay providing USAG with the RFP Responses, and all discovery responsive to the Requests, so as to deprive USAG of having sufficient time to complete the meet and confer process set forth in L.R. 37-1 in time to file a motion to compel (if necessary) prior to the November 27, 2020 deadline for doing so. That appears to be the case despite the fact that Mr. Herndon drafted a second comprehensive meet and confer letter requesting further responses and discovery in the hopes that DCR would voluntarily provide what it is required to provide. (Exhibit 1 ¶ 12, and Exhibit 1-5 thereto.)

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

JOINT STIPULATION RE DEFENDANT/COUNTER CLAIMANT USAG'S MOTION TO COMPEL REQUESTS FOR PRODUCTION OF DOCUMENTS

Based on the above, USAG clearly made a sufficient good faith effort to obtain the disclosure or discovery without court action.

Moreover, DCR's nondisclosure, response or objection was not substantially justified, and no circumstances would make an award of expenses unjust. The burden of establishing substantial justification is on the party being sanctioned. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994).

Here, DCR will be unable to establish substantial justification. As set forth above, DCR provided only objections and assertions of privilege in the RFP Responses, and it refused to produce any responsive discovery whatsoever. Thereafter, DCR waited until November 2020 before providing any substantive responses to the Requests, or any discovery responsive to the Requests. DCR did so despite the following admonition in the Prior Continuance Application Order, which was issued on August 17, 2020:

> **IT IS HEREBY ORDERED** that the Ex Parte Application is GRANTED. DCR Marketing Inc.'s response to … outstanding written discovery, shall be due no later than the fourteenth (14th) day after its new counsel makes an appearance in this action**; provided the if (sic) new counsel has not appeared within 20 days, the response to the Third Amended Complaint and the outstanding discovery shall be due within 14 days thereafter. The Court will not countenance undue delay.**

(Exhibit 1 ¶ 7, and Exhibit 1-3 thereto, at page 2:7-12.)

In other words, the Court clearly expected DCR to provide substantive responses to the Requests, and discovery responsive to the Requests, much sooner than DCR served the "Supplemental Requests Responses.

Also, as set forth above, many aspects of DCR's answers in the Supplemental Requests Responses are identical to aspects of DCR's answers in the RFP Responses, even though Mr. Herndon addressed those aspects in his October 15, 2020 letter. The

**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

129

fact that Mr. Herndon addressed those aspects of the RFP Responses in his October 15, 2020 letter means that DCR should have corrected those items in the Supplemental Requests Responses, or at least met and conferred with USAG regarding those items. However, neither of those occurred, evidencing that DCR apparently disregarded USAG's meet and confer efforts.

Moreover, contrary to Mr. Gerber's representation during the Conference that DCR would be making a further production of approximately 1,600 documents responsive to the Requests by 12:00 p.m. on Monday, November 16, 2020, DCR made a paltry production consisting of only 86 documents, which included documents that USAG had previously filed with the Court. (Exhibit 1 ¶ 16.) Not only was that production obviously far less than the approximate 1,600 documents that Mr. Gerber represented that he would produce during the Conference, it is not all discovery that is responsive to the Requests, which is what DCR is required to produce. Moreover, that production included no new information, and certainly did not warrant a delay. It shows that DCR clearly is continuing to withhold a substantial amount of discovery responsive to the Requests, notwithstanding Mr. Gerber's representation it would be produced.

Related thereto, it is also obvious that DCR is withholding documents responsive to the Requests. A third party named Blue Novis has sued USAG in Case No. 8:20-cv-01280-JVS-DFM, the basis of which is the "Irrevocable Direction and Authorization" i.e. an assignment from DCR to Blue Novis for funds in USAG's possession related to transactions submitted by Blue Novis to USAG vis-à-vis DCR. (Exhibit 1 ¶ 17, and Exhibit 1-8 thereto.) The "Irrevocable Direction and Authorization "specifically cites to a specific agreement between Blue Novis and DCR. (Exhibit 1 ¶ 17, and Exhibit 1-8 thereto.) Moreover, that also seems to reflect that DCR had a standard agreement with all of its sub-merchants. (Exhibit 1 ¶ 17.) However, DCR has not produced any of those agreements to date, or any

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

JOINT STIPULATION RE DEFENDANT/COUNTER CLAIMANT USAG'S MOTION TO COMPEL REQUESTS FOR PRODUCTION OF DOCUMENTS

1   communications related to those business relationships, even though those documents

2   are responsive to several of the Requests. (Exhibit 1 ¶ 17.)

3       Additionally, and independently, sanctions may be imposed under 28 U.S.C. §

4   1927, which provides that "[a]ny attorney ... who so multiplies the proceedings in any

5   case unreasonably and vexatiously may be required by the court to satisfy personally

6   the excess costs, expenses, and attorneys' fees reasonably incurred because of such

7   conduct." Sanctions under this section are appropriate "for conduct that, viewed

8   objectively, manifests either intentional or reckless disregard of the attorney's duties

9   to the court." *RTC v. Dabney*, 73 F.3d 262, 265 (10th Cir. 1995), citing *Braley v.

10  Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987). Unfortunately, the prerequisites for

11  the imposition of sanctions under 28 U.S.C. § 1927 are present here for all the reasons

12  set forth above.

13      In the event the Court rules in USAG's favor as to the issues raised herein, it

14  will submit a separate accounting of the fees and costs associated with bringing a

15  motion to compel.

16  **Counter Defendants' Position.**

17      As is set forth in great detail herein, DCR has done everything it can to satisfy

18  USAG's last minute discovery demands.   Notwithstanding USAG's apparently

19  strategic decision to wait until the last minute to make extensive discovery demands,

20  DCR has complied and has done so in time for USAG to file the instance Joint

21  Stipulation, which is in stark contrast to USAG's obstructionist conduct with respect

22  to DCR's attempts to obtain its discovery.  Further, DCR has meet and conferred in

23  good-faith and served two sets of supplemental discovery responses in little more than

24  one week.  Contrary to USAG's baseless accusation that DCR intentionally delayed

25  the meet and confer process to prevent USAG from filing this Joint Stipulation, DCR

26  did meet and confer in a timely manner and this Joint Stipulation was filed in a timely

27  manner.  While DCR made sure USAG would have enough time to file their motion,

28  it is USAG who intentionally delayed the meet and confer process to intentionally

**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

JOINT STIPULATION RE DEFENDANT/COUNTER CLAIMANT USAG'S MOTION TO COMPEL REQUESTS
FOR PRODUCTION OF DOCUMENTS

**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

prevent DCR from meeting and conferring about depositions, which is the subject of another Joint Stipulation that will be filed by DCR.  Finally, USAG's decision to wait until the last minute to make extensive discovery demands is the reason the parties weren't able to meet and confer in good faith to attempt to limit the issues currently before the Court.  Thus, if sanctions are warranted, they should be imposed against USAG.  Thus, if sanctions are warranted, they should be imposed against USAG.

Even if a motion to compel responses is granted, the court need not grant sanctions against the losing party if it finds such party made or opposed the motion "with substantial justification" or that other circumstances make an award of expenses "unjust"  (FRCP 37(a)(5); *State of Ohio v. Arthur Andersen & Co.* (10th Cir. 1978) 570 F2d 1370, 1375; *Coleman v. Dydula* (WD NY 1997) 175 FRD 177, 180.)  For all the reasons discussed herein, it is always respectfully submitted that DCR acted with substantial justification and that the imposition of sanctions would otherwise be unjust.

Further, there is absolutely no analysis as to why DCR's counsel should be independently sanctioned under 28 U.S.C § 1927.  Nor is there any basis for such sanctions.  § 1927 provides that: "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof ***who so multiplies the proceedings in any case unreasonably and vexatiously*** may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  Here, USAG neither attempts to argue nor does any argument exist that DCR's counsel somehow "multiplie[d] the proceedings in [this] case unreasonably and vexatiously".  As the power to assess costs on attorney guilty of misconduct should be exercised only in instances of a serious and studied disregard for orderly processes of justice, the imposition of such sanctions here would be completely unwarranted.  (Kiefel v. Las Vegas Hacienda, Inc., C.A.7 (Ill.) 1968, 404 F.2d 1163; Overnite Transp. Co. v. Chicago Indus. Tire Co., C.A.7 (Ill.) 1983, 697 F.2d 789.)  (See also Apex Oil Co. v. Belcher Co. of New York, Inc., C.A.2

132

(N.Y.) 1988, 855 F.2d 1009 [holding statute providing for award of sanctions against attorney who unreasonably and vexatiously multiplies proceedings in any case does permit award of sanctions for discovery abuse].)

Date:  November 24, 2020          **GLOBAL LEGAL LAW FIRM**

By:   /s/ Joshua J. Herndon
      _____
      Joshua J. Herndon, Esq.
      Attorneys for Defendant/Counter Claimant U.S.
      Alliance Group, Inc. d/b/a Alternative
      Payments International

Date:  November 25, 2020          **MILLER MILLER GERBER LLP**


By:   /s/ Jonathan L. Gerber
      _____
      Jonathan L. Gerber, Esq.
      Attorneys for Plaintiff/Counter Defendant DCR
      Marketing, Inc. and Counter Defendant Diana
      Fletcher

JOINT STIPULATION RE DEFENDANT/COUNTER CLAIMANT USAG'S MOTION TO COMPEL REQUESTS FOR PRODUCTION OF DOCUMENTS