1  Jonathan L. Gerber (SBN 251219)
   jgerber@mmg-llp.com
2  Corey A. Miller (SBN 278031)
   cmiller@mmg-llp.com
3  **MILLER MILLER GERBER LLP**
   18301 Von Karman Avenue, Suite 950
4  Irvine, CA 92612
   (714) 450-3800 Tel.
5  (714) 450-3801 Fax
6  Attorneys for Plaintiff/Counter-Defendant
   DCR Marketing, Inc. and
7  Counter-Defendant Diana Fletcher

8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12  DCR MARKETING, INC., | Case No: 8:19-cv-01897-JVS-DFM |
| 13 | Case No: 8:20-cv-01280-JVS-DFM |
|      Plaintiff, | |
| 14  -vs- | **Assigned for All Purposes to Hon. James V. Selna** |
| 15  U.S. ALLIANCE GROUP, INC., dba | |
| 16  Alternative Payments International, | **PLAINTIFF/COUNTER-DEFENDANT DCR MARKETING, INC.S' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES** |
| 17      Defendant. | |
| 18 | |
| 19  U.S. ALLIANCE GROUP, INC., dba | |
| 20  Alternative Payments International, | |
| 21      Counter Claimant, | |
| 22  -vs- | |
| 23  DCR MARKETING, INC., and DIANA | |
| 24  FLETCHER | |
| 25      Counter Defendants. | |
| 26 | |
| 27 | |
| 28 | |

**PLEASE TAKE NOTICE** that on February 27, 2023 at 1:30 p.m. in Courtroom 10C of the United States Court for the Central District of California, located in Santa Ana, California, before the Honorable James Selna presiding, Plaintiff/Cross-Defendant DCR Marketing, Inc. ("DCR") hereby does and will move this Court for an award of reasonable attorneys' fees in the amount of $601,828.00 and costs on top of those sought via the Application to Tax costs in the amount of $3,052.49, as the prevailing party in this matter. This Motion is made pursuant to all applicable laws, including but not limited to Fed.R.Civ.P. 54, Civil Local Rule 54-5, the the Court's Judgment of January 13, 2023, and Section 7.14 of the Merchant Processing Agreement's Terms and Conditions (the "Agreement"), on the ground that DCR is the prevailing party on all of its claims against Defendant/Cross-Complainant U.S. Alliance Group, Inc. ("USAG"), as well as on all claims USAG alleged against it, and is therefore entitled to recovery of its reasonable attorneys' fees and costs pursuant to the Agreement between the parties.

This motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the Declarations of Jonathan L. Gerber, Corey A. Miller, Derek Edwards, and Fred Wilks, the concurrently filed exhibits, the Court's file and records in this case, all other matters of which the court may take judicial notice, and any further oral and written evidence and argument which may be submitted in support of this Motion.

Dated: January 27, 2023                    Respectfully Submitted,

                                           MILLER MILLER GERBER LLP
                                           ATTORNEYS AT LAW

                                   BY: _____/s/_____
                                           Jonathan L. Gerber
                                           Corey A. Miller
                                           Attorneys for Plaintiff/Counter Defendant

1

DCR Marketing, Inc.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Table of Contents

**I. Introduction** .................................................................................................1

**II. DCR Has Complied With All Procedural Requirements** ..........................2

    A. This Motion is Timely...............................................................................2

    B. DCR Met and Conferred with USAG Prior to Filing This Motion. ..............2

**III. Legal Standard**.............................................................................................3

    A. State Law Applies in Determining Whether to Issue the Award...................3

    B. California Law Pertaining to Contractual Fee Awards..................................3

**IV. Argument**....................................................................................................4

    A. DCR Is Entitled to Reasonable Attorneys' Fees and Costs ..........................4

        1. An Award of Reasonable Attorneys' Fees is Authorized Under the Terms of the Agreement...........................................................................4

        2. DCR is the Prevailing Party As a Matter of Law.....................................5

    B. Legal Standard for An Award of Attorneys' Fees ........................................5

    C. DCR Should Be Awarded $601,828 in Attorney's Fees Incurred................6

        1. The Rates Charged and Hours Worked Are Reasonable ..........................7

        2. DCR Already Voluntarily Imposed an $80,186.04 Reduction on its Fee Request .........................................................................................10

        3. The Work Performed and Hours Incurred Are Extremely Reasonable Under the Circumstances.....................................................11

        4. Fees Incurred in Preparing the Attorneys' Fees Motion.........................13

**V. Conclusion**.................................................................................................**14**

PLAINTIFF/COUNTER-DEFENDANT DCR MARKETING, INC.S' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES

1

## TABLE OF AUTHORITIES

**United States Supreme Court Cases**

Blum v. Stenson, 465 U.S. 886, 895 (1984) ...................................................... 7

City of Burlington v. Dague, 505 U.S. 557, 562 (1992). ................................... 6

Hensley v. Eckerhart, 461 U.S. 424, 430, fn. 4 (1983) .................................. 13

**Federal Cases**

Barrientos v. 1801-1825 Morton LLC, 583 F.3d 1197, 1216 (9th Cir. 2009) ............... 5

Camacho, 523 F.3d at 981 ................................................................. 13

Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210–11 (9th Cir. 1986). .............. 7

Ford v. Baroff, 105 F.3d 439, 442 (9th Cir. 1997) ........................................ 3

**State Cases**

Dell Merk, Inc. v. Franzia, 132 Cal. App. 4th 443, 455 (2005) ......................... 5

EnPalm, LLC v. Teitler, 162 Cal. App. 4th 770, 774 (2008) ........................... 4, 6

Hsu v. Abbara, 9 Cal. 4th 863, 876 (1995) ............................................ 4,5

Ketchum v. Moses, 24 Cal. 4th 1122, 1132 (2001) ................................. 4, 6, 13

Melnyk v. Robledo, 64 Cal. App. 3d 618, 623-624 (1976) ................................. 6

Neiderer v. Ferreira, 189 Cal.App.3d 1485, 1507 (1987) ............................... 12

People ex rel. Dept. of Transp. v. Yuki, 31 Cal.App.4th 1754, 1775 (1995) ............ 13

PLCM Grp. v. Drexler, 22 Cal. 4th 1084, 1094-95 (2000) ............................ 4, 5, 6

Thayer v. Wells Fargo Bank, N.A., 92 Cal. App. 4th 819, 833 (2001) .................... 4

**Federal Statutes, Rules, & Regulations**

FRCP 54 .............................................................................. 2

Rule 54 .............................................................................. 2

**State Statutes**

California Civil Code § 1717 ....................................................... 3, 4

PLAINTIFF/COUNTER-DEFENDANT DCR MARKETING, INC.S' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES

## I. **Introduction**

Plaintiff/Cross-Defendant DCR Marketing, Inc. ("DCR") achieved unmitigated success in this litigation, obtaining a judgment of $1,770,061.74, including a monetary award of $1,169,907.35 and the imposition of a constructive trust on the entire $1,770,061.74 in Reserve funds held by Defendant/Cross-Complainant U.S. Alliance Group, Inc. ("USAG") for the benefit of DCR. (Dkt. 312.) DCR also successfully defended against all claims asserted by USAG. DCR is indisputably the prevailing party in this action.

As recognized in Paragraph 4 of the Judgment, DCR is entitled to an award of attorney's fees as contractually authorized under Section 7.14 of the Merchant Processing Agreement's Terms and Conditions (the "Agreement"). (see Trial Ex. No. 6, p. 6.)

DCR thus hereby requests attorneys' fees in the amount of $601,828.00, which represents reasonable work at a reasonable rate for the legal services performed in this matter. DCR also requests an award of $3,052.49 representing costs in addition to those sought via DCR's Application to Tax Costs filed in this matter on January 27, 2023.

## II. **DCR Has Complied With All Procedural Requirements**

### A. **This Motion is Timely**

Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure requires that a party seeking recovery of attorney's fees file its motion "no later than 14 days after entry of judgment," "specify the judgment and the statute, rule, or other grounds entitling the moving party to the award" and provide either a fair estimate of, or the actual, amount sought." FRCP 54(d)(2)(B). Here, while the parties did not receive notice of entry of judgment from the ECF/EMF system until January 17, 2023, judgment was entered on January 13, 2023. (Dkt. 312.) DCR filed this motion on January 27, 2023.

### B. **DCR Met and Conferred with USAG Prior to Filing This Motion.**

Civil L.R. 54 provides that "Counsel for the respective parties must meet and confer for the purpose of resolving all disputed issues relating to attorney's fees before

1  making a motion for award of attorney's fees."

2      This Motion is made following the conference of counsel pursuant to Local

3  Rule 54-5 which commenced on January 23, 2023, by email sent by counsel for DCR

4  to counsel for USAG, which was followed up and completed by way of a telephonic

5  conference between counsel for the parties later that day. *See* Declaration of Corey A.

6  Miller, filed concurrently herewith. During said phone call, after exchanging

7  pleasantries, USAG's counsel indicated that they would not agree to payment of

8  attorney's fees and would be pursuing an appeal. see Miller Dec. ¶6.

9  **III. <u>Legal Standard</u>**

10     **A.   State Law Applies in Determining Whether to Issue the Award**

11     Federal Courts apply state law in determining whether to award attorney fees in

12 an action on a contract. see Ford v. Baroff, 105 F.3d 439, 442 (9th Cir. 1997).

13     **B.   California Law Pertaining to Contractual Fee Awards**

14     California Civil Code § 1717 provides, in pertinent part:

15        "In any action on a contract, where the contract specifically provides that
       attorney's fees and costs, which are incurred to enforce that contract, shall be
16        awarded either to one of the parties or to the prevailing party, then the party
       who is determined to be the party prevailing on the contract, whether he or she
17        is the party specified in the contract or not, shall be entitled to reasonable
       attorney's fees in addition to other costs."
18

19                                          Cal. Civ. Code § 1717(a).

20     Further, California law also provides that "the party prevailing on the contract

21 shall be the party who recovered greater relief in the action on the contract." Id.

22 §1717(b)(1). While a court may determine no prevailing party on the contract exists

23 for the purposes of §11717, where results are not mixed – "when the decision on the

24 litigated contract claims is purely good news for one party and bad new for the other"

25 – a trial court has no discretion to deny attorneys' fees. see Hsu v. Abbara, 9 Cal. 4th

26 863, 876 (1995).

27     Reasonable attorneys' fees authorized by contract are awarded to the prevailing

28

party "as fixed by the court." §1717(a); see also EnPalm, LLC v. Teitler, 162 Cal. App. 4th 770, 774 (2008). The trial court has broad discretion to determine the amount of a reasonable fee, and the award of fees is governed by equitable principles. EnPalm, 162 Cal. App. 4th at 774 (citing PLCM Grp. v. Drexler, 22 Cal. 4th 1084, 1094-95 (2000) ). California courts use the lodestar calculating attorney fees, California courts utilize the

The "lodestar" method is used for calculating attorney fees in California. See Thayer v. Wells Fargo Bank, N.A., 92 Cal. App. 4th 819, 833 (2001). "The first step involves the lodestar figure–a calculation based on the number of hours reasonable expended multiplied by the lawyer's hourly rate." EnPalm, 162 Cal. App. 4th at 774. "The lodestar figure may then be adjusted, based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided." Id.; see also Ketchum v. Moses, 24 Cal. 4th 1122, 1132 (2001) ("[T]rial courts must carefully review attorney documentation of hours expended; 'padding' in the form of inefficient or duplicative efforts is not subject to compensation.").

Factors to be considered in adjusting the lodestar include "the nature and difficulty of the litigation, the amount of money involved, the skill required and employed to handle the case, the attention given, the success or failure, and other circumstances in the case." EnPalm, 162 Cal. App. 4th at 774.

## IV. **Argument**

### A.   DCR Is Entitled to Reasonable Attorneys' Fees and Costs

1.   An Award of Reasonable Attorneys' Fees is Authorized Under the Terms of the Agreement

"California courts liberally construe the term 'on a contract' as used within section 1717. As long as the action 'involve[s]' a contract, it is 'on [the] contract' within the meaning of section 1717." Dell Merk, Inc. v. Franzia, 132 Cal. App. 4th 443, 455 (2005); see also Barrientos v. 1801-1825 Morton LLC, 583 F.3d 1197, 1216 (9th Cir. 2009) (an action is "on a contract" whenever "the underlying contract between the parties is not collateral to the proceedings but plays an integral part in

defining the rights of the parties").

Here, Section 7.14 of the Agreement provides, "[s]hould either Party pursue an action in court or arbitration against the other regarding any provision of this Agreement, the prevailing Party shall be entitled to all costs incurred in connection with such action, including a reasonable attorney's fees." (Trial Exhibit 6.)

Both the Complaint and Cross-Complaint here alleged cross-breaches of the Agreement, with DCR seeking release of the Reserve Funds and USAG claiming a purported right to withhold and convert the Reserve Funds under the terms of the Agreement. Clearly this entire litigation was brought with regards to and to enforce the provisions of the Agreement. Thus, the prevailing party in this litigation – which as set forth below is DCR – is entitled to an award of reasonable attorneys' fees under Section 7.14 of the Agreement.

2.   DCR is the Prevailing Party As a Matter of Law

DCR is indisputably the prevailing party in this matter, with DCR achieving a clear, unqualified win on all claims asserted both by and against DCR and obtaining a monetary judgment of $1,169,907.35 along with a constructive trust on the entire $1,770,061.74 in Reserve Funds wrongfully withheld by USAG. (Dkt. 312.) Thus, "the Court has no discretion to deny attorney fees." Hsu, 9 Cal. 4th at 876.

**B.   Legal Standard for An Award of Attorneys' Fees**

Here, DCR requests an award of attorneys' fees in the amount of $601,828.00, as well as $3,052.49 in costs incurred in this matter. This total has been calculated based on Plaintiffs' reasonable rates and hours expended as set forth below.

In order to determine a reasonable attorneys' fee award, the Court multiplies the number of hours reasonably expended on the litigation by the reasonable hourly rate. PLCM Grp., 22 Cal. 4th at 1095. A party seeking attorneys' fees may support the request by submitting evidence substantiating and documenting the hours worked and hourly rates charged. Ketchum, 24 Cal. 4th at 1132. The lodestar figure is presumptively reasonable. See City of Burlington v. Dague, 505 U.S. 557, 562 (1992).

- 5 -

("We have established a strong presumption that the lodestar represents the reasonable fee[.]") Thus, adjustments to the lodestar amount are permitted only if warranted by the circumstances and are reserved for rare or exceptional cases. Rouse v. Law Offices of Rory Clark, 603 F.3d 699, 704 (9th Cir. 2010).

As set forth above, factors to be considered in adjusting the lodestar include "the nature and difficulty of the litigation, the amount of money involved, the skill required and employed to handle the case, the attention given, the success or failure, and other circumstances in the case." EnPalm, 162 Cal. App. 4th at 774 See PLCM, 22 Cal. 4th at 1096 (citing Melnyk v. Robledo, 64 Cal. App. 3d 618, 623-624 (1976)). It is a well-established principle in California that what constitutes reasonable attorneys' fees falls within the sound discretion of the court and "the experienced trial judge is the best judge of the value of professional services rendered in his court." PLCM, 22 Cal. 4th at 1096

### C.   DCR Should Be Awarded $601,828 in Attorney's Fees Incurred.

The "lodestar" amount in this case is $601,828. See Edwards Dec. ¶¶5-16, Ex. A; Wilks Dec. ¶¶ 4-15, Ex. B; Gerber Dec. ¶¶ 4-16, Ex. D; Miller Dec. ¶¶4-10. The fee award requested by DCR consists of legal services rendered to DCR from September 2019, when USAG terminated the Merchant Agreement, through the filing of this Motion and is supported by declarations from the three law firms which have represented DCR at some point in this litigation. None of the three law firms overlapped in representation, with Waller Lansden Dortch & Davis LLP ("Waller") representing DCR from September 2019 (USAG's termination of the Agreement) through January 2020; Hodel Wilks LLP ("Hodel") representing DCR from March 2020 through August 2020; and Miller Miller Gerber LLP ("MMG") representing DCR from September 2020 through the present time. Gerber Dec. ¶3.

The fee requested by DCR is supported by billing statements from the inception of this dispute in September 2019 through the present, which provide an itemized record

setting forth the identity of the legal professional performing the service, the date of service, a description of the work performed, and the time spent on each task. see Edwards Dec. ¶¶5-16, Ex. A; Wilks Dec. ¶¶ 4-15, Ex. B; Gerber Dec. ¶¶ 4-16, Ex. D; Miller Dec. ¶¶4-10. Those fees include: (1) $136,499.00 in fees for work performed by four attorneys and two paralegals from the Waller law firm; (2) $69.663.50 in fees for work performed by three attorneys and a paralegal from the Hodel law firm; and (3) $395,665.00 in fees for work performed by five attorneys – with two attorneys performing 94% of that work – from the MMG firm. Gerber Dec. ¶14.

      1.   The Rates Charged and Hours Worked Are Reasonable

An attorney's hourly rate is reasonable if it is in line with the prevailing market rate of the relevant community. see Blum v. Stenson, 465 U.S. 886, 895 (1984) (hourly billing rates are evaluated "according to the prevailing market rates in the relevant community."). In determining a reasonable hourly rate, "the district court should be guided by the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210–11 (9th Cir. 1986). Generally, "the relevant community is the forum in which the district court sits." Camacho, 523 F.3d at 979

Waller Lansden Dortch & Davis LLP

DCR was represented by Waller from September 2019, when the terminating event underlying this matter occurred until February 2020. Waller's billing records, including the total amount billed, organized by timekeeper, during their representation of DCR are attached to the Edwards Dec. as Exhibit A and are set forth below:

| WALLER LANSDEN DORTCH & DAVIS LLP (see Declaration of Derek Edwards and Exhibit A attached thereto) | | | |
|---|---|---|---|
| Derek Edwards | 23 years | 106.6/52.3 | $445/$475 |
| Todd R. Hambidge | 16 years | 32.5/71.6 | $375/$410 |

- 7 -

| Laura P. Merritt | 16 years | 33.3/7.1 | $390/$410 |
|---|---|---|---|
| Christopher M. Phillips | 20 years | 5.3/0 | $595 |
| Michael Brett | Support Staff | 1.5/0 | $285 |
| Tori Harrison | Support Staff | 15.4 | $255 |

As set forth in the Edwards Dec., the attorneys' fees identified above are reasonable with respect to both the hourly rates and work performed. Edwards Dec. ¶_. Waller's rates in 2019/2020 ranged from $390/$410 per hour for work performed by a then 13-year attorney specializing in intellectual property and commercial disputes (Laura Merritt), $375/$410 per hour for a then 13-year attorney specializing in complex litigation and financial services litigation (Todd R. Hambidge), $445/hour with a $30/hour increase in 2020 for a then 20-year attorney specializing in merchant and inter-company disputes (Derek Edwards), and $595/hour for a then 17-year attorney specializing in corporate law (Christopher M. Phillips). See Edwards Dec., Ex. A. Thus, as explained in further detail in the Edwards Dec., Waller's fees in the amount of $136,499.00 are reasonable.

It should be noted that DCR has engaged in a comprehensive review of the legal billing in an effort to root out billing not "in connect" with this action. Miller Dec. ¶12. As a result of DCR's comprehensive review, 3.1 hours of work performed by Waller with respect to corporate matters were already deducted from the figures above.

Hodel Wilks LLP

DCR was represented by the Hodel firm from March 2020 through August 2020 and Hodel's billing records are attached to the Wilks Declaration as Ex. B. The total amount billed during their representation of DCR is set forth below:

| **HODEL WILKS LLP** |
|---|
| (see Declaration of Fred L. Wilks and Exhibit B attached thereto) |

| Matthew A. Hodel | 42 years | 7.25 | $650 |
| Fred L. Wilks | 23 years | 113 | $550 |
| Laura Forbes | 32 years | 4.75 | $515 |
| Cynthia Abend | Paralegal | 1.65 | $250 |
| Baylee Robertson | Paralegal (fees not sought) | 1.10 | $200 |

As set forth in the Wilks Dec., the attorneys' fees identified above are reasonable with respect to both the hourly rates and work performed. Wilks Dec. ¶¶ 4-5, Ex. B. Hodel's rates in 2020 ranged from $515/hour for a then 29-year attorney to a $650/hour for their most senior attorney with 39-years of experience at the time. Wilks Dec. ¶13. Further, Hodel's rates were considered and determined to be reasonable by Judge Carny in granting Hodel's client an award of attorneys' fees on December 2, 2021. See Ex. C to the Wilks Dec.

Miller Miller Gerber LLP

Finally, DCR has been represented by MMG since September of 2020 through the present. Gerber Dec. ¶3. MMG's relevant billing records are attached to the Gerber Dec. as Ex. D. The total amount billed during their representation of DCR is set forth below:

| MILLER MILLER GERBER (see Declaration of Jonathan L. Gerber and Exhibit C attached thereto; see also Declaration of Corey A. Miller) | | | |
|---|---|---|---|
| **Attorney** | **Years of Experience** | **Hours Spent** | **Hourly Rate** |
| Adam I. Miller | 16 years | 20.9 | $450 |
| Jonathan L. Gerber | 16 years | 343.7 | $400 |

| Corey A. Miller | 12 years | 697.6 (reflects 20.4 hour reduction for fees already awarded) | $350 |
|---|---|---|---|
| Nicole Peterson | 6 years | 10.6 | $250 |
| Andrew Iles | 8 years | 29.8 | $250 |

MMG's hourly rates are extremely reasonable, ranging from $250/hour for their lowest billing attorney with 6-years of experience to $450/hour for its most senior lawyer, each with significant experience in business litigation as set forth in the Declaration of Jonathan L. Gerber. Further, 94% of the work was performed by Mr. Gerber and Mr. Corey Miller, both with over 10 years of experience, both of whom customarily bill their clients at hourly rates at or in excess of $350 and $400, respectively, the rates charged DCR. Gerber Dec. ¶¶ 4-15; Miller Dec. ¶¶ 8-11. These rates are reasonable in comparison with billing rates for attorneys and other legal professionals with comparable experience and background in the Southern California legal community, and the Orange County area. (Id.) In fact, they are well under the normal and customary range of fees of other similarly experienced attorneys in that area. (Id.)

It should also be noted that, Corey A. Miller's billing has already undergone a reduction of 20.4 hours representing the fees incurred in connection with excluding USAG's expert which were previously awarded by this Court. Miller Dec. ¶13.

     2.   <u>DCR Already Voluntarily Imposed an $80,186.04 Reduction on its Fee Request</u>

Here, DCR has voluntarily reduced its fee request by $80,164.04, a number consisting of attorneys' fees for legal work performed by Heer Law and incurred by DCR due to USAG's conduct at issue in this matter, as well as 13.7 hours of work performed by MMG in connection with the same, and 25 hours of work performed by Waller in connection with USAG's disqualification motion. It does not include, but

- 10 -

rather is on top, the $7,000.00 in fee's DCR has already been awarded.

With respect to the former, it should come as no surprise that DCR incurred a significant amount of legal expenses in dealing with both filed and potential litigation from its own customers as a result of USAG's wrongful refusal to release the Reserve Funds to DCR. Gerber ¶¶ 4-15. To do so, DCR retained Heer Law, a Canadian law firm, to represent them in multiple matters (e,g, First Data, United Analytics, etc…), with DCR incurring fees of at least $64,276.04 for Heer Laws services, and an additional $5,480 (13.7 hours) for work performed by MMG. Gerber Dec. ¶15. While those matters likely would be encompassed by the fee provision here, DCR is not seeking fees incurred in dealing with those matters, amounting to a roughly $69,756.04 discount. Gerber Dec. ¶15.

In addition, DCR also voluntarily deducted a total of 25 hours from the work performed by Waller in connection with USAG's disqualification motion, none of which were incurred by DCR in opposition to the DQ motion. Edwards Dec. ¶15. Like the fees above, DCR is entitled to recover the attorneys' fees expended in connection with the DQ motion, but has voluntarily elected not to do so here, further reducing DCR's fee award by $10,430. Edwards Dec. ¶15.

Thus, DCR's fee request of $$601,828 represents a voluntarily reduction of $80,164.04 in fees incurred, a roughly 13% discount.

### 3. The Work Performed and Hours Incurred Are Extremely Reasonable Under the Circumstances

Work performed on DCR's behalf throughout this matter are reflected in the billing statements and are addressed in the Declarations of Edwards, Wilks, Gerber, and Miller, respectively.

As reflected therein, DCR's counsel was required to undertake the following tasks, among others, to achieve its unqualified successful result in this action (1) draft the complaint; (2) file 3 motions to dismiss against USAG's Cross-Complaint, thereby

- 11 -

1  whittling the cross-claims substantially; (3) engage in extensive discovery and
2  discovery related disputes; (4) oppose USAG's motion for summary judgment,
3  including opposing USAG's request for judicial notice and reviewing thousands of
4  pages of documents; (5) seeking a continuance of USAG's motion for summary
5  judgment as USAG served and set its motion for the holidays while refusing to agree to
6  the requested continuance; (6) extensive communication between counsel; (7)
7  significant pretrial preparation; (8) a two day trial; (9) prepare post-trial briefs and oral
8  closing arguments; and (10) prepare and file this Motion. (Ibid.)

9      DCR's attorneys' fees are also reasonable and appropriate under the
10  circumstances. Among the many factors considered in determining whether a legal fee
11  is reasonable in a particular case are the (a) nature and difficulty of the litigation, (b)
12  amount of money involved, (c) skill required and the attention given to the case, (d)
13  importance of the case, (e) attorneys' learning, age and experience in the particular type
14  of work demanded, and (f) ultimate success or failure. <u>Neiderer v. Ferreira</u>, 189
15  Cal.App.3d 1485, 1507 (1987).

16      First, the amount of money at issue in this matter was $1,770,061.74, the entire
17  amount of reserve funds wrongfully withheld by USAG. See Dkt. 312. Clearly this
18  matter involved a significant amount of money, thereby also demonstrating the
19  importance of this case, i.e. another factor considered by the courts. Nor can it be
20  disputed that DCR was extremely successful in this litigation, not only prevailing on
21  all of its claims against USAG but also due to it having successfully defeated all of
22  USAG's claims. Further, DCR was also awarded all relief requested in this matter,
23  including monetary damages and the issuance of a constructive trust over the entire
24  $1,770,061.74 in Reserve Funds wrongfully withheld by USAG. Dkt. 312.

25      USAG also took a scorched earth approach to this litigation, unnecessarily
26  driving up fees. For example, USAG refused to stipulate to continue their summary
27  judgment motion to avoid the holidays, in turn forcing DCR to obtain the continuance
28

- 12 -
PLAINTIFF/COUNTER-DEFENDANT DCR MARKETING, INC.S' NOTICE OF MOTION AND MOTION FOR
ATTORNEYS' FEES

via an ex parte motion. USAG's tactics also extended to trial preparation. First, USAG's proposed (and in fact final) trial exhibit list did not identify specific separate documents, but instead batch identified documents causing some exhibits to encompass thousands of pages of separate documents. Miller Dec. ¶¶ 4,14. As a result DCR's attorneys were forced to hunt through the voluminous documents to determine what, if anything, may be used by USAG during trial, incurring significant hours and fees in doing so. Miller Dec. ¶¶ 4,14. In causing the increase in attorney's fees, USAG cannot now complaint about them.

### 4.  Fees Incurred in Preparing the Attorneys' Fees Motion

Compensable services also include the hours billed in preparing this motion. see People ex rel. Dept. of Transp. v. Yuki, 31 Cal.App.4th 1754, 1775 (1995); Bruckman v. Parliament Escrow Corp., 190 Cal.App.3d 1051, 1062 (1987). While The number of hours reasonably expended on a matter includes time spent drafting and revising pleadings, meeting with clients, and preparing the case for trial. Hensley v. Eckerhart, 461 U.S. 424, 430, fn. 4 (1983). Attorney fee awards also include the time spent preparing and litigating a motion to obtain a fee award. Camacho, 523 F.3d at 981.

DCR attempted to resolve this fee dispute without filing this Motion, USAG refused to do so. Having no choice but to prosecute this Motion, DCR is entitled to all fees incurred in connection with this Motion, including fees incurred in prosecuting this Motion itself. As discussed above, DCR is entitled to recover its attorneys' fees incurred in bringing this Motion, amounts which are reflected in Exhibit D – 83-85. See Ketchum, supra, 24 Cal.4th at 1133. In addition to the amounts billed to DCR, additional time has been expended during the months of December 2022 and January 2023 in connection with the preparation of these papers seeking attorneys' fees. Gerber Dec., Ex. D; Miller Dec. ¶¶ 4, 8, 12.

On behalf of DCR, MMG expects to expend additional attorney time relating to this specific attorneys' fee motion -- particularly with regard to drafting a reply to USAG's expected opposition and attending the hearing. Miller Dec. ¶¶ 8-11. DCR's

1  request for attorneys' fees will be supplemented with those expected amounts in the
2  reply papers which will be filed in connection with this motion.

3  **V. <u>Conclusion</u>**

4       For the foregoing reasons, DCR is entitled to an award of reasonable attorney's
5  fees in the amount of $601,828.00, as well as an award of additional costs in the
6  amount of $3,052.49.

7

8
9  Dated:  January 27, 2023         Respectfully Submitted,

10
                         MILLER MILLER GERBER LLP
11                          ATTORNEYS AT LAW

12
13               BY: _____/s/_____
14                          Jonathan L. Gerber
15                          Corey A. Miller
16                          Attorneys for Plaintiff/Counter Defendant
                         DCR Marketing, Inc.

17

18

19

20

21

22

23

24

25

26

27

28